**ATTORNEY AFFIRMATION**

I, Melissa Mendoza, Esq. am an attorney at the Derek Smith Law Group, PLLC, counsel for Plaintiff, Alberto Ramos, in the above referenced case. I respectfully submit this Memorandum of Law and Affirmation in Opposition to Defendants' Rule 12(b)(6) motion to dismiss and affirm the following under penalty of perjury.

**PRELIMINARY STATEMENT**

1. Defendants' Motion to Dismiss is procedurally improper, frivolous, and premature as Defendants' Motion is premised on Plaintiff's Summons with Notice filed in the Supreme Court of the State of New York. Pursuant to CPLR 3011 a Summons with Notice is not a pleading and Defendants' Motion to Dismiss is not a statutorily proper responsive pleading to Plaintiff's Summons with Notice. Additionally, Defendants removed this matter pending a motion to extend time serve the individual Defendants pursuant CPLR §306(b), §2004, §3012(d), and/or §2005. Moreover, as set forth below Plaintiff received the Right to Sue from the Equal Employment Opportunity Commission on October 25, 2023 therefore Plaintiff is serving his Complaint in compliance with the statutory requirements to file his Complaint. Accordingly, given that Defendants prematurely filed this motion to dismiss without first demanding the Complaint and for the reasons set forth below, Plaintiff respectfully requests the Court deny Defendants' Motion to Dismiss as premature and that the Court not consider Plaintiff's filing of his Complaint alleging national origin discrimination, race discrimination, age discrimination, hostile work environment, retaliation, wrongful termination, wage and hour violations pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), New York State Human Rights Law Executive Law § 296 *et seq.* (the "NYSHRL"), and the Administrative Code of the City of New York, Title 8 §§8-101 *et seq.* . (the "NYCHRL"),  New York Labor Law, Article 6, §§ 190

*et seq.*, and Article 19, §§ 650 *et seq.*, tort law, promissory estoppel, quantum meruit, and unjust enrichment, as using his opportunity to amend as of a matter of course pursuant to Rule 15(a)(1)(b). Plaintiff respectfully requests to preserve this right.

## ARGUMENT

### I. Standard of Review

The standard of review on a motion to dismiss is heavily weighted in favor of the Plaintiff. *Diaz v. NBC Universal, Inc.*, 536 F.Supp.2d 337, 341 (S.D.N.Y. 2008). "CPLR 3011 sets forth the types of pleadings permitted in New York practice. Pleadings include a complaint, an answer, and a reply. A **summons with notice** is not a pleading." Petrova v. Inv'rs Capital, 2009 NY Slip Op 29222, ¶ 2, 24 Misc. 3d 977, 979, 879 N.Y.S.2d 908, 910 (Sup. Ct.) Here, a complaint has not been served, therefore, "the court has no factual allegation to review so as to permit it to determine whether plaintiff has any cognizable causes of action" Petrova v. Inv'rs Capital, 2009 NY Slip Op 29222, ¶ 2, 24 Misc. 3d 977, 979, 879 N.Y.S.2d 908, 910 (Sup. Ct.) (*citing NGH Assoc., Ltd. v United Parcel Serv., Inc.*, 17 Misc 3d 746, 842 NYS2d 896 [Sup Ct, Nassau County 2007]).

"Pursuant to CPLR 3012, the only statutorily permitted response to the service of a **summons with notice** is the service of a notice of appearance with or without a demand for a complaint." Petrova v. Inv'rs Capital, 2009 NY Slip Op 29222, ¶ 2, 24 Misc. 3d 977, 979, 879 N.Y.S.2d 908, 910 (Sup. Ct.) Accordingly, "a **motion to dismiss** pursuant to CPLR 3211 is premature." Id. "Appearance of defendant does not automatically entitle him to a copy of complaint in absence of a demand." Ardila v Roosevelt Hospital, 55 A.D.2d 557, 389 N.Y.S.2d 853, 1976 N.Y. App. Div. LEXIS 15240 (N.Y. App. Div. 1st Dep't 1976).Here defendants have not demanded a Complaint either in the state court or in this court. "Where no demand was ever made by defendant for complaint, there was no basis for dismissal for failure to serve complaint."

*Maidenbaum v Ellis Hospital*, 51 A.D.2d 1075, 380 N.Y.S.2d 825, 1976 N.Y. App. Div. LEXIS 11913 (N.Y. App. Div. 2d Dep't 1976). Accordingly Defendants motion must be denied in its entirety.

## II. PLAINTIFF HAS MET ALL STATUTORY REQUIREMENTS AND HIS FEDERAL, STATE, AND CITY CLAIMS SURVIVE[1]

Plaintiff did not receive his right to sue until October 25, 2023. Therefore, Plaintiff is filing his Complaint within the ninety days of receipt of the Right to Sue. Defendants prematurely removed this case to this Court as Plaintiff had not received the Right to Sue yet and Defendants were only to file a demand for the complaint upon receipt of the Summons with Notice.

By way of background, around November 9, 2022, Plaintiff's counsel requested the Right to sue from the EEOC. On May 27, 2023, as Plaintiff grew more concerned with the EEOC previously failing to issue the Right to Sue due to technical errors, Plaintiff filed the summons with notice out of an abundance of caution to preserve Plaintiff's state and city claims. Then around September 26, 2023, Plaintiff's counsel learned that the case was closed in the EEOC without plaintiff's notice. Between September 26, 2023 and October 25, 2023, Plaintiff's counsel corresponded with several employees at the EEOC to determine what happened with Plaintiff's case and the right to sue.

On October 27, 2023, Defendants filed a notice of removal in the Bronx County Supreme Court action removing the case to this court. At that time, defendants should have demanded a

---

[1] Additionally, it is unclear how Defendants could have removed this matter to this court if they are now arguing the federal claims fail given that their basis for removal was federal claims and diversity of jurisdiction does not exist. (See Dkt No. 4, Notce of Removal). A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. USC 1441(2)

3

complaint. In which Plaintiff would have had twenty days (until November 16, 2023) to serve his complaint on defendants. CPLR 3012(b) Accordingly, Defendants motion was premature, frivolous, and moot now that Plaintiff is filing his Complaint.

## CONCLUSION

Defendants' Motion to Dismiss should be denied in its entirety and should not prejudice Plaintiff's right to amend as a matter of course pursuant to FRCP 15(a)(1)(b) because Plaintiff has not filed his Complaint and Defendants have not demanded the Complaint from Plaintiff. Additionally, Plaintiff has satisfied the statutory requirements for his claims of discrimination, retaliation, hostile work environment, wrongful termination based on his age, race, national origin.

DATED: December 8, 2023

               **DEREK SMITH LAW GROUP, PLLC**
               *Attorneys for Plaintiff*

               By:
               Melissa Mendoza, Esq.
               1 Pennsylvania Plaza, S 905
               New York, New York 10