**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ALBERTO RAMOS,

                Plaintiff,

     v.

PALM WEST CORPORATION,
PALM WEST CORPORATION D/B/A "THE PALM",
LANDRY'S SEAFOOD HOUSE - NORTH CAROLINA, INC.,
RICHARD HAMMILL, Individually
and CRAIG LEVY, Individually

              Defendants.

**Civil Action No. 1:23-cv-09441-JMF**

---

**MEMORANDUM OF LAW IN SUPPORT OF CORPORATE DEFENDANTS' MOTION FOR PARTIAL DISMISS**

---

**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York, New York 10178
(212) 878-7900
(212) 692-0940 (fax)

*Attorneys for Defendants Palm West Corporation d/b/a the Palm West and Tryon & Stonewall Restaurant, Inc. f/k/a Landry's Seafood House – North Carolina, Inc.*

<u>On Brief:</u>

Glenn S. Grindlinger, Esq.
Devin S. Cohen, Esq.

## <u>TABLE OF CONTENTS</u>

PROCEDURAL HISTORY .........................................................................................3

STATEMENT OF FACTS RELEVANT TO THE INSTANT MOTION ....................3

LEGAL STANDARD APPLICABLE TO MOTION TO DISMISS ...........................6

ARGUMENT .........................................................................................................7

I.    THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S NEW YORK LABOR LAW CLAIMS: COUNTS 10, 11, 13, 14, AND 15 .........................7

II.    THE NEW YORK LABOR LAW CLAIMS FAIL AS A MATTER OF LAW: COUNTS 10, 11, 13, 14, AND 15 ...................................................................9

     A.    Plaintiff Fails To Allege Sufficient Facts To Support Any Wage Claims ..............9

     B.    Plaintiff Lacks Standing To Maintain A Claim For Alleged Violations Of The Notice And Recordkeeping Requirements Of The NYLL ...................................12

III.    PLAINTIFF'S AGE DISCRIMINATION CLAIMS FAIL AS A MATTER OF LAW: COUNTS 1, 2, AND 5 .........................................................................................13

     A.    Age Is Not A Protected Class Under Title VII ....................................................13

     B.    Plaintiff Fails To State A Plausible Age Discrimination Claim ..........................14

         i.    The Complaint Fails To Properly Assert A Claim Of Age Discrimination Under Federal Law ........................................................14

         ii.    Plaintiff's Age Discrimination Claims Under SHRL And CHRL Fail .....19

IV.    PLAINTIFF'S AIDING AND ABETTING CLAIMS FAIL AS A MATTER OF LAW BECAUSE A CORPORATION CANNOT AID AND ABET ITS OWN CONDUCT: COUNTS 4 AND 7 ...............................................................................................20

V.    PLAINTIFF'S INTERFERENCE WITH PROTECTED RIGHTS CLAIM FAILS AS A MATTER OF LAW BECAUSE PLAINTIFF DOES NOT ALLEGE THE EXISTENCE OF A THREAT: COUNT 8 ...................................................................20

VI.    PLAINTIFF'S SUPERVISORY LIABILITY CLAIMS FAIL AS A MATTER OF LAW BECAUSE THEY ARE DUPLICATIVE OF PLAINTIFF'S CHRL CLAIMS: COUNTS 9 AND 12 ...............................................................................................21

VII.    PLAINTIFF'S PROMISSORY ESTOPPEL CLAIM FAILS AS A MATTER OF LAW: COUNT 16 ...................................................................................................22

     A.    Promissory Estoppel is Not Recognized In The Employment Context ...............22

     B.    Plaintiff's Promissory Estoppel Claim Fails On the Merits Because Plaintiff Does Not Allege A "Clear and Unambiguous Promise" ....................................22

CONCLUSION .....................................................................................................23

153350889.1

## <u>TABLE OF AUTHORITIES</u>

**Cases** .................................................................................................................... **Pages(s)**

*Achtman v. Kirby, McInerney & Squire, LLP*,
     464 F.3d 328 (2d Cir. 2006) ...................................................................................8

*Allison v. Clos-ette Too, LLC*,
     No. 14-cv-1618, 2014 WL 4996358 (S.D.N.Y. Sept. 15, 2014), *report and
     recommendation adopted*, 2014 WL 5002099 (S.D.N.Y. Oct. 7, 2014)...............................22

*Andrews v. Sotheby Int'l Realty, Inc.*,
     No. 12-cv-8824, 2014 WL 626968 (S.D.N.Y. Feb. 18, 2014), *aff'd*, 586 F.
     App'x 76 (2d Cir. 2014)........................................................................................22

*Arnold v. Research Found. For State Univ. of N.Y.*,
     216 F.Supp.3d 275 (E.D.N.Y. 2016)........................................................................15

*Ashcroft v. Iqbal*,
     556 U.S. 662 (2009) ..............................................................................................7

*Aurecchione v. Schoolman Transp. Sys., Inc.*,
     426 F.3d 635 (2d Cir. 2005) .....................................................................................7

*Bell Atlantic Corp. v. Twombly*,
     550 U.S. 544 (2007) ...........................................................................................6, 11

*Bessemer Tr. Co. v. Branin*,
     498 F.Supp.2d 632 (S.D.N.Y. 2007), *aff'd*, 618 F.3d 76 (2d Cir. 2010) ..............................22

*Boutros v. JTC Painting & Decorating Corp.*,
     989 F.Supp.2d 281 (S.D.N.Y. 2013).........................................................................11

*Briarpatch Ltd. v. Phoenix Pictures, Inc.*,
     373 F.3d 296 (2d Cir. 2004) .....................................................................................7

*Brown v. N.Y. City Dep't of Educ.*,
     No. 20-cv-2424, 2021 WL 4943490 (S.D.N.Y. Aug. 31, 2021)..........................................17

*Bueno v. Eurostars Hotel Company, S.L.*,
     No. 21-cv-535, 2022 WL 95026 (S.D.N.Y Jan. 10, 2022)................................................20

*Cadet v. Alliance Nursing Staffing of N.Y., Inc.*,
     632 F.Supp. 202 (S.D.N.Y. Sept. 2022) ....................................................................21

*Caputo v. Copiague Union Free School Dist.*,
     218 F.Supp.3d 186 (E.D.N.Y. 2016).........................................................................15

153350889.1

*Charles v. City of New York*,
    21-cv-5567, 2023 WL 2752123 (S.D.N.Y. Mar. 31, 2023) ................................................19

*City of Chicago v. Int'l Coll. of Surgeons*,
    522 U.S. 156, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997) ........................................................7

*Cromwell v. N.Y. City Health & Hosps. Corp.*,
    No. 12-cv- 4251, 2013 WL 2099252 (S.D.N.Y. May 15, 2013) .........................................11

*Danzer v. Norden Sys., Inc.*,
    151 F.3d 50 (2d Cir. 1998) ...............................................................................................16

*Dejesus v. HF Mgmt. Services, LLC*,
    726 F.3d 85 (2d Cir. 2013) ...............................................................................................11

*Del Franco v. N.Y.C. OffTrack Betting Corp.*,
    429 F.Supp.2d 529 (E.D.N.Y. 2006)................................................................................16

*DeLeon v. Teamsters Local 802, LLC*,
    No. 20-cv-00024, 2021 WL 1193191 (E.D.N.Y. Mar. 29, 2021).......................................19

*Dervisevic v. Wolfgang's Steakhouse, Inc.*,
    No. 19-cv-814, 2019 WL 6251197 (S.D.N.Y. Nov. 22, 2019) .............................................9

*Dhir v. Carlyle Grp. Emp. Co.*,
    No. 166378. 2017 WL 4402566 (S.D.N.Y. Sept. 29, 2017)................................................23

*DiFolco v. MSNBC Cable L.L.C.*,
    622 F.3d 104 (2d Cir. 2010) .................................................................................................3

*Dressler v. City Sch. Dist. Of the City of N.Y.*,
    2016 WL 4367967 (S.D.N.Y. Aug. 15, 2016) ....................................................................15

*Drummond v. Akselrad*,
    23-cv-179, 2023 WL 3173780 (S.D.N.Y. May 1, 2023)......................................................23

*Francisco v. N.Y. Tex Care, Inc.*,
    2022 WL 900603 (E.D.N.Y. Mar. 28, 2022)................................................................. 12, 13

*Garcia v. Comprehensive Ctr., LLC*,
    No. 17-cv-8970, 2018 WL 3919190 (S.D.N.Y. Aug. 16, 2018)...........................................21

*Gisomme v. Healthex Corp.*,
    No. 13-cv-2541, 2014 WL 2041824 (E.D.N.Y. May 15, 2014) ...........................................11

*Gonzalez v. Allied Barton Sec. Servs.*,
    No. 08-cv-9291, 2010 WL 3766964 (S.D.N.Y. Sept. 7, 2010) ............................................16

iii

*Gorzynski v. JetBlue Airways Corp.*,
  596 F.3d 93 (2d Cir. 2010) ...................................................................14

*Graham v. Long Island R.R.*,
  230 F.3d 34 (2d Cir. 2000) ...................................................................18

*Grays v. SDH Educ. West, LLC*,
  No. 16-cv-666, 2017 WL 2240227 (S.D.N.Y Mar. 23, 2017)...............................13

*Gross v. FBL Fin. Servs.*,
  557 U.S. 167 (2009) ...........................................................................14

*Guerra v. Trece Corp.*,
  No. 18-cv-625, 2020 WL 7028955 (S.D.N.Y. Nov. 30, 2020) ...............................8

*Hernandez v. Mauzone Home Kosher Products of Queens, Inc.*,
  No. 12-cv-2327, 2013 WL 5460196 (E.D.N.Y. Sept. 30, 2013) ............................8

*Herrera v. Comme des Garcons, Ltd.*,
  84 F.4th 110 (2d Cir. 2023) .............................................................. 10, 11

*Hishon v. King & Spalding*,
  467 U.S. 69 (1984) ..............................................................................6

*Hobbs v. Knight-Swift Transp. Holdings, Inc.*,
  21-cv1421, 2022 WL 118256 (S.D.N.Y. Jan. 12, 2022) ......................................9

*Jenkins v. Yellowstone Props.*,
  No. 17-cv-7764, 2019 WL 4392955 (S.D.N.Y. Sept. 12, 2019) ............................9

*Kaye v. Grossman*,
  202 F.3d 611 (2d Cir. 2000) .................................................................23

*Khwaja v. Jobs to Move Am.*,
  No. 19-cv-7070, 2021 WL 3911290 (S.D.N.Y. Sept. 1, 2021) .............................19

*Kramsky v. Chetrit Grp., LLC*,
  No. 10-cv-2638, 2011 WL 2326920 (S.D.N.Y. June 13, 2011) ............................22

*LaSalle v. City of N.Y.*,
  No. 13-cv-5109, 2015 WL 1442376 (S.D.N.Y. Mar. 30, 2015)............................16

*Lebowitz v. N.Y.C. Dep't of Educ.*,
  407 F.Supp.3d 158 (E.D.N.Y. 2017)........................................................17

*Lerner v. Fleet Bank, N.A.*,
  318 F.3d 113 (2d Cir. 2003) ..................................................................7

*Lively v. Wafra Inv. Advisory Grp.*,
  6 F.4th 293 (2d Cir. 2021) ........................................................................14

*Lundy v. Catholic Health Sys. of Long Island*,
  711 F.3d 106 (2d Cir. 2013) ........................................................ 9, 11, 12

*Mandell v. County of Suffolk & John Gallagher*,
  316 F.3d 368 (2d Cir. 2003) ......................................................................18

*Marcus v. Leviton Mfg. Co.*,
  661 F. App'x 29 (2d Cir. 2016) .................................................................18

*Moore v. Verizon*,
  No. 13-cv-6467, 2016 WL 825001 (S.D.N.Y. Feb. 5, 2016) .................17

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
  723 F.3d 192 (2d Cir. 2013) ......................................................................10

*Nam v. Permanent Mission of Republic of Korea to United Nations*,
  581 F.Supp.3d 643 (S.D.N.Y. 2022) ..........................................................1

*In re Scholastic Corp. Sec. Litig.*,
  252 F.3d 63 (2d Cir. 2001) ..........................................................................6

*Schreiber v. Worldco, LLC*,
  324 F.Supp.2d 512 (S.D.N.Y. 2004) ........................................................16

*Sevilla v. House of Salads One LLC*,
  2022 WL 954740 (E.D.N.Y. Mar. 30, 2022) ...........................................12

*Sheri Torah, Inc. v. Vill. of S. Blooming Grove*,
  2013 WL 1454953 (S.D.N.Y. Mar. 28, 2013) ...........................................7

*Singhal v. Doughnut Plant, Inc.*,
  No. 20-cv-3295, 2022 WL 976885 (S.D.N.Y. Mar. 31, 2022)...............21

*Thorpe v. Piedmont Airlines, Inc.*,
  926 F.Supp.2d 453 (N.D.N.Y. 2013) ........................................................13

*Toney v. Prob. Dep't*,
  No. 15-cv-561, 2016 WL 859381 (E.D.N.Y. Jan. 28, 2016)...................16

*TransUnion LLC v. Ramirez*,
  141 S. Ct. 2190 (2021) ...............................................................................13

*United States v. Davila*,
  461 F.3d 298 (2d Cir. 2006) ......................................................................21

v

*Wang v. XBB, Inc.*,
   2022 WL 912592 (E.D.N.Y. Mar. 29, 2022) .................................................................. 12, 13

*Whittle v. Cty. of Sullivan*,
   No. 17-cv-725, 2017 WL 5197154 (S.D.N.Y. Nov. 8, 2017) ............................................... 19

*Williams v. Classic Sec.*,
   No. 18-cv-1691, 2019 WL 4511953 (S.D.N.Y. Sept. 18, 2019) .......................................... 18

*Xiang v. Eagle Enterprises, LLC*,
   No. 19-cv-1752, 2020 WL 248941 (S.D.N.Y. Jan. 16, 2020) .............................................. 20

*Young v. N.Y.C. Transit Auth.*,
   903 F.2d 146 (2d Cir. 1990) ................................................................................................ 8

**Statutes/Other Authorities**

Fed. R. Civ. P. 12(b)(1) ........................................................................................................ 1, 7

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 1, 6, 7

Fed. R. Civ. P. 12(h)(3) ........................................................................................................... 7

28 U.S.C. § 1367 ...................................................................................................................... 7

28 U.S.C. § 1367(a) ................................................................................................................. 9

29 U.S.C. § 623(a) ................................................................................................................. 14

42 U.S.C. § 2000e-2(a)(1) ..................................................................................................... 13

Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ................................ 2, 14, 15, 18

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e17 .......................... *passim*

N.Y.C. Admin. Code § 8-107(1) ............................................................................................ 19

N.Y.C. Admin. Code § 8-107(6) ............................................................................................ 20

N.Y.C. Admin. Code § 8-107(19) ..................................................................................... 20, 21

N.Y.C. Admin. Law § 8-107(13) ............................................................................................ 21

N.Y. Exec. Law § 296(6) ....................................................................................................... 20

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Palm West Corporation d/b/a Palm West[1] and Tryon & Stonewall Restaurant, Inc. f/k/a Landry's Seafood House – North Carolina, Inc.[2] (collectively, "Corporate Defendants"),[3] respectfully submit this Memorandum of Law in support of their motion for partial dismissal of the Complaint filed by Plaintiff Alberto Ramos ("Plaintiff").

The Complaint alleges: (1) age and race-based discrimination claims under federal, state, and city law; (2) wage and hour and record keeping violations under the New York Labor Law ("NYLL"); and (3) a standalone promissory estoppel claim. Many of these claims are subject to dismissal because the court lacks jurisdiction, the complaint fails to allege facts sufficient to support such claims, Plaintiff lacks standing to assert the claims, and/or the claims are duplicative.

First, the Court does not have subject matter jurisdiction over either Plaintiff's NYLL claims nor the promissory estoppel claim because these claims do not "derive from a common nucleus of operative facts" as Plaintiff's federal claims (which are asserted under Title VII). "When confronted with a motion to dismiss under both Rule 12(b)(1) and 12(b)(6), a court must first consider the Rule 12(b)(1) challenge because if it dismisses the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Nam v. Permanent Mission of Republic of Korea to United Nations*, 581 F.Supp.3d 643, 646 (S.D.N.Y. 2022) (internal quotation marks and citation omitted).

Second, Plaintiff's age discrimination claim under Title VII fails for the simple reason that age is not a protected class under that statute.

---

[1] Incorrectly pled as Palm West Corporation d/b/a "The Palm."
[2] Incorrectly pled as Landry's Seafood House – North Carolina, Inc.
[3] As of the date of this submission, to Corporate Defendants' knowledge, neither Richard Hammel ("Hammel," and incorrectly pled as "Hammill") nor Craig Levy ("Levy") are parties to this action because Plaintiff has not effectuated service upon them.

1

Third, Plaintiff age discrimination claims under federal, state, and city law all fail due to Plaintiff's failure to state a claim. Specifically, Plaintiff fails to allege that his age was the but-for reason of any allege adverse employment action (as is necessary under the Age Discrimination in Employment Act ("ADEA") – the proper statute to bring an age discrimination claim under federal law. Further, Plaintiff fails to allege that he was treated less well because of his age as is necessary under the New York State Human Rights Law ("SHRL") and the New York City Human Rights Law ("CHRL").

Fourth, Plaintiff's interference with protected rights claim under the CHRL fails due to his failure to allege an affirmative threat.

Fifth, Plaintiff's supervisory liability claims under the CHRL fail because they are duplicative of Plaintiff's remaining CHRL claims.

Sixth, Plaintiff's NYLL claims seeking damages for unpaid overtime and wage claims, including any claim for spread of hours pay fail because he does sufficiently plead allegations of improper and/or insufficient payments. For example, Plaintiff fails to cite to any period of time or even a single workweek in which he was not fully compensated for all hours worked.

Seventh, Plaintiff's claim for damages due to Defendants' alleged violations of the NYLL's notice and recordkeeping requirements fails as he lacks standing to assert such a claim because he does not plead an injury-in-fact.

Finally, Plaintiff's promissory estoppel claim fails for at least two independent reasons: (1) promissory estoppel is not recognized in the employment context; and (2) Plaintiff cannot establish the requisite elements of a promissory estoppel claim.

Accordingly, Corporate Defendants respectfully request that the Court grant the instant motion for partial dismissal.

153350889.1

## PROCEDURAL HISTORY

On May 27, 2023, Plaintiff commenced this action in the Supreme Court of the State of New York, County of Bronx, through the filing of a Summons with Notice ("SWN"), alleging claims under Title VII, the SHRL, and the CHRL.  (Dkt. 4-1.)

On October 27, 2023, this action was timely removed to this Court. (Dkt. 4.)  On December 9, 2023, in response to Corporate Defendants' motion to dismiss the claims asserted in the SWN (Dkt. 10), Plaintiff filed the Complaint.  (Dkt. 20.)  As per this Court's Order dated December 11, 2023, Corporate Defendants were ordered to "answer or file a new motion to dismiss the Complaint within twenty-one days of this order [January 1, 2024]."  (Dkt. 21.)  Accordingly, this motion is timely.

## STATEMENT OF FACTS RELEVANT TO THE INSTANT MOTION[4]

### A.    The Parties

Plaintiff alleges that he is a 59-year-old male of Puerto Rican descent and that he was employed by Corporate Defendants as a server "from around 2003 until around April 8, 2022." (Dkt. 20, Compl., ¶¶ 8, 20.)  He alleges that Hammel, a 68-year-old Caucasian male, is a General Manager and Regional Director for Corporate Defendants. (*Id.* ¶ 12.)  He further alleges that Levy, a Caucasian male, has served as a General Manager and Assistant General Manager for Corporate Defendants.  (*Id.* ¶ 15.)

---

[4] For purposes of this motion, the factual allegations set forth in the Complaint are assumed true and form the basis for the statement of facts.  *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

**B.**     **Plaintiff's Allegations Concerning His Employment**

    **i.**     **Plaintiff's Allegations Sounding In Age Discrimination**

Plaintiff alleges that he was discriminated against on the basis of his age.  (*Id.* ¶ 32.)  In support of this allegation, Plaintiff claims that at an unspecified time during his employment, Hammel and Levy called him an "old man," a "dinosaur," and they "asked him when he was going to retire."  (*Id.* ¶ 33.)  Significantly, Plaintiff does not provide any context for when these alleged remarks were stated.  For example, he does not allege who was present when the comments were made, when the comments were made, or where he, Hammel or Levy were when these comments were made.  Aside from stating that "he was [] the oldest employee" at the Company in or around April 2022 (*id.* ¶¶ 83-85), Plaintiff does not plead any additional allegations concerning his age discrimination claims.  Likewise, Plaintiff does not allege that he suffered an adverse employment action because of his age.

    **ii.**     **Plaintiff's Allegations Sounding In Race/National Origin Discrimination**

Plaintiff further alleges that he was discriminated against on the basis of his race and national origin (Hispanic).  (*Id.* ¶ 32.)  In support of this allegation, Plaintiff claims that Hammel and/or Levy: (i) instructed staff not to speak to each other in Spanish and insulted staffers with Spanish accents; (ii) criticized staff, accusing them of preparing coffee in an undesirable "Puerto Rican Style"; (ii) stated "this is not Puerto Rico, this is Palm West"; (iv) and "questioned whether Puerto Ricans are really American[.]"  (*Id.* ¶¶ 34-37.)  Next, Plaintiff alleges that Hammel and Levy favored non-Hispanic staff, "speaking to them more politely, and assigning them to work at the preferred tables where VIP customers typically were served[.]"  (*Id.* ¶ 38.)  Plaintiff alleges that around September 26, 2017, he complained to Levy that Corporate Defendants "were discriminating against him on the basis of his race and national origin."  (*Id.* ¶ 44.)  He then claims, "[o]n several occasions [he] complained to Defendants about Defendants' discriminatory

4

treatment towards Hispanic and non-Hispanic employees.  However, Defendants only retaliated thereafter until Plaintiff was terminated and/or constructively discharged." (*Id.* ¶ 46.)[5]

### iii.    Plaintiff's Allegations Of Violations Under The New York Labor Law

In the Complaint, Plaintiff pleads a total of seven (7) paragraphs regarding alleged violations under the New York Labor Law ("NYLL"). (*Id.* ¶¶ 86-92.)  Verbatim, Plaintiff alleges:

86. Around October 25, 2018, Defendants sent Plaintiff home early after working three hours while everyone else continued working.

87. The Palm failed to pay Plaintiff for all hours worked and in accordance with New York Labor Laws.

88. Defendants failed to pay Plaintiff and employees for all hours worked including overtime. Specifically, Defendants' clock in and out system said an employee worked a total of 48.55 hours but the employee's paystub was only for a total of 41.84 hours.

89. Defendants consistently and repeatedly failed to pay Plaintiff proper overtime for hours worked in excess of forty (40) hours per week. As a result, Defendants owe Plaintiff a significant amount of overtime pay accrued over approximately six (6) years.

90. Defendants failed to keep accurate and adequate records of tips and wages paid to Plaintiff, deductions taken from his tips and wages, allowances or other credits taken by Defendants, and hours worked by Plaintiff as required by NYLL.

91. Defendants scheduled Plaintiff on staff for his shift but then sent Plaintiff home early if business was slow while failing to pay Plaintiff for "Call in" pay in violation of NYLL.

92. Defendants failed to pay for all of the time its employees, including Plaintiff, worked for the benefit of the Defendants.

---

[5] In addition to Plaintiff claims sounding in race and age discrimination, the Complaint includes a standalone sentence on sex/gender discrimination.  *See* Dkt. 20, Compl. ("Defendants discriminated against and subjected Plaintiff to a hostile work environment on the basis of his race, national origin, and age **sex/gender.**") (emphasis added).  Upon information and belief, Plaintiff's inclusion of "sex/gender" discrimination was a typographical error, thus it will not be addressed further throughout this submission.  To the extent that Plaintiff intended to raise such a claim, Corporate Defendants reserve their right to move to dismiss such a claim.

The Complaint does not contain any specific allegations regarding: (1) when he was not paid for all hours worked; (2) when he was not paid properly for overtime; and (3) how Corporate Defendants failed to keep accurate and adequate records in accordance with the NYLL or that he suffered an injury due to this alleged violation.

### iv.      Causes Of Action Applicable To The Instant Motion

Through the instant motion, Corporate Defendants seek dismissal of the following causes of action:

- Plaintiff's age discrimination claims under Title VII (Count 1), the SHRL (Count 2), and CHRL (Count 5).

- Plaintiff's aiding and abetting claims under the SHRL (Count 4) and CHRL (Count 7);

- Plaintiff's interference with protected rights claim under the CHRL (Count 8);

- Plaintiff's supervisory liability under the CHRL claims (Counts 9 and 12);

- Plaintiff's claims under the NYLL (collectively, the "NYLL Claims") (Counts 10-11 and 13-15); and

- Plaintiff's promissory estoppel claim (Count 16).

### <u>LEGAL STANDARD APPLICABLE TO MOTION TO DISMISS</u>

A party may move to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).  A motion to dismiss is properly granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 69 (2d Cir. 2001) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While the court must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff,

the court should ignore any allegations that are based solely on speculation, conjecture, opinions, or legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The standard for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is 'substantively identical' to that governing Rule 12(b)(6), except the plaintiff bears the burden of establishing jurisdiction in a 12(b)(1) motion."  *Sheri Torah, Inc. v. Vill. of S. Blooming Grove*, 2013 WL 1454953, at \*5 (S.D.N.Y. Mar. 28, 2013) (citing *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)); *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003).

## <u>ARGUMENT</u>

## I.   THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S NEW YORK LABOR LAW CLAIMS: COUNTS 10, 11, 13, 14, AND 15

The NYLL Claims (Counts 10-11 and 13-15) should be dismissed for lack of subject matter jurisdiction.  Plaintiff does not plead that any of the NYLL Claims provide a basis for federal subject matters jurisdiction (and they do not) nor does he plead that diversity of citizenship exists amongst the parties.  Thus, the NYLL causes of action should be dismissed.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

Plaintiff seeks to base the Court's jurisdiction on supplemental jurisdiction.  (Dkt. 20, Compl., ¶¶ 3,4.)  Federal district courts have supplemental jurisdiction over any claim that is part of the same case or controversy as claims within the court's original jurisdiction.  28 U.S.C. § 1367. Federal and state law claims are part of the same case or controversy if they share a common nucleus of operative fact.  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997) (holding that § 1367 codified the "common nucleus of operative fact" principle); *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004).

153350889.1

Claims share a common nucleus of operative fact if the facts underlying the federal claim entail most or all of the facts underlying the state law claim. *See Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) ("[W]e have traditionally asked whether 'the facts underlying the federal and state claims substantially overlapped or the federal claim necessarily brought the facts underlying the state claim before the court'" (internal quotation marks and citations omitted).

The Second Circuit has recognized that "it is fundamental that needless decisions of state law should be avoided" and that a "district court ought not reach out for issues, thereby depriving state courts of opportunities to develop and apply state law." *Young v. N.Y.C. Transit Auth.*, 903 F.2d 146, 164 (2d Cir. 1990) (internal quotation marks and alterations omitted). Accordingly, courts routinely decline to exercise supplemental jurisdiction over state law claims that are not sufficiently connected to the federal claims at issue. *See Hernandez v. Mauzone Home Kosher Products of Queens, Inc.*, No. 12-cv-2327, 2013 WL 5460196, at *6-7 (E.D.N.Y. Sept. 30, 2013) (dismissing age discrimination claim *sua sponte* for lack of supplemental jurisdiction because claims did not form part of same case or controversy as unpaid minimum and overtime wage claims).

Here, Plaintiff alleges employment discrimination under Title VII (and the SHRL and CHRL). The only connection between Plaintiff's Title VII claims and the NYLL Claims is that they arise out of the parties' employment relationship. This does not provide the "common nucleus of operative fact" necessary to support supplemental jurisdiction. *See Guerra v. Trece Corp.*, No. 18-cv-625, 2020 WL 7028955, at *6-8 (S.D.N.Y. Nov. 30, 2020) (holding that discrimination claims under state and city law and wage and hour claims arising under the Fair Labor Standards Act ("FLSA") are not derived from the same nucleus of operative fact to warrant jurisdiction over

state and city law decimation claims); *Dervisevic v. Wolfgang's Steakhouse, Inc.*, No. 19-cv-814, 2019 WL 6251197 (S.D.N.Y. Nov. 22, 2019) (employment relationship is not enough to sustain supplemental jurisdiction over state law discrimination claims in FLSA action); *Jenkins v. Yellowstone Props.*, No. 17-cv-7764, 2019 WL 4392955, at *3-9 (S.D.N.Y. Sept. 12, 2019) (no supplemental jurisdiction over state law claims which involve different factual issues than FLSA claims).

Accordingly, Plaintiff's NYLL Claims do not "derive from a common nucleus of operative facts" as Plaintiff's claims under Title VII (or any of the remaining discrimination claims). Because there is no independent basis for this Court to exercise subject matter jurisdiction over the NYLL Claims pursuant to 28 U.S.C. § 1367(a), these claims should be dismissed.

## II.   THE NEW YORK LABOR LAW CLAIMS FAIL AS A MATTER OF LAW: COUNTS 10, 11, 13, 14, AND 15

Evan if the Court declines to dismiss the NYLL Claims on jurisdictional grounds, dismissal is still warranted as to each of Plaintiff's NYLL causes of action for at least two reasons. First, Plaintiff's wholly conclusory allegations fail to adequately plead unpaid overtime and wage claims, including any claim for spread of hours pay (Counts 10, and 13-15). Second, Plaintiff lacks standing to maintain a cause of action for alleged violations of the NYLL's recordkeeping provisions (Count 11).

### A.   Plaintiff Fails To Allege Sufficient Facts To Support Any Wage Claims

"In order to state a plausible [NYLL] overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours."[6] *Lundy v. Catholic Health Sys. of Long Island*, 711 F.3d 106, 114,118 (2d Cir.

---

[6] Overtime claims under the NYLL are evaluated under the same standards as claims under the FLSA. *Hobbs v. Knight-Swift Transp. Holdings, Inc.*, 21-cv1421, 2022 WL 118256, at *3 (S.D.N.Y. Jan. 12, 2022).

2013); *see Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) (complaint must include "sufficient detail about the length and frequency" of plaintiff's unpaid work to "support a reasonable inference that [plaintiff] worked more than [40] hours in a given week").  "The pleading standard is satisfied [] if plaintiff[] allege[s] that [his] regularly scheduled workweek for a given period of time included more than [40] hours of work, so that [he was] eligible for overtime…"  *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 117 (2d Cir. 2023).

Here, the Complaint fails to state a plausible claim that the NYLL was violated with respect to minimum wage, overtime compensation, or spread of hours pay because Plaintiff has neither alleged that: (1) his regularly scheduled workweek for any period of time included more than 40 hours of work: (2) a single discrete amount of time that he worked but was not paid minimum wage as required by law; (3) a single workweek in which he worked at least 40 hours and also worked uncompensated time in excess of 40 hours; (4) nor a single day on which he worked more than ten (10) hours per day.  Plaintiff's NYLL limited allegations are:

> 87. The Palm failed to pay Plaintiff for all hours worked and in accordance with New York Labor Laws.
>
> 88. Defendants failed to pay Plaintiff and employees for all hours worked including overtime. Specifically, Defendants' clock in and out system said an employee worked a total of 48.55 hours but the employee's paystub was only for a total of 41.84 hours.
>
> 89. Defendants consistently and repeatedly failed to pay Plaintiff proper overtime for hours worked in excess of forty (40) hours per week. As a result, Defendants owe Plaintiff a significant amount of overtime pay accrued over approximately six (6) years.
>
> 90. Defendants failed to keep accurate and adequate records of tips and wages paid to Plaintiff, deductions taken from his tips and wages, allowances or other credits taken by Defendants, and hours worked by Plaintiff as required by NYLL.

91. Defendants scheduled Plaintiff on staff for his shift but then sent Plaintiff home early if business was slow while failing to pay Plaintiff for "Call in" pay in violation of NYLL.

92. Defendants failed to pay for all of the time its employees, including Plaintiff, worked for the benefit of the Defendants.

These allegations are entirely conclusory, and they fail to "provide some factual context that will nudge [the] claim from conceivable to plausible." *Dejesus v. HF Mgmt. Services, LLC*, 726 F.3d 85, 86 (2d Cir. 2013) (quoting *Twombly*, 550 U.S. at 570). Significantly, Plaintiff fails to identify either a single workweek in which he worked in excess of 40 hours but went uncompensated for that time or was otherwise uncompensated for time worked. Likewise, Plaintiff fails to "allege that [his] regularly scheduled workweek for a given period of time included more than [40] hours of work…" *Herrera*, 84 F.4th 110, 117 (2d Cir. 2023). Plaintiff's allegations are wholly insufficient. *See Boutros v. JTC Painting & Decorating Corp.*, 989 F.Supp.2d 281, 283 (S.D.N.Y. 2013) (noting that the court had, *sua sponte*, required plaintiffs to identify at least one week in which they worked overtime hours but were not paid overtime); *Gisomme v. Healthex Corp.*, No. 13-cv-2541, 2014 WL 2041824, at *2 (E.D.N.Y. May 15, 2014) (plaintiff's "allegation of an 'average' of 50 hours or more" per week insufficient to "state a claim for failure to pay overtime compensation in a given workweek"); *Cromwell v. N.Y. City Health & Hosps. Corp.*, No. 12-cv- 4251, 2013 WL 2099252, at *4-5 (S.D.N.Y. May 15, 2013) (despite allegations that the plaintiff "typically" worked five shifts per month, with an extra shift "approximately twice a month" and other uncompensated time, it "did not point to any particular workweek … during which [he] worked uncompensated time more than 40 hours").

As the Second Circuit explained in *Lundy*, Plaintiff's vague allegations that he regularly worked overtime or was otherwise uncompensated (for minimum wage or spread of hours) falls short of the degree of factual specificity required as it "suppl[ies] nothing but low-octane fuel for

speculation, not the plausible claim that is required." *Lundy, 711* F.3d at 115.  In short, this degree of "invited speculation does not amount to a plausible claim under FLSA." *Id.*  Similarly, the Complaint contains no specific allegations sufficient to show that unpaid hours were worked by Plaintiff or that overtime was owed.  Here, Corporate Defendants and the Court can only speculate as to the factual basis of the minimum wage, overtime, and spread of hours claims, and they should therefore be dismissed.

Accordingly, Plaintiff's tenth, thirteen, fourteen, and fifteenth causes of action should be dismissed.

### B.    Plaintiff Lacks Standing To Maintain A Claim For Alleged Violations Of The Notice And Recordkeeping Requirements Of The NYLL

Plaintiff lacks standing to assert a claim under NYLL based on alleged violations of the notice and recordkeeping requirements of the NYLL.  Federal courts have increasingly insisted that plaintiffs attempting to assert a claim based on technical violations of that statute establish a concrete injury-in-fact.  *See, e.g. Sevilla v. House of Salads One LLC*, 2022 WL 954740, at *7 (E.D.N.Y. Mar. 30, 2022); *Wang v. XBB, Inc.*, 2022 WL 912592, at *13 (E.D.N.Y. Mar. 29, 2022); *Francisco v. N.Y. Tex Care, Inc.*, 2022 WL 900603, at *7 (E.D.N.Y. Mar. 28, 2022).

In the Complaint, Plaintiff alleges, "Defendants failed to keep employee-specific records documenting, *inter alia*, actual hours worked in each week, in violation of [the NYLL] … [and] Defendants failed to furnish statements with pay and hour information to Plaintiff[.]" (Dkt. 20, Compl., ¶¶ 147-148.)  While those may be technical violations of the NYLL, Plaintiff does demonstrate how those technical violations led to either a tangible injury or something akin to a traditional cause of action, and the Supreme Court has made clear that a statutory violation alone, without a tangible injury or close parallel to a traditional cause of action, does not constitute an

153350889.1

injury that can be recognized by the federal courts." *Francisco*, 2022 WL 900603, at *7 *citing TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021).

Here, the Complaint contains no indication that Plaintiff suffered any concrete injury-in-fact as a result of these technical violations. Plaintiff "has not linked any injury-in-fact to Defendants' failure to provide statutory notices under the NYLL, so [he] lacks standing to recover on that claim." *Wang*, 2022 WL 912592, at *13. The Complaint fails to plausibly establish an injury-in-fact. Simply, Plaintiff has failed to meet his burden of establishing an injury-in-fact resulting directly from the alleged failure to receive compliant wage statements that would create standing to assert his eleventh cause of action.

Accordingly, Plaintiff's eleventh cause of action should be dismissed.

## III. PLAINTIFF'S AGE DISCRIMINATION CLAIMS FAIL AS A MATTER OF LAW: COUNTS 1, 2, AND 5

### A. Age Is Not A Protected Class Under Title VII

In Count I, *inter alia,* Plaintiff alleges age discrimination in violation of Title VII.[7] (Dkt. 20, Compl., ¶ 108.) Title VII prohibits an employer from discriminating against an employee because of the employee's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Age is not a protected class under Title VII. *Id.*; *Grays v. SDH Educ. West, LLC*, No. 16-cv-666, 2017 WL 2240227 (S.D.N.Y Mar. 23, 2017) (dismissing claim for age discrimination under Title VII); *see also Thorpe v. Piedmont Airlines, Inc.,* 926 F.Supp.2d 453, 460 (N.D.N.Y. 2013) (noting that "age discrimination claims cannot be brought under Title VII").

Accordingly, Plaintiff's age discrimination claim under Title VII should be dismissed.

---

[7] In this Count, Plaintiff also alleges race discrimination and retaliation under Title VII. At this time, Corporate Defendants do not seek dismissal of those aspects of this Count.

13

### B.     Plaintiff Fails To State A Plausible Age Discrimination Claim

Even if Plaintiff had pled his federal age discrimination claim under the correct statute – ADEA – the claim should be dismissed because the Complaint still fails to properly state a federal age discrimination claim under the ADEA.  Specifically, the Complaint fails to allege that Plaintiff suffered an adverse employment action because of his age.   Likewise, Plaintiff's age discrimination claims under the SHRL and CHRL also fail to state a claim.  There, Plaintiff fails to allege that he was treated less well because of his age.  Accordingly, the Court should dismiss Plaintiff's current and putative age discrimination claims under federal, state, and city law.

### i.     The Complaint Fails To Properly Assert A Claim Of Age Discrimination Under Federal Law

The ADEA makes it "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual . . . because of such individual's age." 29 U.S.C. § 623(a). "Thus, to establish age discrimination under the ADEA, . . . an ADEA plaintiff must plausibly allege that he would not have [suffered an adverse employment action] but-for his age." *Lively v. Wafra Inv. Advisory Grp.*, 6 F.4th 293, 303 (2d Cir. 2021).

To plausibly allege that an adverse action occurred because of age, the plaintiff "must plead facts plausibly suggesting 'that age was the 'reason' that [the employer] decided to act." *Lively*, 6 F.4th at 303 (quoting *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 176 (2009)).  Thus, age must be the "but-for cause" for the adverse employment action "and not just a contributing or motivating factor." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010).

The Complaint fails to satisfy Plaintiff's burden to plead that age was the but-for cause for any employment action.  In fact, the Complaint explicitly alleges that Plaintiff's reduction in hours and his discharge from the Company corresponded to his race and his race-based complaints, not his age.  *See e.g.*, Dkt. 20, Compl., ¶ 46 ("On several occasions Plaintiff complained to Defendants

about Defendants' discriminatory treatment towards Hispanic and non-Hispanic employees. However, Defendants only retaliated thereafter until Plaintiff was terminated and/or constructively discharged.")  This admission alone should eviscerate Plaintiff's contention that any adverse employment action was based on his age.

Notwithstanding the foregoing, Plaintiff's mere allegation that "he was [] the oldest employee" at the Company in or around April 2022 (Dkt 20. Compl., ¶¶ 83-85), does not plausibly suggest an inference of age discrimination.  *See Arnold v. Research Found. For State Univ. of N.Y.*, 216 F.Supp.3d 275, 281, 289 (E.D.N.Y. 2016) (denying a motion to amend to add ADEA and SHRL age discrimination claims because the plaintiff failed to plead that age was the but-for cause of her termination under either statute, even though she pleaded that she "'was the oldest person in her position'"); *Caputo v. Copiague Union Free School Dist.*, 218 F.Supp.3d 186, 195 (E.D.N.Y. 2016) (no inference of age discrimination can be made "merely because [the] plaintiff was the oldest" and subjected to an investigation).

Accordingly, Plaintiff's age discrimination claim under federal law should be dismissed.

### a.    The Alleged Remarks By Hammel And Levy Do Not Evidence Age-Based Animus Of A Decisionmaker

Moreover, the Complaint does not plead any facts that any manager or supervisor suggested that Plaintiff accept a change in his duties on account of his age.  In the absence of such alleged facts, Plaintiff's standalone allegation that Hammel and Levy "asked him when he was going to retire" (Dkt 20. Compl., ¶ 33) fails to establish an inference of age discrimination. *See Dressler v. City Sch. Dist. Of the City of N.Y.*, 2016 WL 4367967, at *3 (S.D.N.Y. Aug. 15, 2016) (granting a motion to dismiss the plaintiff's ADEA claim where the plaintiff's supervisor's alleged comment designed to pressure him into retirement constituted nothing more than "an attempt to motivate retirement").

Next, Plaintiff's allegation that Hammel and Levy called him an "old man" and a "dinosaur" similarly fails to suggest an inference of age discrimination.  Although "remarks made by decisionmakers" can lead to an inference of discriminatory motive, Plaintiff fails to sufficiently plead that either comment was connected to Corporate Defendants' decision to take an adverse employment action.  *LaSalle v. City of N.Y.*, No. 13-cv-5109, 2015 WL 1442376, at *6-7 (S.D.N.Y. Mar. 30, 2015) (internal quotation marks and citations omitted).  In determining "whether a comment is probative of intent to discriminate or whether it is a non-probative 'stray remark,'" considers four factors:

> (1) who made the remark, i.e., a decisionmaker, a supervisor, or a low-level co-worker;
>
> (2) whether the remark was made in relation to the employment decision at issue;
>
> (3) the content of the remark, i.e., whether a reasonable juror could view the remark as discriminatory; and
>
> (4) context in which the remark was made, i.e., whether it was related to the decision-making process.

*Schreiber v. Worldco, LLC,* 324 F.Supp.2d 512, 518-19 (S.D.N.Y. 2004) (citations omitted).

For purposes of the instant motion only, Corporate Defendants admit that Hammel and Levy may be considered decisionmakers and/or supervisors.  However, evaluating the second through fourth factors above demonstrates that Plaintiff has failed to plead sufficient facts to demonstrate that either Hammel or Levy's comments reflected an intent to discriminate.  "Verbal comments can support an inference of discriminatory intent "if the plaintiff can establish a nexus between the alleged discriminatory remarks and the defendant's [adverse employment action.]" *Toney v. Prob. Dep't*, No. 15-cv-561, 2016 WL 859381, at *5-6 (E.D.N.Y. Jan. 28, 2016) (quoting *Del Franco v. N.Y.C. OffTrack Betting Corp.,* 429 F.Supp.2d 529, 536 (E.D.N.Y. 2006)).  Absent this nexus, "isolated derogatory remarks by a decisionmaker alone do not raise an inference of discrimination." *Gonzalez v. Allied Barton Sec. Servs.*, No. 08-cv-9291, 2010 WL 3766964, at *5 (S.D.N.Y. Sept. 7, 2010); *see also Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998)

("[S]tray remarks, even if made by a decisionmaker, do not constitute sufficient evidence to make out a case of employment discrimination."). In short, the Complaint fails to establish a causal connection between any alleged remarks and any adverse employment action.

For example, Plaintiff fails to allege whether any remark was made in relation to any employment decision. Plaintiff fails to provide a timeframe in any alleged comments were made. Plaintiff also "fails to plead context necessary to determine whether [the alleged remarks] are *discriminatory* statements." *Brown v. N.Y. City Dep't of Educ.*, No. 20-cv-2424, 2021 WL 4943490, at *9 (S.D.N.Y. Aug. 31, 2021) (emphasis in original). Instead, Plaintiff pleads in conclusory fashion that he was discriminated against due to his age. This is insufficient to infer a discriminatory motive. *See Moore v. Verizon*, No. 13-cv-6467, 2016 WL 825001, at *24-25 (S.D.N.Y. Feb. 5, 2016) (granting motion to dismiss because a supervisor's comments regarding plaintiff's age, such as "why don't you retire," and "are you old enough to retire" were "non-actionable stray remarks," because the remarks were "not alleged to have arisen in a context at all related to the decision to [take an adverse employment action]" against plaintiff).

Without context, these statements "are not detailed enough for Plaintiff to allege an inference of discrimination." *Brown*, 2021 WL 4943490, at *9 (holding that a plaintiff's pleading is insufficient to allege an inference of discrimination when the plaintiff failed to alleged "when the statements were made" and "whether the[] statements were either temporally or substantively related to any adverse employment action"); *see also Lebowitz v. N.Y.C. Dep't of Educ.*, 407 F.Supp.3d 158, 176 (E.D.N.Y. 2017) (granting motion to dismiss [an employment discrimination] claim where the plaintiff alleged discriminatory remarks by school administrators but "fail[ed] to plead any additional facts that would suggest" the defendants initiated the alleged adverse employment action because of this discriminatory animus).

As such, Plaintiff's age discrimination claim under federal law should be dismissed.

> **b.**     **Plaintiff Fails To Allege Any Similarly Situated Employees Outside Of His Protected Age Group Who Were Treated Better**

To raise an inference of discrimination, a plaintiff also can "show[] that the employer treated plaintiff 'less favorably than a similarly situated employee outside his protected group'" *Mandell v. County of Suffolk & John Gallagher*, 316 F.3d 368, 379 (2d Cir. 2003) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)).  "A plaintiff relying on disparate treatment evidence 'must show [he] was similarly situated in all material respects to the individuals with whom [he] seeks to compare [himself].'" *Mandell*, 316 F.3d at 379 (quoting Graham, 230 F.3d at 39).

Significantly, Plaintiff fails to identify any similarly situated employee under the age of 40 (or any employee at all), whom Corporate Defendants treated more favorably, which is fatal to his claim.  *See e.g., Williams v. Classic Sec.*, No. 18-cv-1691, 2019 WL 4511953, at *5 (S.D.N.Y. Sept. 18, 2019) (dismissing an ADEA discriminatory termination claim because "[plaintiff's conclusory allegation that 'other similarly [situated] employees … under the age of 40 are not reprimanded when its [sic] time for them to go home' is insufficient to satisfy his burden, at least absent additional facts regarding 'dates, ages, or reasons with respect to the termination [or reprimanding] of other employees'") (quoting *Marcus v. Leviton Mfg. Co.*, 661 F. App'x 29, 32 (2d Cir. 2016).  Unlike *Williams*, where the plaintiff's allegations were conclusory and insufficient to withstand dismissal, here, Plaintiff makes absolutely no allegations whatsoever regarding any similarly situated employees.  Thus, the same outcome is warranted – dismissal of a putative age discrimination claim under the ADEA.

### ii.    Plaintiff's Age Discrimination Claims Under SHRL And CHRL Fail

Under the SHRL, it is "an unlawful discriminatory practice ... [f]or an employer ... because of an individual's age, race … or national origin ... to discriminate against [an] individual in compensation or in terms, conditions or privileges of employment."  Likewise, under the CHRL, it is an unlawful discriminatory practice for an employer to discriminate against an employee "because of the [employee's] age, race … [or] national origin."  CHRL § 8-107(1).  To support a discrimination claim under the SHRL or CHRL, a plaintiff need only show that he was "treated ... less well, at least in part for a discriminatory reason."  *Khwaja v. Jobs to Move Am.*, No. 19-cv-7070, 2021 WL 3911290, at *3 (S.D.N.Y. Sept. 1, 2021) (internal citation omitted). Courts in this district routinely consider CHRL and SHRL claims together.  *See e.g., Charles v. City of New York,* 21-cv-5567, 2023 WL 2752123, at *7 (S.D.N.Y. Mar. 31, 2023).  Even under the SHRL and CHRL's more liberal pleading standard, Plaintiff fails to sufficiently allege any age discrimination claims.

As discussed in the preceding section, the Complaint vaguely asserts a few age-related comments.  However, these comments do not contain sufficient factual detail that would tend to indicate that Corporate Defendants treated him "less well" than anyone else.  Indeed, nowhere in the Complaint does Plaintiff link any actions taken by Corporate Defendants to any discriminatory statement.  *See DeLeon v. Teamsters Local 802, LLC*, No. 20-cv-00024, 2021 WL 1193191, at *11-13 (E.D.N.Y. Mar. 29, 2021) (dismissing an age discrimination claim under the CHRL because a pleading that "speculates that [] incidents are attributable to discriminatory animus or one form or another," without providing additional facts, "does not assert nonconclusory factual matter sufficient to nudge these claims across the line from conceivable to plausible") (citation omitted).  Plaintiff also provides no evidence that other similarly situated, but younger, employees were treated more favorably than him.  *See Whittle v. Cty. of Sullivan*, No. 17-cv-725, 2017 WL

19

5197154 (S.D.N.Y. Nov. 8, 2017) (dismissing plaintiff's claims for failing to plead defendant treated him less favorably than a similarly situated employee outside his protected group).

Accordingly, Plaintiff fails to plausibly allege a claim of age discrimination under the SHRL or CHRL.  As such, the Court should dismiss such claims.

## IV.   PLAINTIFF'S AIDING AND ABETTING CLAIMS FAIL AS A MATTER OF LAW BECAUSE A CORPORATION CANNOT AID AND ABET ITS OWN CONDUCT: COUNTS 4 AND 7

Plaintiff seeks to hold the Corporate Defendants liable for violations of the SHRL and CHRL under an "aiding and abetting" theory of liability.  This is patently improper.  Both the SHRL and the CHRL make it unlawful "for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article [or chapter], or attempt to do so."  N.Y. Exec. Law § 296(6); N.Y.C. Admin. Code § 8-107(6).  However, "[t]here can be no aider-and-abettor liability as to a corporate defendant for aiding and abetting its own conduct, nor can it be liable for aiding the individual defendants to aid its own conduct."  *Bueno v. Eurostars Hotel Company, S.L.*, No. 21-cv-535, 2022 WL 95026, at *9 (S.D.N.Y Jan. 10, 2022) (quoting *Xiang v. Eagle Enterprises, LLC*, No. 19-cv-1752, 2020 WL 248941, at *11 (S.D.N.Y. Jan. 16, 2020).

Accordingly, Plaintiff's fourth and seventh causes of action should be dismissed.

## V.   PLAINTIFF'S INTERFERENCE WITH PROTECTED RIGHTS CLAIM FAILS AS A MATTER OF LAW BECAUSE PLAINTIFF DOES NOT ALLEGE THE EXISTENCE OF A THREAT: COUNT 8

Plaintiff asserts that Defendants interfered with his protected rights in violation of the CHRL.  (Dkt. 20, Compl., ¶¶ 137-138).  However, Plaintiff does not assert any factual allegations that support this claim.

N.Y.C. Admin. Code § 8-107(19) makes it unlawful "for any person to coerce, intimidate, threaten or interfere with…any person in the exercise or enjoyment of…any right granted or protected pursuant to (Section 8-107)".  Furthermore, "[t]hreats are required to state a claim for

violation of Admin Code §8-107(19)." *Garcia v. Comprehensive Ctr., LLC*, No. 17-cv-8970, 2018 WL 3919190, at *5 (S.D.N.Y. Aug. 16, 2018) (citations omitted).  A "threat" is a "denunciation to a person of ill to befall him" or an "indication of impeding danger or harm." *Id.* (citing *United States v. Davila*, 461 F.3d 298, 301 (2d Cir. 2006)).  Moreover, "there must [be] some affirmative threat beyond the adverse employment action itself." *Cadet v. Alliance Nursing Staffing of N.Y., Inc.*, 632 F.Supp. 202, 237 (S.D.N.Y. Sept. 2022) (citation omitted).

Nowhere in the Complaint does Plaintiff allege that Defendants threatened him.  There are no allegations that any person made any comment of "impending danger or harm."  Nor does the Complaint allege that any threats were made to Plaintiff other than the alleged adverse employment actions about which he complains.

Accordingly, Plaintiff's eighth cause of action should be dismissed.

## VI.   PLAINTIFF'S SUPERVISORY LIABILITY CLAIMS FAIL AS A MATTER OF LAW BECAUSE THEY ARE DUPLICATIVE OF PLAINTIFF'S CHRL CLAIMS: COUNTS 9 AND 12

Plaintiff brings two claims against Corporate Defendants for supervisory liability under the CHRL.[8]  The relevant provision provides that "[a]n employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section ... where [t]he employee or agent exercised managerial or supervisory responsibility." N.Y.C. Admin. Law § 8-107(13). These claims fail for the simple reason that they are duplicative of Plaintiff's non-derivative, general CHRL claims.  *See Singhal v. Doughnut Plant, Inc.*, No. 20-cv-3295, 2022 WL 976885, at *6 (S.D.N.Y. Mar. 31, 2022) (dismissing as

---

[8]  Causes of action nine and twelve are nearly verbatim recitations of one another.  Upon information and belief, Plaintiff mistakenly listed two separate causes of action under the N.Y.C. Admin. Law § 8-107(13).

duplicative plaintiff's supervisory liability claims under the CHRL because "[p]laintiff also brings non-derivative, general []CHRL claims against [corporate defendant].")

Accordingly, Plaintiff's nine and twelfth causes of action should be dismissed.

## VII.   PLAINTIFF'S PROMISSORY ESTOPPEL CLAIM FAILS AS A MATTER OF LAW: COUNT 16

Plaintiff's promissory estoppel claim fails as a matter of law for at least two independent reasons.  First, promissory estoppel is not recognized in the employment context.  Second, Plaintiff cannot establish the requisite elements of a promissory estoppel claim.

### A.   Promissory Estoppel is Not Recognized In The Employment Context

Plaintiff's promissory estoppel claim fails at the outset because it is well settled that "New York law does not recognize promissory estoppel in the employment context." *Bessemer Tr. Co. v. Branin*, 498 F.Supp.2d 632, 639 (S.D.N.Y. 2007), *aff'd*, 618 F.3d 76 (2d Cir. 2010); *see also Andrews v. Sotheby Int'l Realty, Inc.*, No. 12-cv-8824, 2014 WL 626968, at *10 (S.D.N.Y. Feb. 18, 2014), *aff'd*, 586 F. App'x 76 (2d Cir. 2014) (granting motion to dismiss on this basis); *Allison v. Clos-ette Too, LLC*, No. 14-cv-1618, 2014 WL 4996358, at *9 (S.D.N.Y. Sept. 15, 2014), *report and recommendation adopted*, 2014 WL 5002099 (S.D.N.Y. Oct. 7, 2014) (same).  Accordingly, Plaintiff's promissory estoppel claim "must be dismissed without further analysis." *Kramsky v. Chetrit Grp., LLC*, No. 10-cv-2638, 2011 WL 2326920, at *4 (S.D.N.Y. June 13, 2011).

### B.   Plaintiff's Promissory Estoppel Claim Fails On the Merits Because Plaintiff Does Not Allege A "Clear and Unambiguous Promise"

Even if New York law recognized promissory estoppel in the employment context, which it does not, dismissal of Plaintiff's promissory estoppel claim is still appropriate because the Complaint fails to state a cognizable claim.  To state a claim for promissory estoppel under New York law, a plaintiff must allege "1) a clear and unambiguous promise; 2) reasonable and

foreseeable reliance on that promise; and 3) injury to the relying party as a result of the reliance." *Kaye v. Grossman*, 202 F.3d 611, 615 (2d Cir. 2000).  "[P]romissory estoppel is a narrow doctrine typically applied only when the plaintiff has suffered an 'unconscionable injury' or when otherwise 'necessary to avoid injustice." *Dhir v. Carlyle Grp. Emp. Co.*, No. 166378. 2017 WL 4402566, at *9 (S.D.N.Y. Sept. 29, 2017) (citation omitted).  Plaintiff's allegations are wholly insufficient to satisfy any elements, let alone all of them, of a promissory estoppel claim.

Here, the Complaint is completely devoid of any allegations of a "clear and unambiguous" promise.  Although Plaintiff baselessly asserts that "Defendants made a clear and unambiguous promise of employment to Plaintiff," (Dkt. 20, Compl., ¶ 168), there are no allegations regarding what the alleged promise entails, who made this alleged promise, when this promise allegedly was made, and what context in which this promise was made.  This is plainly insufficient to form the basis of a promissory estoppel claim.

Moreover, Plaintiff's employment with Corporate Defendants was at-will and "[t]he law cannot be that an at-will employee can assert a claim for promissory estoppel to, in effect, ensure [his] continued employment." *Drummond v. Akselrad*, 23-cv-179, 2023 WL 3173780, at *9 (S.D.N.Y. May 1, 2023) (internal citation omitted).

Accordingly, Plaintiff's sixteenth cause of action should be dismissed.

<u>**CONCLUSION**</u>

For all of the foregoing reasons, the Court should grant Defendants' motion for partial dismissal of the Complaint with prejudice and without leave to replead, together with such other and further relief as the Court deems just and proper.

[signature page follows]

23

Dated: December 29, 2023
New York, New York

Respectfully submitted,

FOX ROTHSCHILD, LLP

/s/ Glenn S. Grindlinger
Glenn S. Grindlinger, Esq.
Devin S. Cohen, Esq.
101 Park Avenue, 17th Floor
New York, New York 10178
(212) 878-7900

*Attorneys for Defendants*
*Palm West Corporation d/b/a the Palm West*
*and Tryon & Stonewall Restaurant, Inc. f/k/a*
*Landry's Seafood House – North Carolina, Inc.*

24