**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ALBERTO RAMOS,

                   Plaintiff,

       v.

PALM WEST CORPORATION,
PALM WEST CORPORATION D/B/A "THE
PALM",
LANDRY'S SEAFOOD HOUSE - NORTH
CAROLINA, INC.,
RICHARD HAMMILL, Individually,
and CRAIG LEVY, Individually

                  Defendants.

**Civil Action No. 1:23-cv-09441-JMF**

---

## MEMORANDUM OF LAW IN SUPPORT OF CORPORATE DEFENDANTS' MOTION FOR PARTIAL DISMISS OF THE AMENDED COMPLAINT

---

**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York, New York 10178
(212) 878-7900
(212) 692-0940 (fax)

*Attorneys for Defendants Palm West Corporation*
*d/b/a the Palm West and Tryon & Stonewall*
*Restaurant, Inc. f/k/a Landry's Seafood House –*
*North Carolina, Inc.*

<u>On Brief:</u>

Glenn S. Grindlinger, Esq.
Devin S. Cohen, Esq.

154737616.1

# TABLE OF CONTENTS

PROCEDURAL HISTORY................................................................................................ 3

STATEMENT OF FACTS RELEVANT TO THE INSTANT MOTION .................................... 4

LEGAL STANDARD APPLICABLE TO MOTION TO DISMISS ........................................... 7

ARGUMENT ............................................................................................................... 7

    I.     THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
            PLAINTIFF'S NYLL CLAIMS: COUNTS 10, 11, 13, 14, AND 15 ........................ 7

    II.    PLAINTIFF'S CLAIMS FOR ALLEGED VIOLATIONS OF THE NOTICE
            AND RECORDKEEPING REQUIREMENTS OF THE NYLL FAIL AS A
            MATTER OF LAW: COUNT 11 .............................................................. 9

    III.   PLAINTIFF'S AGE DISCRIMINATION CLAIMS FAIL AS A MATTER
            OF LAW: COUNTS 1, 2, AND 5 ............................................................ 11

    IV.   PLAINTIFF'S AIDING AND ABETTING CLAIMS FAIL AS A MATTER
            OF LAW: COUNTS 4 AND 7 ................................................................ 17

    V.    PLAINTIFF'S INTERFERENCE WITH PROTECTED RIGHTS CLAIM
            FAILS AS A MATTER OF LAW: COUNT 8 .............................................. 18

    VI.   PLAINTIFF'S SUPERVISORY LIABILITY CLAIMS FAIL AS A
            MATTER OF LAW: COUNTS 9 AND 12 .................................................. 19

    VII.  PLAINTIFF'S PROMISSORY ESTOPPEL CLAIM FAILS AS A MATTER
            OF LAW: COUNT 16 ........................................................................ 19

CONCLUSION ............................................................................................................ 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Achtman v. Kirby, McInerney & Squire, LLP*,
  464 F.3d 328 (2d Cir. 2006)......................................................................................8

*Andrews v. Sotheby Int'l Realty, Inc.*,
  No. 12-cv-8824, 2014 WL 626968 (S.D.N.Y. Feb. 18, 2014), *aff'd*, 586 F.
  App'x 76 (2d Cir. 2014)...........................................................................................20

*Arnold v. Research Found. for State Univ. of N.Y.*,
  216 F.Supp.3d 275 (E.D.N.Y. 2016) .....................................................................12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...................................................................................................7

*Aurecchione v. Schoolman Transp. Sys., Inc.*,
  426 F.3d 635 (2d Cir. 2005).......................................................................................7

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)...................................................................................................7

*Bessemer Tr. Co. v. Branin*,
  498 F.Supp.2d 632 (S.D.N.Y. 2007), *aff'd*, 618 F.3d 76 (2d Cir. 2010) ...............19

*Briarpatch Ltd. v. Phoenix Pictures, Inc.*,
  373 F.3d 296 (2d Cir. 2004).......................................................................................8

*Brown v. N.Y. City Dep't of Educ.*,
  No. 20-cv-2424, 2021 WL 4943490 (S.D.N.Y. Aug. 31, 2021).......................14, 15

*Bueno v. Eurostars Hotel Company, S.L.*,
  No. 21-cv-535, 2022 WL 95026 (S.D.N.Y Jan. 10, 2022) .....................................17

*Cadet v. Alliance Nursing Staffing of N.Y., Inc.*,
  632 F.Supp. 202 (S.D.N.Y. Sept. 2022) .................................................................18

*Caputo v. Copiague Union Free School Dist.*,
  218 F.Supp.3d 186 (E.D.N.Y. 2016) ......................................................................12

*Charles v. City of New York*,
  21-cv-5567, 2023 WL 2752123 (S.D.N.Y. Mar. 31, 2023).....................................16

*City of Chicago v. Int'l Coll. of Surgeons*,
  522 U.S. 156, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997).........................................8

154737616.1

*Danzer v. Norden Sys., Inc.*,
   151 F.3d 50 (2d Cir. 1998)......................................................................................................14

*Del Franco v. N.Y.C. OffTrack Betting Corp.*,
   429 F.Supp.2d 529 (E.D.N.Y. 2006) ......................................................................................14

*DeLeon v. Teamsters Local 802, LLC*,
   No. 20-cv-00024, 2021 WL 1193191 (E.D.N.Y. Mar. 29, 2021)...........................................17

*Dervisevic v. Wolfgang's Steakhouse, Inc.*,
   No. 19-cv-814, 2019 WL 6251197 (S.D.N.Y. Nov. 22, 2019)...................................................9

*Dhir v. Carlyle Grp. Emp. Co.*,
   No. 166378. 2017 WL 4402566 (S.D.N.Y. Sept. 29, 2017).....................................................20

*DiFolco v. MSNBC Cable LLC*,
   622 F.3d 104 (2d Cir. 2010).......................................................................................................4

*Dressler v. City Sch. Dist. Of the City of N.Y.*,
   2016 WL 4367967 (S.D.N.Y. Aug. 15, 2016) .........................................................................13

*Drummond v. Akselrad*,
   23-cv-179, 2023 WL 3173780 (S.D.N.Y. May 1, 2023) .........................................................21

*Francisco v. N.Y. Tex Care, Inc.*,
   2022 WL 900603 (E.D.N.Y. Mar. 28, 2022) ......................................................................9, 10

*Garcia v. Comprehensive Ctr., LLC*,
   No. 17-cv-8970, 2018 WL 3919190 (S.D.N.Y. Aug. 16, 2018)..............................................18

*Gonzalez v. Allied Barton Sec. Servs.*,
   No. 08-cv-9291, 2010 WL 3766964 (S.D.N.Y. Sept. 7, 2010) ...............................................14

*Gorzynski v. JetBlue Airways Corp.*,
   596 F.3d 93 (2d Cir. 2010)........................................................................................................12

*Graham v. Long Island R.R.*,
   230 F.3d 34 (2d Cir. 2000)........................................................................................................15

*Grays v. SDH Educ. West, LLC*,
   No. 16-cv-666, 2017 WL 2240227 (S.D.N.Y Mar. 23, 2017).................................................11

*Gross v. FBL Fin. Servs.*,
   557 U.S. 167 (2009)...................................................................................................................12

*Guerra v. Trece Corp.*,
   No. 18-cv-625, 2020 WL 7028955 (S.D.N.Y. Nov. 30, 2020).................................................9

*Hernandez v. Mauzone Home Kosher Products of Queens, Inc.*,
    No. 12-cv-2327, 2013 WL 5460196 (E.D.N.Y. Sept. 30, 2013) ...............................................8

*Hishon v. King & Spalding*,
    467 U.S. 69 (1984)...................................................................................................................7

*Kaye v. Grossman*,
    202 F.3d 611 (2d Cir. 2000)...................................................................................................20

*Khwaja v. Jobs to Move Am.*,
    No. 19-cv-7070, 2021 WL 3911290 (S.D.N.Y. Sept. 1, 2021) ..............................................16

*Kramsky v. Chetrit Grp., LLC*,
    No. 10-cv-2638, 2011 WL 2326920 (S.D.N.Y. June 13, 2011) .............................................20

*LaSalle v. City of N.Y.*,
    No. 13-cv-5109, 2015 WL 1442376 (S.D.N.Y. Mar. 30, 2015)...............................................13

*Lebowitz v. N.Y.C. Dep't of Educ.*,
    407 F.Supp.3d 158 (E.D.N.Y. 2017) .......................................................................................15

*Lively v. Wafra Inv. Advisory Grp.*,
    6 F.4th 293 (2d Cir. 2021) ...............................................................................................11, 12

*Mandell v. Cnty. of Suffolk & John Gallagher*,
    316 F.3d 368 (2d Cir. 2003)....................................................................................................15

*Marcus v. Leviton Mfg. Co.*,
    661 F. App'x 29 (2d Cir. 2016) ..............................................................................................16

*Moore v. Verizon*,
    No. 13-cv-6467, 2016 WL 825001 (S.D.N.Y. Feb. 5, 2016) ..................................................14

*Nam v. Permanent Mission of Republic of Korea to United Nations*,
    581 F.Supp.3d 643 (S.D.N.Y. 2022)........................................................................................2

*In re Scholastic Corp. Sec. Litig.*,
    252 F.3d 63 (2d Cir. 2001).......................................................................................................7

*Schreiber v. Worldco, LLC*,
    324 F.Supp.2d 512 (S.D.N.Y. 2004)........................................................................................13

*Sheri Torah, Inc. v. Vill. of S. Blooming Grove*,
    2013 WL 1454953 (S.D.N.Y. Mar. 28, 2013) ...........................................................................7

*Shi v. TL & CG Inc.*,
    No. 19-cv-08502, 2022 WL 2669156 (S.D.N.Y. July 11, 2022)..............................................10

iv

*Singhal v. Doughnut Plant, Inc.*,
    No. 20-cv-3295, 2022 WL 976885 (S.D.N.Y. Mar. 31, 2022)................................................19

*Toney v. Prob. Dep't*,
    No. 15-cv-561, 2016 WL 859381 (E.D.N.Y. Jan. 28, 2016).....................................................14

*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190 (2021)...............................................................................................................10

*United States v. Davila*,
    461 F.3d 298 (2d Cir. 2006).......................................................................................................18

*Wang v. XBB, Inc.*,
    2022 WL 912592 (E.D.N.Y. Mar. 29, 2022)........................................................................9, 10

*Whittle v. Cty. of Sullivan*,
    No. 17-cv-725, 2017 WL 5197154 (S.D.N.Y. Nov. 8, 2017)...................................................17

*Williams v. Classic Sec.*,
    No. 18-cv-1691, 2019 WL 4511953 (S.D.N.Y. Sept. 18, 2019) .......................................15, 16

*Xiang v. Eagle Enterprises, LLC*,
    No. 19-cv-1752, 2020 WL 248941 (S.D.N.Y. Jan. 16, 2020) .................................................17

*Young v. N.Y.C. Transit Auth.*,
    903 F.2d 146 (2d Cir. 1990).........................................................................................................8

**Statutes**

28 U.S.C. § 1367.................................................................................................................................8

28 U.S.C. § 1367(a) ...........................................................................................................................9

42 U.S.C. § 1981........................................................................................................................2, 6, 9

42 U.S.C. § 2000e-2(a)(1)................................................................................................................11

Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ......................................... *passim*

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e17 ........................... *passim*

N.Y.C. Admin. Code § 8-107(1)......................................................................................................16

N.Y.C. Admin. Code § 8-107(6)......................................................................................................17

N.Y.C. Admin. Law § 8-107(13)......................................................................................................19

N.Y.C. Admin. Code § 8-107(19)....................................................................................................18

N.Y.C. Admin. Code § 8-502 ...........................................................................................................18

N.Y. Exec. Law § 296(6) .................................................................................................................17

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) .............................................................................................................1, 2, 7

Fed. R. Civ. P. 12(b)(6) .............................................................................................................1, 2, 7

Fed. R. Civ. P. 12(h)(3) ....................................................................................................................7

154737616.1

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Palm West Corporation d/b/a Palm West[1] and Tryon & Stonewall Restaurant, Inc. f/k/a Landry's Seafood House – North Carolina, Inc.[2] (collectively, "Corporate Defendants"),[3, 4] respectfully submit this Memorandum of Law in support of their motion for partial dismissal of the Amended Complaint (Dkt. 27) filed by Plaintiff Alberto Ramos ("Plaintiff").

Despite amending his original pleading (the "Complaint") (Dkt. 20) in response to Corporate Defendants' Motion to Dismiss the Complaint (the "First Motion to Dismiss") (Dkt. 22), Plaintiff's pleading is still defective. Plaintiff failed to sufficiently address several arguments raised in the First Motion to Dismiss.

The Amended Complaint alleges: (1) age and race-based discrimination claims under federal, state, and city law; (2) wage and hour and recordkeeping violations under the New York Labor Law ("NYLL"); and (3) a standalone promissory estoppel claim. Many of these claims are subject to dismissal because the court lacks jurisdiction, the Amended Complaint fails to allege facts sufficient to support such claims, Plaintiff lacks standing to assert the claims, and/or the claims are duplicative.

First, the Court does not have subject matter jurisdiction over either Plaintiff's NYLL claims nor the promissory estoppel claim because these claims do not "derive from a common nucleus of operative facts" as Plaintiff's federal claims (which are asserted under Title VII of the

---

[1] Incorrectly pled as Palm West Corporation d/b/a "The Palm."

[2] Incorrectly pled as Landry's Seafood House – North Carolina, Inc.

[3] As of the date of this submission, to Corporate Defendants' knowledge, neither Richard Hammel ("Hammel," and incorrectly pled as "Hammill") nor Craig Levy ("Levy") are parties to this action because Plaintiff has not effectuated service upon them.

[4] Corporate Defendants brought the issues addressed in the preceding footnotes to Plaintiff's attention more than three months ago when they filed their Notice of Removal in October 2023. (Dkt. 4.)

Civil Rights Act of 1963 ("Title VII") and 42 U.S.C. § 1981 ("§ 1981")). "When confronted with a motion to dismiss under both Rule 12(b)(1) and 12(b)(6), a court must first consider the Rule 12(b)(1) challenge because if it dismisses the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Nam v. Permanent Mission of Republic of Korea to United Nations*, 581 F.Supp.3d 643, 646 (S.D.N.Y. 2022) (internal quotation marks and citation omitted).

Second, Plaintiff's age discrimination claim under Title VII fails for the simple reason that age is not a protected class under that statute.[5]

Third, Plaintiff's age discrimination claims under federal, state, and city law all fail due to Plaintiff's failure to state a claim. Specifically, Plaintiff fails to allege that his age was the but-for reason of any allege adverse employment action (as is necessary under the ADEA, the proper statute to bring an age discrimination claim under federal law). Further, Plaintiff fails to allege that he was treated less well because of his age as is necessary under the New York State Human Rights Law ("SHRL") and the New York City Human Rights Law ("CHRL").[6]

Fourth, Plaintiff's interference with protected rights claim under the CHRL fails due to his failure to allege an affirmative threat.

Fifth, Plaintiff's supervisory liability claims under the CHRL fail because they are duplicative of Plaintiff's remaining CHRL claims.

---

[5] Corporate Defendants raised this argument in the First Motion to Dismiss, however, Plaintiff failed to amend his pleading to address this issue. Still, Plaintiff does not bring a claim under the Age Discrimination in Employment Act of 1967 ("ADEA").

[6] Corporate Defendants raised this argument in the First Motion to Dismiss, however, Plaintiff failed to amend and/or supplement his pleading to address this issue. Specifically, the Amended Complaint does not plead any additional factual allegations in support of an age discrimination claim.

Sixth, Plaintiff's claim for damages due to Defendants' alleged violations of the NYLL's notice and recordkeeping requirements fails as he lacks standing to maintain such a claim because he does not plead an injury-in-fact.

Finally, Plaintiff's promissory estoppel claim fails for at least two independent reasons: (1) promissory estoppel is not recognized in the employment context; and (2) Plaintiff cannot establish the requisite elements of a promissory estoppel claim.

The allegations in the Amended Complaint are almost identical to those in the Original Complaint, even though these same arguments were proffered by Corporate Defendants in the First Motion to Dismiss. Plaintiff has made virtually no attempt to address his deficiencies.

Accordingly, Corporate Defendants respectfully request that the Court grant the instant motion for partial dismissal with prejudice, and without leave to replead yet again.

## PROCEDURAL HISTORY

On May 27, 2023, Plaintiff commenced this action in the Supreme Court of the State of New York, County of Bronx, through the filing of a Summons with Notice ("SWN"), alleging claims under Title VII, the SHRL, and the CHRL. (Dkt. 4-1.)

On October 27, 2023, this action was timely removed to this Court. (Dkt. 4.) On December 9, 2023, in response to Corporate Defendants' motion to dismiss the claims asserted in the SWN (Dkt. 10), Plaintiff filed the Complaint. (Dkt. 20.) On December 29, 2023, Defendants filed a motion for partial dismissal of the Complaint (the aforementioned "First Motion to Dismiss"). (Dkt. 22.) On January 2, 2024, this Court ordered Plaintiff to respond to the First Motion to Dismiss through the filing of an amended complaint or an opposition (the "January Order"). (Dkt. 24.) There, the Court ordered, "Plaintiff will not be given any further opportunity to amend the

complaint to address issues raised by the motion to dismiss." (*Id.*) On January 23, 2024, Plaintiff

filed the Amended Complaint. (Dkt. 27.)[7]

As per the January Order, Defendants' response to the Amended Complaint is due three

weeks after Plaintiff's filing (February 13, 2024). (Dkt. 24.) Accordingly, this motion is timely.

## STATEMENT OF FACTS RELEVANT TO THE INSTANT MOTION[8]

### A.     The Parties

Plaintiff alleges that he is a 59-year-old male of Puerto Rican descent and that he was

employed by Corporate Defendants as a server "from around 2003 until around April 8, 2022."[9]

(Dkt. 27, Am. Compl., ¶¶ 9, 21.) He alleges that Hammel, a 68-year-old Caucasian male, is a

General Manager and Regional Director for Corporate Defendants. (*Id.* ¶ 13.) He further alleges

that Levy, a Caucasian male, has served as a General Manager and Assistant General Manager for

Corporate Defendants. (*Id.* ¶ 16.)

### B.     Plaintiff's Allegations Concerning His Employment

#### i.     Plaintiff's Allegations Sounding In Age Discrimination

Plaintiff alleges that he was discriminated against based on his age. (*Id.* ¶ 34.) In support

of this allegation, Plaintiff claims that at an unspecified time during his employment, Hammel and

Levy called him an "old man," a "dinosaur," and they "asked him when he was going to retire."

(*Id.* ¶ 35.) Plaintiff does not provide any context for when these alleged remarks were stated. For

example, he does not allege who was present when the comments were made, when the comments

---

[7] Plaintiff attempted to file an amended pleading on January 19 and January 22, 2024, however, both filings were marked as deficient (Dkt. 25 and 26).

[8] For purposes of this motion, the factual allegations set forth in the Amended Complaint are assumed true and form the basis for the statement of facts. *See DiFolco v. MSNBC Cable LLC.*, 622 F.3d 104, 111 (2d Cir. 2010).

[9] Tryon & Stonewall Restaurant, Inc. f/k/a Landry's Seafood House – North Carolina, Inc. never employed Plaintiff.

were made, or where he, Hammel or Levy were when these comments were made. Aside from stating that "he was [] the oldest employee" at the Company (*id.* ¶¶ 86-88), Plaintiff does not plead any additional allegations concerning his age discrimination claims. Likewise, Plaintiff does not allege that he suffered an adverse employment action because of his age.

The Amended Complaint does not include any additional factual allegations to support an age discrimination claim. *Compare* Am. Compl. (Dkt. 27), *with* Compl. (Dkt 20).

### ii.      Plaintiff's Allegations Sounding In Race/National Origin Discrimination

Plaintiff further alleges that he was discriminated against because of his race and national origin (Hispanic). (*Id.* ¶ 34.) In support of this allegation, Plaintiff claims that Hammel and/or Levy: (i) made discriminatory comments such as "Puerto Ricans are lazy"; (ii) instructed staff not to speak to each other in Spanish and insulted staffers with Spanish accents; (iii) criticized staff, accusing them of preparing coffee in an undesirable "Puerto Rican Style"; (iv) stated "this is not Puerto Rico, this is Palm West"; (v) and "questioned whether Puerto Ricans are really American[.]" (*Id.* ¶¶ 30, 36-39.) Next, Plaintiff alleges that Hammel and Levy favored non-Hispanic staff, "speaking to them more politely, and assigning them to work at the preferred tables where VIP customers typically were served[.]" (*Id.* ¶ 40.) Plaintiff alleges that around September 26, 2017, he complained to Levy that Corporate Defendants "were discriminating against him on the basis of his race and national origin." (*Id.* ¶ 46.) He then claims, "[o]n several occasions [he] complained to Defendants about Defendants' discriminatory treatment towards Hispanic and non-Hispanic employees. However, Defendants only retaliated thereafter until Plaintiff was terminated and/or constructively discharged." (*Id.* ¶ 48.)

### iii.     Plaintiff's Allegations Of Violations Under The New York Labor Law

In the Complaint, Plaintiff pled a total of seven (7) paragraphs regarding alleged violations under the New York Labor Law ("NYLL"). (Dkt. 20, Compl., ¶¶ 86-92.) Through the Amended

Complaint, Plaintiff supplemented his pleading with six additional paragraphs. (Dkt. 27, Am. Compl., ¶¶ 89-93, 101.)

Plaintiff now alleges, "[b]etween 2015 and 2022, [he] worked less than [30] hours a week with the exception of 'busy season' [November through February] where [he] worked approximately [40] hours and in excess of [40] hours." (Dkt. 27, ¶ 89.) He alleges that during a two-week span in December 2017, he worked 50 hours and 74 hours, respectively. (*Id.* ¶¶ 91-92.) He then alleges, "[a]t all times material, Defendants did not pay [him] time and a half for all hours worked in excess of forty (40) hours." (*Id.* ¶ 93.)

Further, Plaintiff alleges, "Defendants failed to keep accurate and adequate records of tips and wages paid to Plaintiff, deductions taken from his tips and wages, allowances or other credits taken by Defendants, and hours worked by Plaintiff as required by NYLL." (*Id.* ¶ 98.) Plaintiff does not allege that he suffered an injury-in-fact as a result of these alleged technical violations.

### iv.   Causes Of Action Applicable To The Instant Motion[10]

Through the instant motion, Corporate Defendants seek dismissal of the following causes of action:

- Plaintiff's age discrimination claims under Title VII (Count 1), the SHRL (Count 2), and CHRL (Count 5).

- Plaintiff's aiding and abetting claims under the SHRL (Count 4) and CHRL (Count 7):

- Plaintiff's interference with protected rights claim under the CHRL (Count 8);

- Plaintiff's supervisory liability under the CHRL claims (Counts 9 and 12);

- Plaintiff's claims under the NYLL (collectively, the "NYLL Claims") (Counts 10-11 and 13-15); and

---

[10] Through the Amended Complaint, Plaintiff added causes of action under § 1981 (Counts 17 and 18). At this time, Corporate Defendants do not seek dismissal of those claims.

154737616.1

- Plaintiff's promissory estoppel claim (Count 16).

## <u>LEGAL STANDARD APPLICABLE TO MOTION TO DISMISS</u>

A party may move to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss is properly granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 69 (2d Cir. 2001) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the court must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff, the court should ignore any allegations that are based solely on speculation, conjecture, opinions, or legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The standard for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is 'substantively identical' to that governing Rule 12(b)(6), except the plaintiff bears the burden of establishing jurisdiction in a 12(b)(1) motion." *Sheri Torah, Inc. v. Vill. of S. Blooming Grove*, 2013 WL 1454953, at *5 (S.D.N.Y. Mar. 28, 2013) (citing *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)).

## <u>ARGUMENT</u>

## I.     THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S NYLL CLAIMS: Counts 10, 11, 13, 14, and 15

The NYLL Claims (Counts 10-11 and 13-15) should be dismissed for lack of subject matter jurisdiction. Plaintiff does not plead that any of the NYLL Claims provide a basis for federal subject matters jurisdiction (and they do not) nor does he plead that diversity of citizenship exists amongst the parties. Thus, the NYLL causes of action should be dismissed. *See* Fed. R. Civ. P.

12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

Plaintiff seeks to base the Court's jurisdiction on supplemental jurisdiction. (Dkt. 27, Am. Compl., ¶¶ 2, 4.) Federal district courts have supplemental jurisdiction over any claim that is part of the same case or controversy as claims within the court's original jurisdiction. 28 U.S.C. § 1367. Federal and state law claims are part of the same case or controversy if they share a common nucleus of operative fact. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997) (holding that § 1367 codified the "common nucleus of operative fact" principle); *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004). Claims share a common nucleus of operative fact if the facts underlying the federal claim entail most or all of the facts underlying the state law claim. *See Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) ("[W]e have traditionally asked whether 'the facts underlying the federal and state claims substantially overlapped or the federal claim necessarily brought the facts underlying the state claim before the court'" (internal quotation marks and citations omitted).

The Second Circuit has recognized that "it is fundamental that needless decisions of state law should be avoided" and that a "district court ought not reach out for issues, thereby depriving state courts of opportunities to develop and apply state law." *Young v. N.Y.C. Transit Auth.*, 903 F.2d 146, 164 (2d Cir. 1990) (internal quotation marks and alterations omitted). Accordingly, courts routinely decline to exercise supplemental jurisdiction over state law claims that are not sufficiently connected to the federal claims at issue. *See Hernandez v. Mauzone Home Kosher Products of Queens, Inc.*, No. 12-cv-2327, 2013 WL 5460196, at *6-7 (E.D.N.Y. Sept. 30, 2013) (dismissing age discrimination claim *sua sponte* for lack of supplemental jurisdiction because

8

claims did not form part of same case or controversy as unpaid minimum and overtime wage claims).

Here, Plaintiff alleges employment discrimination under Title VII and § 1981 (and the SHRL and CHRL). The only connection between Plaintiff's federal claims and the NYLL Claims is that they arise out of the parties' employment relationship. This does not provide the "common nucleus of operative fact" necessary to support supplemental jurisdiction. *See Guerra v. Trece Corp.*, No. 18-cv-625, 2020 WL 7028955, at \*6-8 (S.D.N.Y. Nov. 30, 2020) (holding that discrimination claims under state and city law and wage and hour claims arising under the Fair Labor Standards Act ("FLSA") are not derived from the same nucleus of operative fact to warrant jurisdiction over state and city law decimation claims); *Dervisevic v. Wolfgang's Steakhouse, Inc.*, No. 19-cv-814, 2019 WL 6251197 (S.D.N.Y. Nov. 22, 2019) (employment relationship is not enough to sustain supplemental jurisdiction over state law discrimination claims in FLSA action).

Accordingly, Plaintiff's NYLL Claims do not "derive from a common nucleus of operative facts" as Plaintiff's claims under Title VII and § 1981 (or any of the remaining discrimination claims). Because there is no independent basis for this Court to exercise subject matter jurisdiction over the NYLL Claims pursuant to 28 U.S.C. § 1367(a), these claims should be dismissed.

## II. PLAINTIFF'S CLAIMS FOR ALLEGED VIOLATIONS OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NYLL FAIL AS A MATTER OF LAW: COUNT 11

Even if the Court declines to dismiss the NYLL Claims on jurisdictional grounds, dismissal is still warranted as to Plaintiff's cause of action for alleged violations of the NYLL's notice and recordkeeping provisions because Plaintiff lacks standing to maintain such a claim (Count 11). Federal courts have insisted that plaintiffs attempting to assert a claim based on technical violations of that statute establish a concrete injury-in-fact. *See, e.g., Wang v. XBB, Inc.*, 2022 WL 912592, at \*13 (E.D.N.Y. Mar. 29, 2022); *Francisco v. N.Y. Tex Care, Inc.*, 2022 WL 900603, at \*7

9

(E.D.N.Y. Mar. 28, 2022).

In the Amended Complaint, Plaintiff alleges, "Defendants failed to keep employee-specific records documenting, *inter alia*, actual hours worked in each week, in violation of [the NYLL] … [and] Defendants failed to furnish statements with pay and hour information to Plaintiff[.]" (Dkt. 27, Am. Compl., ¶¶ 156-157.) While those may be technical violations of the NYLL, Plaintiff does not demonstrate how those technical violations led to either a tangible injury or something akin to a traditional cause of action, and the Supreme Court has made clear that a statutory violation alone, without a tangible injury or close parallel to a traditional cause of action, does not constitute an injury that can be recognized by the federal courts." *Francisco*, 2022 WL 900603, at *7, citing *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021).

Here, the Amended Complaint contains no indication that Plaintiff suffered any concrete injury-in-fact as a result of these technical violations. Plaintiff "has not linked any injury-in-fact to Defendants' failure to provide statutory notices under the NYLL, so [he] lacks standing to recover on that claim." *Wang*, 2022 WL 912592, at *13. Plaintiff's novel attempt to allege an "injury-in-fact" in the Amended Complaint falls flat. Plaintiff now claims that "[d]ue to Defendants' failure to keep accurate records…Defendants failed to pay Plaintiff for all hours worked[,]" (Dkt. 27, Am. Compl., ¶ 158). This is insufficient to salvage his claim. *See e.g., Shi v. TL & CG Inc.,* No. 19-cv-08502, 2022 WL 2669156 , at *8 (S.D.N.Y. July 11, 2022) (dismissing plaintiff's wage notice claim for lack of standing and holding "Plaintiff's claimed monetary harm is purely hypothetical… Plaintiff has not demonstrated how or why the amount of his wage underpayment is greater than it would have been if he had been given a proper wage notice or proper wage statements."). The Amended Complaint fails to plausibly establish an injury-in-fact. As such, Plaintiff fails to meet his burden of establishing standing for his recordkeeping claim.

Accordingly, Plaintiff's eleventh cause of action should be dismissed.

### III.   PLAINTIFF'S AGE DISCRIMINATION CLAIMS FAIL AS A MATTER OF LAW: COUNTS 1, 2, AND 5

#### A.   Age Is Not A Protected Class Under Title VII

In Count I, Plaintiff alleges, *inter alia,* age discrimination in violation of Title VII.[11] (Dkt. 27, Am. Compl., ¶ 117.) Title VII prohibits an employer from discriminating against an employee because of the employee's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Age is not a protected class under Title VII. *Id.*; *Grays v. SDH Educ. West, LLC*, No. 16-cv-666, 2017 WL 2240227 (S.D.N.Y Mar. 23, 2017) (dismissing claim for age discrimination under Title VII).

Accordingly, Plaintiff's age discrimination claim under Title VII should be dismissed.

#### B.   Plaintiff Fails To State A Plausible Age Discrimination Claim

Even if Plaintiff had pled his federal age discrimination claim under the correct statute – ADEA – the claim should be dismissed because the Amended Complaint fails to properly assert a claim under the ADEA. Specifically, the Amended Complaint fails to allege that Plaintiff suffered an adverse employment action because of his age. Similarly, Plaintiff also fails to state an age discrimination under the SHRL and CHRL because he does not allege that he was treated less well than others due to his age. Accordingly, the Court should dismiss Plaintiff's age discrimination claims under federal, state, and city law.

##### i.   The Amended Complaint Fails To Properly Assert A Claim Of Age Discrimination Under Federal Law

It is well-settled that "to establish age discrimination under the ADEA, . . . an ADEA plaintiff must plausibly allege that he would not have [suffered an adverse employment action]

---

[11] In this Count, Plaintiff also alleges race discrimination and retaliation under Title VII. At this time, Corporate Defendants do not seek dismissal of those aspects of this Count.

but-for his age." *Lively v. Wafra Inv. Advisory Grp.*, 6 F.4th 293, 303 (2d Cir. 2021). To plausibly allege that an adverse action occurred because of age, the plaintiff "must plead facts plausibly suggesting 'that age was the 'reason' that [the employer] decided to act." *Lively*, 6 F.4th at 303 (quoting *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 176 (2009)). Thus, age must be the "but-for cause" of the adverse employment action "and not just a contributing or motivating factor." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010).

The Amended Complaint fails to satisfy Plaintiff's burden to plead that age was the but-for cause for any employment action. In fact, the Amended Complaint explicitly alleges that Plaintiff's reduction in hours and his discharge from the Company corresponded to his race and his race-based complaints, not his age. *See e.g.,* Dkt. 27, Am. Compl., ¶ 48 ("On several occasions Plaintiff complained to Defendants about Defendants' discriminatory treatment towards Hispanic and non-Hispanic employees. However, Defendants only retaliated thereafter until Plaintiff was terminated and/or constructively discharged.") This admission alone should eviscerate Plaintiff's contention that any adverse employment action was based on his age.

Further, Plaintiff's mere allegation that "he was [] the oldest employee" at the Company in or around April 2022 (Dkt 27, Am. Compl., ¶¶ 86-88), does not plausibly suggest an inference of age discrimination. *See Arnold v. Research Found. for State Univ. of N.Y.*, 216 F.Supp.3d 275, 281, 289 (E.D.N.Y. 2016) (denying a motion to amend to add age discrimination claims because the plaintiff failed to plead that age was the but-for cause of her termination under either statute, even though she pleaded that she "'was the oldest person in her position'"); *Caputo v. Copiague Union Free School Dist.*, 218 F.Supp.3d 186, 195 (E.D.N.Y. 2016) (no inference of age discrimination can be made "merely because [the] plaintiff was the oldest" and subjected to an investigation).

Accordingly, Plaintiff's age discrimination claim under federal law should be dismissed. Furthermore, pursuant to the January Order Plaintiff should not be given an opportunity to replead this claim under the ADEA.

### a.    The Alleged Remarks By Hammel And Levy Do Not Evidence Age-Based Animus Of A Decisionmaker

The Amended Complaint does not plead any facts that any manager suggested that Plaintiff accept a change in his duties on account of his age. In the absence of such allegations, Plaintiff's standalone assertion that Hammel and Levy "asked him when he was going to retire" (Dkt 27. Am. Compl., ¶ 35) fails to establish an inference of age discrimination. *See Dressler v. City Sch. Dist. Of the City of N.Y.*, 2016 WL 4367967, at *3 (S.D.N.Y. Aug. 15, 2016) (granting a motion to dismiss the plaintiff's ADEA claim where the plaintiff's supervisor's alleged comment designed to pressure him into retirement constituted nothing more than "an attempt to motivate retirement").

Next, Plaintiff's allegation that Hammel and Levy called him an "old man" and a "dinosaur" similarly fails to suggest an inference of age discrimination. Although "remarks made by decisionmakers" can lead to an inference of discriminatory motive, Plaintiff fails to sufficiently plead that either comment was connected to Corporate Defendants' decision to take an adverse employment action. *LaSalle v. City of N.Y.*, No. 13-cv-5109, 2015 WL 1442376, at *6-7 (S.D.N.Y. Mar. 30, 2015) (internal quotation marks and citations omitted). In determining "whether a comment is probative of intent to discriminate or whether it is a non-probative 'stray remark,'" courts consider four factors:

> (1) who made the remark, i.e., a decisionmaker, a supervisor, or a low-level co-worker;
>
> (2) whether the remark was made in relation to the employment decision at issue;
>
> (3) the content of the remark, i.e., whether a reasonable juror could view the remark as discriminatory; and
>
> (4) context in which the remark was made, i.e., whether it was related to the decision-making process.

154737616.1

*Schreiber v. Worldco, LLC,* 324 F.Supp.2d 512, 518-19 (S.D.N.Y. 2004) (citations omitted).

For purposes of the instant motion only, Corporate Defendants concede that Hammel and Levy are decisionmakers and/or supervisors. However, evaluating the second through fourth factors demonstrates that Plaintiff has failed to plead sufficient facts to demonstrate that either Hammel's or Levy's comments reflected an intent to discriminate. "Verbal comments can support an inference of discriminatory intent "if the plaintiff can establish a nexus between the alleged discriminatory remarks and the defendant's [adverse employment action.]" *Toney v. Prob. Dep't,* No. 15-cv-561, 2016 WL 859381, at *5-6 (E.D.N.Y. Jan. 28, 2016) (quoting *Del Franco v. N.Y.C. OffTrack Betting Corp.,* 429 F.Supp.2d 529, 536 (E.D.N.Y. 2006)). Absent this nexus, "isolated derogatory remarks by a decisionmaker alone do not raise an inference of discrimination." *Gonzalez v. Allied Barton Sec. Servs.*, No. 08-cv-9291, 2010 WL 3766964, at *5 (S.D.N.Y. Sept. 7, 2010); *see also Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998) ("[S]tray remarks, even if made by a decisionmaker, do not constitute sufficient evidence to make out a case of employment discrimination."). In short, the Amended Complaint fails to establish a causal connection between any alleged remarks and any adverse employment action.

For example, Plaintiff fails to allege whether any remark was made in relation to any employment decision. Plaintiff fails to provide a timeframe for when any alleged comments were made. Plaintiff also "fails to plead context necessary to determine whether [the alleged remarks] are *discriminatory* statements." *Brown v. N.Y. City Dep't of Educ.*, No. 20-cv-2424, 2021 WL 4943490, at *9 (S.D.N.Y. Aug. 31, 2021) (emphasis in original). Instead, Plaintiff pleads in conclusory fashion that he was discriminated against due to his age. This is insufficient to infer a discriminatory motive. *See Moore v. Verizon*, No. 13-cv-6467, 2016 WL 825001, at *24-25 (S.D.N.Y. Feb. 5, 2016) (granting motion to dismiss because a supervisor's comments regarding

plaintiff's age, such as "why don't you retire," and "are you old enough to retire" were "non-actionable stray remarks," because the remarks were "not alleged to have arisen in a context at all related to the decision to [take an adverse employment action]" against plaintiff).

Without context, these statements "are not detailed enough for Plaintiff to allege an inference of discrimination." *Brown*, 2021 WL 4943490, at *9 (holding that a plaintiff's pleading is insufficient to allege an inference of discrimination when the plaintiff failed to allege "when the statements were made" and "whether the[] statements were either temporally or substantively related to any adverse employment action"); *Lebowitz v. N.Y.C. Dep't of Educ.*, 407 F.Supp.3d 158, 176 (E.D.N.Y. 2017) (dismissing discrimination claim where the plaintiff alleged discriminatory remarks but "fail[ed] to plead any additional facts that would suggest" the defendants initiated the alleged adverse employment action because of this discriminatory animus).

As such, Plaintiff's age discrimination claim under federal law should be dismissed.

> **b.    Plaintiff Fails To Allege Any Similarly Situated Employees Outside Of His Protected Age Group Who Were Treated Better**

To raise an inference of discrimination, a plaintiff can "show[] that the employer treated plaintiff 'less favorably than a similarly situated employee outside his protected group'" *Mandell v. Cnty. of Suffolk & John Gallagher*, 316 F.3d 368, 379 (2d Cir. 2003) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)). "A plaintiff relying on disparate treatment evidence 'must show [he] was similarly situated in all material respects to the individuals with whom [he] seeks to compare [himself].'" *Mandell*, 316 F.3d at 379 (quoting Graham, 230 F.3d at 39).

Significantly, Plaintiff fails to identify any similarly situated employee under the age of 40 (or any employee at all), whom Corporate Defendants treated more favorably, which is fatal to his claim. *See e.g., Williams v. Classic Sec.*, No. 18-cv-1691, 2019 WL 4511953, at *5 (S.D.N.Y.

Sept. 18, 2019) (dismissing an ADEA discriminatory termination claim because "[plaintiff's conclusory allegation that 'other similarly [situated] employees … under the age of 40 are not reprimanded when its [sic] time for them to go home' is insufficient to satisfy his burden, at least absent additional facts regarding 'dates, ages, or reasons with respect to the termination [or reprimanding] of other employees'") (quoting *Marcus v. Leviton Mfg. Co.*, 661 F. App'x 29, 32 (2d Cir. 2016). Unlike *Williams*, where the plaintiff's allegations were conclusory and insufficient to withstand dismissal, here, Plaintiff makes absolutely no allegations whatsoever regarding any similarly situated employees. Thus, the same outcome is warranted – dismissal of a putative age discrimination claim under the ADEA.

### ii.    Plaintiff's Age Discrimination Claims Under SHRL And CHRL Fail

Under the SHRL, it is "an unlawful discriminatory practice ... [f]or an employer ... because of an individual's age, race … or national origin ... to discriminate against [an] individual in compensation or in terms, conditions or privileges of employment." Likewise, under the CHRL, it is an unlawful discriminatory practice for an employer to discriminate against an employee "because of the [employee's] age, race … [or] national origin." CHRL § 8-107(1). To support a discrimination claim under the SHRL or CHRL, a plaintiff need to show that he was "treated ... less well, at least in part for a discriminatory reason." *Khwaja v. Jobs to Move Am.*, No. 19-cv-7070, 2021 WL 3911290, at *3 (S.D.N.Y. Sept. 1, 2021) (internal citation omitted). Courts in this district routinely consider CHRL and SHRL claims together. *See e.g., Charles v. City of New York,* 21-cv-5567, 2023 WL 2752123, at *7 (S.D.N.Y. Mar. 31, 2023). Even under the SHRL's and CHRL's more liberal pleading standard, Plaintiff fails to sufficiently allege age discrimination.

As discussed in the preceding section, the Amended Complaint vaguely asserts a few age-related comments. However, these comments do not contain sufficient factual detail that would tend to indicate that Corporate Defendants treated him "less well" than anyone else. Indeed,

16

nowhere in the Amended Complaint does Plaintiff link any actions taken by Corporate Defendants to any discriminatory statement. *See DeLeon v. Teamsters Local 802, LLC*, No. 20-cv-00024, 2021 WL 1193191, at *11-13 (E.D.N.Y. Mar. 29, 2021) (dismissing an age discrimination claim under the CHRL because a pleading that "speculates that [] incidents are attributable to discriminatory animus or one form or another," without providing additional facts, "does not assert nonconclusory factual matter sufficient to nudge these claims across the line from conceivable to plausible") (citation omitted). The Amended Complaint contains no allegations that other similarly situated, but younger, employees were treated more favorably than him. *See Whittle v. Cty. of Sullivan*, No. 17-cv-725, 2017 WL 5197154 (S.D.N.Y. Nov. 8, 2017) (dismissing plaintiff's claims for failing to plead defendant treated him less favorably than a similarly situated employee outside his protected group). The absence of such allegations are fatal to Plaintiff's age discrimination claims.

Accordingly, Plaintiff fails to plausibly allege a claim of age discrimination under the SHRL or CHRL. As such, the Court should dismiss such claims.

## IV.  PLAINTIFF'S AIDING AND ABETTING CLAIMS FAIL AS A MATTER OF LAW BECAUSE A CORPORATION CANNOT AID AND ABET ITS OWN CONDUCT: COUNTS 4 AND 7

Plaintiff seeks to hold the Corporate Defendants liable for violations of the SHRL and CHRL under an "aiding and abetting" theory of liability. This is patently improper. Both the SHRL and the CHRL make it unlawful "for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article [or chapter], or attempt to do so." N.Y. Exec. Law § 296(6); N.Y.C. Admin. Code § 8-107(6). However, "[t]here can be no aider-and-abettor liability as to a corporate defendant for aiding and abetting its own conduct, nor can it be liable for aiding the individual defendants to aid its own conduct." *Bueno v. Eurostars Hotel Company, S.L.*, No. 21-cv-535, 2022 WL 95026, at *9 (S.D.N.Y Jan. 10, 2022) (quoting *Xiang v. Eagle Enterprises, LLC*, No. 19-cv-1752, 2020 WL 248941, at *11 (S.D.N.Y. Jan. 16, 2020).

17

Accordingly, Plaintiff's fourth and seventh causes of action should be dismissed.

**V.    PLAINTIFF'S INTERFERENCE WITH PROTECTED RIGHTS CLAIM FAILS AS A MATTER OF LAW BECAUSE PLAINTIFF DOES NOT ALLEGE THE EXISTENCE OF A THREAT: Count 8**

Plaintiff asserts that Defendants interfered with his protected rights in violation of the CHRL. (Dkt. 27, Am. Compl., ¶¶ 147-148). However, Plaintiff does not assert any factual allegations that support this claim.

N.Y.C. Admin. Code § 8-107(19) makes it unlawful "for any person to coerce, intimidate, threaten or interfere with…any person in the exercise or enjoyment of…any right granted or protected pursuant to (Section 8-107)". Furthermore, "[t]hreats are required to state a claim for violation of Admin Code §8-107(19)." *Garcia v. Comprehensive Ctr., LLC*, No. 17-cv-8970, 2018 WL 3919190, at *5 (S.D.N.Y. Aug. 16, 2018) (citations omitted). A "threat" is a "denunciation to a person of ill to befall him" or an "indication of impeding danger or harm." *Id.* (citing *United States v. Davila*, 461 F.3d 298, 301 (2d Cir. 2006)). Moreover, "there must [be] some affirmative threat beyond the adverse employment action itself." *Cadet v. Alliance Nursing Staffing of N.Y., Inc.*, 632 F.Supp. 202, 237 (S.D.N.Y. Sept. 2022) (citation omitted).

Plaintiff does not allege that Defendants threatened him. There are no allegations that any person made any comment of "impending danger or harm." Nor does the Amended Complaint allege that any threats were made to Plaintiff other than the alleged adverse employment actions about which he complains.

To the extent that Plaintiff relies on a March 2016 incident in which Hammel allegedly grabbed Plaintiff's neck (Dkt. 27, ¶ 25) to support the existence of a threat, such allegation fails because any claim based on this alleged action is barred by the CHRL's three-year statute of limitations period. *See* N.Y.C. Admin. Code § 8-502. Plaintiff's time to file a claim on this alleged act expired in March 2019, however, he did not initiate lawful action until "around September 3,

2020" when he allegedly filed a charge with the Equal Employment Opportunity Commission. (Dkt. 27, ¶ 5.) Accordingly, Plaintiff's eighth cause of action should be dismissed.

## VI.   PLAINTIFF'S SUPERVISORY LIABILITY CLAIMS FAIL AS A MATTER OF LAW BECAUSE THEY ARE DUPLICATIVE OF PLAINTIFF'S CHRL CLAIMS: COUNTS 9 AND 12

Plaintiff brings two claims against Corporate Defendants for supervisory liability under the CHRL.[12] The relevant provision provides that "[a]n employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section … where [t]he employee or agent exercised managerial or supervisory responsibility." N.Y.C. Admin. Law § 8-107(13). These claims fail because they are duplicative of Plaintiff's non-derivative, general CHRL claims. *See Singhal v. Doughnut Plant, Inc.*, No. 20-cv-3295, 2022 WL 976885, at *6 (S.D.N.Y. Mar. 31, 2022) (dismissing as duplicative plaintiff's supervisory liability claims under the CHRL because "[p]laintiff also brings non-derivative, general []CHRL claims against [corporate defendant].")

Accordingly, Plaintiff's nine and twelfth causes of action should be dismissed.

## VII.   PLAINTIFF'S PROMISSORY ESTOPPEL CLAIM FAILS AS A MATTER OF LAW: COUNT 16

Plaintiff's promissory estoppel claim fails as a matter of law for at least two independent reasons. First, promissory estoppel is not recognized in the employment context. Second, Plaintiff cannot establish the requisite elements of a promissory estoppel claim.

### A.   Promissory Estoppel is Not Recognized In The Employment Context

Plaintiff's promissory estoppel claim fails because it is well settled that "New York law

---

[12] Causes of action nine and twelve are nearly verbatim recitations of one another. Upon information and belief, Plaintiff mistakenly listed two separate causes of action under the N.Y.C. Admin. Law § 8-107(13). Corporate Defendants raised this point in the First Motion to Dismiss. (Dkt. 23, p. 28).

does not recognize promissory estoppel in the employment context." *Bessemer Tr. Co. v. Branin*, 498 F.Supp.2d 632, 639 (S.D.N.Y. 2007), *aff'd*, 618 F.3d 76 (2d Cir. 2010); *see also Andrews v. Sotheby Int'l Realty, Inc.*, No. 12-cv-8824, 2014 WL 626968, at *10 (S.D.N.Y. Feb. 18, 2014), *aff'd*, 586 F. App'x 76 (2d Cir. 2014) (granting motion to dismiss on this basis). Accordingly, Plaintiff's promissory estoppel claim "must be dismissed without further analysis." *Kramsky v. Chetrit Grp., LLC*, No. 10-cv-2638, 2011 WL 2326920, at *4 (S.D.N.Y. June 13, 2011).

### B.   Plaintiff's Promissory Estoppel Claim Fails On The Merits Because Plaintiff Does Not Allege A "Clear and Unambiguous Promise"

Even if New York law recognized promissory estoppel in the employment context, which it does not, dismissal of Plaintiff's promissory estoppel claim is still appropriate because the Amended Complaint fails to state a cognizable claim. To state a claim for promissory estoppel under New York law, a plaintiff must allege "1) a clear and unambiguous promise; 2) reasonable and foreseeable reliance on that promise; and 3) injury to the relying party as a result of the reliance." *Kaye v. Grossman*, 202 F.3d 611, 615 (2d Cir. 2000). "[P]romissory estoppel is a narrow doctrine typically applied only when the plaintiff has suffered an 'unconscionable injury' or when otherwise 'necessary to avoid injustice." *Dhir v. Carlyle Grp. Emp. Co.*, No. 166378. 2017 WL 4402566, at *9 (S.D.N.Y. Sept. 29, 2017) (citation omitted). Plaintiff's allegations are wholly insufficient to satisfy any elements, let alone all of them, of a promissory estoppel claim.

Here, the Amended Complaint is completely devoid of any allegations of a "clear and unambiguous" promise. Although Plaintiff baselessly asserts that "Defendants made a clear and unambiguous promise of employment to Plaintiff," (Dkt. 27, Am. Compl., ¶ 181), there are no allegations regarding what the alleged promise entails, who made this alleged promise, when this promise allegedly was made, and what context in which this promise was made. This is plainly

insufficient to form the basis of a promissory estoppel claim.

Moreover, Plaintiff's employment with Corporate Defendants was at-will and "[t]he law cannot be that an at-will employee can assert a claim for promissory estoppel to, in effect, ensure [his] continued employment." *Drummond v. Akselrad*, 23-cv-179, 2023 WL 3173780, at *9 (S.D.N.Y. May 1, 2023) (internal citation omitted).

Accordingly, Plaintiff's sixteenth cause of action should be dismissed.[13]

<u>**CONCLUSION**</u>

For all of the foregoing reasons, the Court should grant Defendants' motion for partial dismissal of the Amended Complaint with prejudice and without leave to replead, together with such other and further relief as the Court deems just and proper.

Dated: February 8, 2024          Respectfully submitted,
New York, New York

                                       **FOX ROTHSCHILD, LLP**

                                       <u>/s/ Glenn S. Grindlinger</u>
                                       Glenn S. Grindlinger, Esq.
                                       Devin S. Cohen, Esq.
                                       101 Park Avenue, 17th Floor
                                       New York, New York 10178
                                       (212) 878-7900

                                       *Attorneys for Defendants*
                                     *Palm West Corporation d/b/a the Palm West*
                                     *and Tryon & Stonewall Restaurant, Inc. f/k/a*
                                     *Landry's Seafood House – North Carolina, Inc.*

---

[13] Plaintiff's additional language fails to salvage his claim. He now alleges (new language in bold), "Defendant breached its promise by wrongfully denying Plaintiff his pay based upon a discriminatory and retaliatory basis and/or not fulfilling such promise and representations **by withholding pay for all hours worked including in excess of forty (40) hours**" and "**Defendants underpaid Plaintiff by failing to pay Plaintiff at all for hours worked including hours worked in excess of forty (40) hours**." (Dkt. 27, ¶¶ 183-184.) These allegations do not go to the predicate argument, namely that Plaintiff fails to allege a clear and unambiguous promise.