

101 Park Avenue, 17th Floor
New York, NY  10178
212.878.7900   212.692.0940
WWW.FOXROTHSCHILD.COM

GLENN S. GRINDLINGER
Direct Dial: 212-905-2305
Email Address: GGrindlinger@FoxRothschild.com

February 8, 2024

**VIA ECF**
Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

      Re:    *Ramos v. Palm West Corp. et al*
               Civil Action No.: 23-cv-09441-JMF
               **Joint Letter in Advance of Initial Pretrial Conference**

Dear Judge Furman:

We represent Defendants Palm West Corporation d/b/a Palm West ("Palm West")[1] and Tryon & Stonewall Restaurant, Inc. f/k/a Landry's Seafood House – North Carolina, Inc.[2] (collectively, "Corporate Defendants")[3] in the above-captioned matter. We write jointly, with counsel for Plaintiff Alberto Ramos ("Plaintiff", and together with Corporate Defendants, the "Parties"), in compliance with Rule 3(D) of Your Honor's Individual Rules and this Court's Orders, dated November 1, 2023 (Dkt. No. 9) and February 5, 2024 (Dkt. No. 28), requiring the Parties to file a joint letter in advance of the Initial Pretrial Conference.

[space intentionally blank]

---

[1] Incorrectly pled as Palm West Corporation d/b/a "The Palm."

[2] Incorrectly pled as Landry's Seafood House – North Carolina, Inc.

[3] As of the date of this submission, to Corporate Defendants' knowledge, neither Richard Hammel ("Hammel," and incorrectly pled as "Hammill") nor Craig Levy ("Levy") are parties to this action because Plaintiff has not effectuated service upon them.

A Pennsylvania Limited Liability Partnership

California  Colorado  Delaware  District of Columbia  Florida  Georgia  Illinois  Massachusetts  Minnesota  Missouri
Nevada  New Jersey  New York  North Carolina  Oklahoma  Pennsylvania  South Carolina  Texas  Washington

154666422.1
154738865.1

Honorable Jesse M. Furman
February 8, 2024
Page 2

## *Relevant Background and Procedural History*

Palm West previously employed Plaintiff as a server. On May 27, 2023, Plaintiff commenced this action in the Supreme Court of the State of New York, County of Bronx, through the filing of a Summons with Notice ("SWN"). (Dkt. No. 4-1.) There, Plaintiff alleged:

> The nature of this action arises from violations of inter alia, Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et. Seq. ("Title VII"), New York Executive Law, § 290, et seq. ["SHRL"], the Administrative Code of the City of New York 8-107 et seq. ["CHRL"]; the common laws of the State of New York and any and all other causes of action which are alleged and/or can be inferred from the facts set forth to redress the injuries Plaintiff has suffered as a result of, inter alia, age discrimination, national origin discrimination, race discrimination, hostile work environment, retaliation, and unlawful termination.

(*Id.*) [4]

On October 27, 2023, Corporate Defendants removed the action to this Court based on federal question jurisdiction. (Dkt. 4.) On December 29, 2023, Corporate Defendants filed a motion to dismiss the claims asserted in the SWN. (Dkt. 10.) In response to that motion, Plaintiff filed the Complaint. (Dkt. 20.) Then, on December 29, 2023, Corporate Defendants filed a motion for partial dismissal. (Dkt. 22.) In response to that motion, on January 23, 2024, Plaintiff filed the Amended Complaint. (Dkt. 27.) The Amended Complaint includes, *inter alia*, discrimination claims under federal, state, and city laws (collectively, the "Discrimination Claims") and wage and hour claims under the New York Labor Law ("NYLL") (collectively, the "NYLL Claims.")

Earlier today, February 8, 2024, Defendants filed a motion for partial dismissal of the Amended Complaint (the "Motion for Partial Dismissal"). (Dkt. 29.) In pertinent part, Corporate Defendants seek dismissal of: (1) certain aspects of the Discrimination Claims due to Plaintiff's failure to state a claim; and (2) the NYLL Claims due to the Court's lack of subject matter jurisdiction. On February 6, 2024, Plaintiff's counsel advised that Plaintiff intends on filing a motion to remand due to lack of subject matter jurisdiction and Defendants' "fraudulent removal." *See also* Am. Compl., n.2. Upon information and belief, that motion will be filed on or before February 12, 2024.

Given the Motion for Partial Dismissal and Plaintiff's anticipated motion to remand (collectively, the "Motions"), the Parties respectfully request that the Court stay all discovery obligations (including attendance at a Pretrial Conference) pending a decision on the Motions.

---

[4] The SWN did not assert any claims or allegations for purported violations of the New York Labor Law ("NYLL").

Honorable Jesse M. Furman
February 8, 2024
Page 3

Notwithstanding the foregoing, in compliance with Rule 3(D) of Your Honor's Individual Rules and this Court's Orders, dated November 1, 2023 (Dkt. No. 9) and February 5, 2024 (Dkt. No. 28), the Parties hereby submit the following:

**(1) A statement indicating whether the parties believe they can do without the initial pretrial conference altogether.**

    a. **By the Parties:** Respectfully, the Parties believe that it is premature to engage in discovery (including attendance at a Pretrial Conference) due to the pending Motion for Partial Dismissal and the anticipated motion to remand. Respectfully, the Parties request that all discovery (including attendance at a Pretrial Conference), be stayed, pending resolution of the Motions.

    If the initial pretrial conference is held, counsel for the Parties are available to appear at the following dates/time:

- February 13:   9:00 a.m. – 3:00 p.m.
- February 16:   9:00 am – 3:00 p.m.

**(2) A brief statement of the nature of the action and the principal defenses thereto.**

    a. **By Plaintiff:** Plaintiff brings this action against Defendants, individually and collectively for discrimination, a hostile work environment, retaliatory work environment, retaliation, and unlawful termination and/or constructive discharge on the basis of his race, national origin, and age. Plaintiff also brings this action for Defendants' failure to pay Plaintiff for all hours worked including overtime and Defendants' failure to give proper notices under the NYLL.

    b. **By Corporate Defendants:** Corporate Defendants deny that they or any of their employees harassed or discriminated against Plaintiff at any point. Corporate Defendants also deny that they retaliated against Plaintiff. In addition, Corporate Defendants contend that Plaintiff was fully compensated for all hours worked during his employment and that at all times, he was given proper notices under the NYLL.

**(3) A brief explanation of why jurisdiction and venue lie in this Court.**

    a. **By Plaintiff:**

        i. **Jurisdiction:** Plaintiff argues that jurisdiction is not proper in this Court because Defendants improperly and prematurely removed this action before a pleading was filed under 28 U.S. Code § 1446. Additionally, Defendants basis for removal was federal question jurisdiction because Plaintiff included Title VII in the Summons with Notice, however Defendants initially filed a Motion to Dismiss for failure to meet the Title VII exhaustion of Administrative Remedies requirement. See Dkt No. 11. After

>> Plaintiff filed his Complaint, Defendants partially moved to dismiss for lack of subject matter jurisdiction on Plaintiff's New York Labor Law claims (See Dkt No. 23) which is not only a waste of judicial resources and costs but specifically why Defendants should have complied with 28 U.S. Code § 1446 and waited until a pleading and/or the Complaint was filed before considering removal.
>
> ii. **Venue:** Venue is improper because this action should not have been removed and should be remanded to Bronx County, New York State Supreme Court.
>
> b. **By Corporate Defendants:**
>
> i. **Jurisdiction:** This Court has jurisdiction over this action based on federal question jurisdiction because Plaintiff alleges claims under Title VII and 42 U.S.C. § 1981 ("§ 1981").[5] As discussed in the Motion for Partial Dismissal, the Court does not have subject matter jurisdiction over the NYLL Claims (and Plaintiff's claim for promissory estoppel) because they do not derive from the common nucleus of operative fact as the Discrimination Claims. At the time of removal, Corporate Defendants were unaware of Plaintiff's intention to bring the NYLL Claims.
>
> Corporate Defendants vehemently disagree with Plaintiff's contention that removal was "improper or premature." Plaintiff purportedly served Corporate Defendants with the SWN on September 27, 2023. The SWN contained an explicit reference to a claim under Title VII. Thus, Corporate Defendants had thirty (30) days from September 27, 2023 to remove the matter or their ability to do so would have been waived. *See Artists Rts. Enf't Corp. v. Jones*, 17-CV-3189, 257 F.Supp.3d 592 (S.D.N.Y 2017) citing *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196-205-06 (2d Cir. 2001) ("To start the clock for removal, an initial pleading must, on its face, enable the defendant to intelligently ascertain removability.... A summons with notice may constitute an initial pleading if it provides sufficient information from which a defendant can ascertain removability); *see also Sukla v. Meta Platforms Inc.*, 23-CV-10150, 2024 WL 248775, at *2 (S.D.N.Y. Jan. 8, 2024) ("[removal must occur] within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.... 28 U.S.C. § 1446 (b)(1)). Moreover, Corporate Defendants contend that it is entirely appropriate to remove an action based on federal question jurisdiction and subsequently file a motion to dismiss for lack of subject matter jurisdiction. Plaintiff has not provided Corporate

---

[5] The SWN alleged violations under *inter alia* Title VII (Dkt. 4-1). The Amended Complaint added a claim under § 1981.

        Defendants with any case law to suggest that Corporate Defendants have acted "improperly."

    ii. **Venue:** Venue is proper because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Corporate Defendants removed this action on October 27, 2023 (Dkt. 4.) The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Thus, Plaintiff had thirty (30) days from October 27, 2023 to file a motion to remand the case, yet Plaintiff failed to do so and his time has expired.

**(4) A statement of all existing deadlines, due dates, and/or cut-off dates.**

  a. <u>**By the Parties:**</u> On February 8, 2024, Corporate Defendants filed the Motion for Partial Dismissal (Dkt. No. 29). Plaintiff's opposition is currently due February 29, 2024. There are no other existing deadlines, due dates, and/or cut-off dates.

**(5) A brief description of any outstanding motion.**

  a. **By Plaintiff:** Plaintiff anticipates filing a motion to remand and motion for extension of time to serve the individually named defendants on or before February 12, 2024. Prior to Defendants' removal of this action, on September 29, 2023, Plaintiff filed a motion requesting an extension of time to serve the individual Defendants, in Bronx County Supreme Court.

  b. **By Corporate Defendants:** On February 8, 2024, Corporate Defendants filed the Motion for Partial Dismissal (Dkt. No. 29). There, Corporate Defendants seek dismissal of the following causes of action:

- Plaintiff's age discrimination claims under Title VII (Count 1), the SHRL (Count 2), and CHRL (Count 5).
- Plaintiff's aiding and abetting claims under the SHRL (Count 4) and CHRL (Count 7):
- Plaintiff's interference with protected rights claim under the CHRL (Count 8);
- Plaintiff's supervisory liability under the CHRL claims (Counts 9 and 12);
- Plaintiff's claims for violations of the NYLL (Counts 10-11 and 13-15); and
- Plaintiff's promissory estoppel claim (Count 16).

At this time, Corporate Defendants do not believe that there is any merit to Plaintiff's anticipated motion to remand. Corporate Defendants removed this action on October 27, 2023 (Dkt. 4.) The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part, "[a] motion to remand the case on

the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Thus, Plaintiff had thirty (30) days from October 27, 2023 to file a motion to remand the case, yet Plaintiff failed to do so and his time has expired.

**(6) A brief description of any discovery that has already taken place, including discovery pursuant to the Initial Discovery Protocols, and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations.**

    a. **By the Parties:** Discovery is yet to commence and the Parties believe that it is premature to engage in discovery at this time due to the pending Motion for Partial Dismissal and the anticipated motion to remand.

**(7) A brief description of the status of prior settlement discussions, including the date, the parties involved and the approximate duration of such discussions, if any.**

    a. **By the Parties:** On November 21, 2023, the Parties had a telephone conversation that lasted approximately five minutes. There, Plaintiff relayed an opening demand; counsel for the Corporate Defendants have not provided a counteroffer. Corporate Defendants contend that they are not able to relay a legitimate response given the uncertainty of the viability of many of Plaintiff's claims.

**(8) A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms of whether or how the Court could facilitate settlement of the case (for example, through a(nother) settlement conference before the assigned Magistrate Judge or as part of the Court's Mediation Program).**

    a. **By Plaintiff:** Plaintiff is amenable to appearing for a settlement conference and/or participating in the Court's Mediation Program.

    b. **By Corporate Defendants:** Upon resolution of the Motion for Partial Dismissal, Corporate Defendants will likely be amenable to appearing for a settlement conference and/or participating in the Court's Mediation Program. Corporate Defendants believe that it would be premature to participate in such proceedings at this time given the uncertainty of the viability of many of Plaintiff's claims.

    c. **By the Parties:** The Parties have discussed the use of alternative dispute resolution mechanisms, but were unable to come to an agreement on the use of such mechanisms.

**(9) Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial.**

Honorable Jesse M. Furman
February 8, 2024
Page 7

      a. **By the Parties:**     As discussed above, the Parties respectfully request that the Court stay all discovery obligations (including attendance at a Pretrial Conference) pending a decision on the Motions.

We thank the Court for its time.

                                      Respectfully submitted,

                                      FOX ROTHSCHILD LLP
                                    /s/ *Glenn S. Grindlinger*
                                    Glenn S. Grindlinger
                                    Devin S. Cohen

cc:     All counsel of record via ECF