# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBERTO RAMOS,<br><br>              Plaintiff,<br><br>   v.<br><br>PALM WEST CORPORATION,<br>PALM WEST CORPORATION D/B/A "THE PALM",<br>LANDRY'S SEAFOOD HOUSE - NORTH CAROLINA, INC.,<br>RICHARD HAMMILL, Individually<br>and CRAIG LEVY, Individually<br><br>              Defendants. | Civil Action No. 1:23-cv-09441-JMF |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

 

**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York, New York 10178
(212) 878-7900
(212) 692-0940 (fax)

*Attorneys for Defendants Palm West Corporation d/b/a the Palm West and Tryon & Stonewall Restaurant, Inc. f/k/a Landry's Seafood House – North Carolina, Inc.*

<u>On Brief:</u>

Glenn S. Grindlinger, Esq.
Devin S. Cohen, Esq.

Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), Defendants Palm West Corporation d/b/a Palm West[1] and Tryon & Stonewall Restaurant, Inc. f/k/a Landry's Seafood House – North Carolina, Inc.[2] (collectively, "Corporate Defendants"),[3] respectfully submit this Memorandum of Law in support of their motion to dismiss the claims asserted by Plaintiff Alberto Ramos ("Plaintiff") in this action. As discussed below, Plaintiff has failed to comply with conditions precedent to suit and the papers initiating this action utterly fail to comply with applicable pleading standards. Accordingly, Corporate Defendants respectfully request that the Court dismiss this action in its entirety.

## PROCEDURAL HISTORY

### A. This Lawsuit

On May 27, 2023, Plaintiff commenced this lawsuit in the Supreme Court of the State of New York, County of Bronx, through the filing of a Summons with Notice ("SWN"), alleging claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). (Dkt. 4-1.) Plaintiff alleges he "has suffered as a result of, *inter alia*, age discrimination, national origin discrimination, hostile work environment, retaliation, and unlawful termination."[4] (*Id*.) On September 27, 2023, Plaintiff purportedly served Corporate Defendants with the SWN. (Dkt. 4-2.) On October 27, 2023, this action was timely removed to this Court. As of the date of this

---

[1] Incorrectly pled as Palm West Corporation d/b/a "The Palm."
[2] Incorrectly pled as Landry's Seafood House – North Carolina, Inc. This entity is not a proper party to this action as it did not employ Plaintiff at any point. Defendants reserve the right to seek dismissal on this basis.
[3] As of the date of this submission, to Corporate Defendants' knowledge, neither Richard Hammel ("Hammel," and incorrectly pled as "Hammill") nor Craig Levy ("Levy") are parties to this action because Plaintiff has not effectuated service upon them.
[4] Plaintiff does not explicitly allege a violation of the Age Discrimination in Employment Act ("ADEA"), but for purposes of this motion, Corporate Defendants assume that such a claim is contemplated.

submission, Plaintiff has not served Corporate Defendants with a complaint.  In the SWN, Plaintiff does not allege that he has obtained a Right to Sue Letter from the Equal Employment Opportunity Commission ("EEOC") nor does the SWN satisfy applicable pleading standards set forth by the United States Supreme Court.

### B. The Summons with Notice

In pertinent part, the SWN provides, "The nature of this action arises from violations of *inter alia*," Title VII, the NYSHRL and the NYCHRL … "which are alleged and/or can be inferred from the facts set forth to redress the injuries Plaintiff has suffered as a result of, *inter alia,* age discrimination, national origin discrimination, race discrimination, hostile work environment, retaliation, and unlawful termination. (Dkt. 4-1.)  The SWN is completely devoid of any factual allegations.  (*Id.*)

## ARGUMENT

### I. LEGAL STANDARD APPLICABLE TO MOTION TO DISMISS

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and there must be "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (citing *id.*).  Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'"; nor will "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

A claim is not facially plausible unless "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

To avoid dismissal, a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557.

## II. PLAINTIFF'S TITLE VII AND ADEA CLAIMS FAIL AS A MATTER OF LAW

Under Title VII and the ADEA, a plaintiff may not file suit in court unless he first timely files a charge with the EEOC and has received a notice of right to sue from the EEOC. *Williams v. New York City Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006) (citing *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001)); *see also Spurlock v. NYNEX*, 949 F. Supp. 1022, 1026-27 (W.D.N.Y. 1996) (holding that EEOC exhaustion is required in ADEA claims). Exhaustion of administrative remedies, "remains…an essential element of Title VII's statutory scheme, … and one which defendants are entitled to insist that plaintiffs comply.'" *Muhammad v. N.Y.C. Transit Auth.*, 450 F. Supp. 2d 198, 205 (E.D.N.Y. 2006) (quoting *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000)).

Plaintiff has failed to meet this requirement. From the SWN, there is no indication that, before filing this action, Plaintiff filed a charge with the EEOC. *See generally*, Dkt. 4-1. Nor are there any facts pled to suggest that he received a right to sue notice if he did file an EEOC charge. (*Id.*) Because Plaintiff failed to satisfy these procedural prerequisites, Plaintiff's Title VII and ADEA claims are barred. *See, e.g.*, *Davis v. Metro N. Commuter R.R.,* No. 21-cv-387, 2022 WL 2223018, at *8 (S.D.N.Y. June 21, 2022) ("Where a plaintiff fails to provide a right-to-sue letter from the EEOC and does not allege that plaintiff received or attempted to procure such letter, courts have dismissed the Title VII claims."); *Staten v. Patrolmen's Benevolent Ass'n of City of New York, Inc.*, 282 F. Supp. 3d 734, 742 (S.D.N.Y. 2017) (dismissing claims where plaintiff did not receive a right-to-sue letter before bringing suit) *aff'd*, 736 F. App'x 17 (2d Cir. 2018).

Accordingly, Plaintiff's Title VII and ADEA claims should be dismissed.

4

### III. PLAINTIFF FAILS TO SUFFICIENTLY PLEAD ANY CLAIMS

Assuming *arguendo* that Plaintiff filed a charge with the EEOC alleging Title VII and ADEA violations, and he has received a right to sue letter from the EEOC, the Court should still dismiss the action because Plaintiff's SWN fails to meet the applicable pleading standards under Supreme Court precedent.

#### A. Plaintiff's National Origin and Race Discrimination Claims Under Title VII Fail.

For employment discrimination claims brought under Title VII, a plaintiff must "alleg[e] facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). Ultimately, the plaintiff must show that "(1) [he] was within the protected class; (2) [he] was qualified for the position; (3) [he] was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination." *Harris v. NYC Hum. Res. Admin.*, No. 20 Civ. 2011 (JPC), 2021 WL 3855239, at *6 (S.D.N.Y. Aug. 27, 2021) (internal quotation marks omitted).

The SWN is devoid of any allegation to suggest that Corporate Defendants took any adverse actions against Plaintiff because of his national origin or race. Plaintiff does not even identify his national origin or his race. Courts routinely dismiss discrimination claims that contain similarly vague allegations. *See, e.g., Etheridge v. Allied Barton Sec. Servs., LLC.*, No. 12-cv-1745(ENV)(JO), 2012 WL 1965410, at *2 (E.D.N.Y. May 31, 2012) (dismissing a complaint where the plaintiff checked a box that he was discriminated against, but failed "to allege any facts showing that he was terminated based on his color or otherwise under circumstances giving rise to an inference of discrimination."); *Maurice v. Eulen Am.*, No. 12-cv-6345 (RRM)(LB), 2013 WL 55817, at *2 (E.D.N.Y. Jan. 3, 2013) (dismissing a Title VII claim where the plaintiff checked the

5

box in the complaint that she was discriminated against but failed to allege any facts to suggest that his termination was based on a protected class).

Accordingly, Plaintiff's Title VII discrimination claims should be dismissed.

### B. Plaintiff's Age, National Origin, and Race Discrimination Claims Under the NYSHRL and NYCHRL Fail.

Under the NYSHRL, it is "an unlawful discriminatory practice ... [f]or an employer ... because of an individual's age, race … or national origin ... to discriminate against [an] individual in compensation or in terms, conditions or privileges of employment." Likewise, under the NYCHRL, it is an unlawful discriminatory practice for an employer to discriminate against an employee "because of the [employee's] age, race … [or] national origin." NYCHRL § 8-107(1). A plaintiff need only show that he was "treated ... less well, at least in part for a discriminatory reason." *Khwaja v. Jobs to Move Am.*, No. 19-cv-7070 (JPC), 2021 WL 3911290, at *3 (S.D.N.Y. Sept. 1, 2021) (internal citation omitted). Courts in this district routinely consider NYCHRL and NYSHRL claims together. *See e.g., Charles v. City of New York,* 21-cv-5567, 2023 WL 2752123, at *7 (S.D.N.Y. Mar. 31, 2023).

Here, Plaintiff has failed to sufficiently allege any age, national origin or race discrimination claims under the NYSHRL or the NYCHRL. As stated in the preceding section, Plaintiff fails to identify his national origin or race; he similarly fails to identify his age. Ultimately, the SWN is completely devoid of any allegation to suggest Plaintiff was treated "less well" because of any discriminatory reason. The SWN contains no substance or context for the Court to infer that any alleged actions taken against Plaintiff concerned his membership in any protected category.

Therefore, Plaintiff's discrimination claims under the NYSHRL and the NYCHRL should be dismissed.

6

### C. Plaintiff's Age Discrimination Claims Under the ADEA Fail.

"In order to establish a prima facie case of age discrimination [under the ADEA], [a plaintiff] must show (1) that []he was within the protected age group, (2) that []he was qualified for the position, (3) that []he experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010). If Plaintiff is unable to establish any of the required elements of his prima facie claim, his ADEA claim is subject to immediate dismissal. *See Shumway v. United Parcel Service*, 118 F.3d 60, 65 (2d Cir. 1997).

As with his Title VII, NYSHRL, and NYCHRL claims, the SWN is devoid of any allegation to suggest that Corporate Defendants took any adverse actions against him based on his age. Even though Plaintiff alleges that he was subjected to age discrimination, this allegation alone falls far short of what is required to adequately plead an age discrimination claim. *See Collins v. Palmolive*, No. 16-cv-3366 (RRM)(LB), 2017 WL 927609, at *3 (E.D.N.Y. Mar. 8, 2017) (dismissing the plaintiff's ADEA claim where Plaintiff "simply check[ed] the box the employment discrimination form…[because] [at] a minimum, an ADEA claimant must inform the Court and the defendant why she believes age discrimination existed."). As such, Plaintiff's purported ADEA claims should be dismissed based upon this basis alone.

### D. Plaintiff's Retaliation Claims Under Title VII, the ADEA, the NYSHRL and the NYCHRL Fail.

Title VII, the ADEA, the NYSHRL, and the NYCHRL each provide a cause of action for individuals who are retaliated against for protesting discrimination that is forbidden under these anti-discrimination laws. *See Vega*, 801 F.3d 72, 89–91 (2d Cir. 2015) (Title VII and ADEA); *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir.

2013) (NYSHRL); *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102 112 (2d Cir. 2013).

To state a retaliation claim under these statutes, a plaintiff must plausibly allege that he "participat[ed] in a protected activity," that his employer "knew of the protected activity," and that there is "a causal connection between the protected activity" and a retaliatory employment action. *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (citation omitted) (Title VII); *see Kopchik v. Town of E. Fishkill, N.Y.*, 759 F. App'x 31, 34-35 (2d Cir. 2018) (adopting pleading requirement of a claim of retaliation under Title VII for a claim of retaliation under the ADEA); *see Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013) (NYSHRL); *Adams v. City of N.Y.*, 837 F. Supp. 2d 108, 128 (E.D.N.Y. 2011) (NYCHRL); *see also Kraiem v. Jones Trading Institutional Servs. LLC*, 571 F. Supp. 3d 53, 60 (S.D.N.Y. 2021).

The type of causation required by the statutes varies. "Title VII [and ADEA] retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013). Under the NYCHRL, "a plaintiff need only allege that retaliatory animus played *some* role in the employer's decision." *Cardwell*, 2020 WL 6274826, at *37. Courts have reached differing conclusions about which of those standards applies to claims under the NYSHRL. *Id.*

Plaintiff's retaliation claims are deficient under each statutory standards because plaintiff has not plausibly alleged that he engaged in any protected activity of which Corporate Defendants were aware. Here, Plaintiff does not allege that he engaged in protected activity or that he suffered any materially adverse action due to his participation in said protected activity. *See Henry v. N.Y.C. Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 412 (S.D.N.Y. 2014) (The plaintiff "fail[ed] to state with even a modicum of specificity when the relevant events occurred. Such conclusory

8

allegations are simply too vague in nature and non-specific as to time to serve as a basis for her retaliation claims."). Plaintiff cannot plausibly allege a causal connection between participation in any protected activity and a related employment action. In short, Plaintiff's vague and conclusory allegations are insufficient to allege a viable retaliation claim. *See Smolen v. Nevins*, No. 17-cv-7494 (VB), 2019 WL 339637, at *4 (S.D.N.Y. Jan. 28, 2019) ("Plaintiff's retaliation claims are therefore conclusory and do not plausibly give rise to an inference of retaliation).

Accordingly, to the extent that Plaintiff attempts to assert any retaliation claims, they should be dismissed.

## IV. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING CLAIMS

If the Court grants the portion of this motion seeking dismissal of Plaintiff's federal claims (Title VII and the ADEA), but declines to dismiss any of Plaintiff's state law claims, it should decline to exercise supplemental jurisdiction over any such claims that Plaintiff seeks to raise through the SWN. *See generally*, 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a [state-law] claim ... if ... the district court has dismissed all claims over which it has original jurisdiction ...."); *see also Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state-law claims where no federal claims remained).

## CONCLUSION

For all of the foregoing reasons, the Court should grant Defendants' motion to dismiss Plaintiff's action in its entirety with prejudice and without leave to replead, together with such other and further relief as the Court deems just and proper.

9

Dated: November 3, 2023
New York, New York

Respectfully submitted,

By: /s/ Glenn S. Grindlinger
Glenn S. Grindlinger
Devin S. Cohen
**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York NY 10178
Telephone: (212) 878-905-2305
Facsimile: (212) 692-0940
ggrindlinger@foxrothschild.com
dscohen@foxrothschild.com

*Attorneys for Defendants
Palm West Corporation d/b/a the Palm West
and Tryon & Stonewall Restaurant, Inc. f/k/a
Landry's Seafood House – North Carolina,
Inc.*