UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ALBERTO RAMOS,

Case No.: 23-cv-09441

Plaintiff,

-against-

PALM WEST CORPORATION,
PALM WEST CORPORATION
D/B/A "THE PALM",
LANDRY'S SEAFOOD HOUSE - NORTH
CAROLINA, INC.,
RICHARD HAMMILL, Individually
and CRAIG LEVY, Individually

Defendants.
-----------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

**DEREK SMITH LAW GROUP, PLLC**
One Pennsylvania Plaza, Suite 4905
New York, New York, 10119
Tel.: (212) 587-0760
*Attorneys for Plaintiff*

# TABLE OF CONTENTS

Page

ATTORNEY AFFIRMATION……………………………………………………………...……1

PRELIMINARY STATEMENT………………………………….………………………....1

ARGUMENT…………………………………………………………………....………..…2

I. STANDARD FOR REMOVAL AND REMAND……………………….………......2

II. THE COURT LACKED SUBJECT MATTER JURISDICTION AT TIME OF REMOVAL…………………………………………4

III. STATE LAW CLAIMS DOMINATE THE COMPLAINT WARRANTING REMAND………………………………………….6

CONCLUSION………………………………………………………………………………7

**TABLE OF AUTHORITIES**

**Page(s)**

*Alvarado v. Sweetgreen, Inc.*,
No. 23-cv-8948 (LJL), 2024 U.S. Dist. LEXIS 8514, at *15-16 (S.D.N.Y. Jan. 17, 2024)…..2

*Baas v. Elliot*,
71 F.R.D. 693, 694…...4

*Broder v. Cablevision Sys. Corp.*,
418 F.3d 187, 194 (2d Cir. 2005)…6

*Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*,
368 F.3d 86, 100 (2d Cir. 2004)…...3

*Caterpillar Inc. v. Williams*,
482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)…3, 4

*Christianson v. Colt Indus. Operating Corp.*,
486 U.S. 800, 810, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988)…...6

*Crawford v. Mokhtari*,
842 F. Supp. 840, 1994 U.S. Dist. LEXIS 4063 (D. Md. 1994), dismissed, 1994 U.S. Dist. LEXIS 4084 (D. Md. Feb. 7, 1994), aff'd, 30 F.3d 129, 1994 U.S. App. LEXIS 26693 (4th Cir. 1994)…..3

*Diaz v. Crowley Liner Servs.*,
281 F. Supp. 2d 340, 352 (D.P.R. 2003)…..6

*Fax Telecommunicaciones Inc. v. AT&T*,
138 F.3d 479, 486 (2d Cir. 1998)…2, 6

*Finnegan v. Marianjoy Rehab. Hosp. & Clinics, Inc.*,
316 F. Supp. 2d 662, 2004 U.S. Dist. LEXIS 7942 (N.D. Ill. 2004)…...5

*Gully v. First Nat'l Bank*,
299 U.S. 109, 115, 81 L. Ed. 70, 57 S. Ct. 96 (1936)…..3

*Hiciano v. Tower W., Inc.*,
No. 15-CV-2117 (JMF), 2015 U.S. Dist. LEXIS 74694, at *9 (S.D.N.Y. June 9, 2015)….6

*Lafayette-Boynton Apartment Corp. v. Lopez*,
No. 21-CV-7997 (JMF), 2022 U.S. Dist. LEXIS 114364, at *6 (S.D.N.Y. June 28, 2022)…4, 6

*Miller v. Syracuse Univ.*,

No. 5:21-CV-1073 (LEK/TWD), 2022 U.S. Dist. LEXIS 187037, at *7 n.2 (N.D.N.Y. Oct. 13, 2022)……………………………………………………………………..5

*Ortiz v. City of New York*,
2013 U.S. Dist. LEXIS 78641, *7-8……………………………………………………6

*Pettit v. Arkansas Louisiana Gas Co.*,
377 F. Supp. 108, 48 Oil & Gas Rep. 491, 1974 U.S. Dist. LEXIS 8247 (E.D. Okla. 1974)…………………………………………………………………….5

*Rivet v. Regions Bank of La.*,
522 U.S. 470, 475, 139 L. Ed. 2d 912, 118 S. Ct. 921 (1998)…………………………….3

*Rubin v. MasterCard Int'l, LLC*,
342 F. Supp. 2d 217, 218 (S.D.N.Y. 2004)………………………………………………..3

*Sullivan v. Am. Airlines, Inc.*,
424 F.3d 267, 271 (2d Cir. 2005)…………………………………………………………3

*Syeed v. Bloomberg L.P.*,
568 F. Supp. 3d 314, 345 (S.D.N.Y. 2021)………………………………………………..7

*Tanner v. Heffernan Ins. Brokers, Inc.*,
No. 6:19-cv-00255(BKS/TWD), 2019 U.S. Dist. LEXIS 69057, at *10-11 (N.D.N.Y. Apr. 24, 2019)……………………………………………………….3

*Vermont v. Exxon Mobil Corp.*,
2024 U.S. Dist. LEXIS 20497, *8………………………………………………………...3

*Whitaker v. American Telecasting, Inc.*,
261 F.3d 196, 205 (2d Cir. 2001)…………………………………………………………3

*Zhirovetskiy v. Zayo Grp.*,
No. 17-cv-05876, 2018 U.S. Dist. LEXIS 240602, at *4 (N.D. Ill. Mar. 7, 2018)………..5

Statutes

28 U.S.C. §1446……………………………………………………………………………...1

28 U.S.C. § 1447(c)…………………………………………………………………………2

28 U.S.C. §§ 1331, 13………………………………………………………………………..2

**ATTORNEY AFFIRMATION**

I, Melissa Mendoza, Esq. am an attorney at the Derek Smith Law Group, PLLC, counsel for Plaintiff, Alberto Ramos, in the above referenced case. I respectfully submit this Memorandum of Law, Affirmation in Support of Plaintiff's Motion to Remand, Exhibits attached thereto, and affirm the following under penalty of perjury.

**PRELIMINARY STATEMENT**

Plaintiff brings this motion as a matter of efficiency, fairness, and practicality. This action was improperly removed by Defendants on October 27, 2023 as the Court did not have subject matter jurisdiction at that time.

By way of background, On October 27, 2023, Defendants removed the action to this Court based on federal question jurisdiction. See Dkt. No. 4. On December 29, 2023, Defendants filed a motion to dismiss the claims asserted in the Plaintiff's Summons with Notice. See Dkt. 10. Due to Defendants' improperly filed motion, Plaintiff was forced to file the Complaint in this Court. See Dkt. No. 20. Thereafter on December 29, 2023, Defendants filed a motion for partial dismissal. See Dkt. No 22. On January 23, 2024, Plaintiff filed the Amended Complaint. See Dkt. No 27. The Amended Complaint discrimination and retaliation claims under federal, state, and city laws and wage and hour claims under the New York Labor Law ("NYLL").

Defendants claim the Plaintiff's Summons with Notice qualified as the "initial pleading" in this matter for purposes of removal under 28 U.S.C.§1446, however it is undisputed, Defendants could not intelligently ascertain from Plaintiff's Summons with Notice whether federal question jurisdiction existed at the time of removal because their initial motion was dismissal for failure to exhaust administrative remedies under Title VII. See Dkt No. 11. Thereafter when Defendants learned Plaintiff did exhaust administrative remedies, Defendants attempted and are attempting to

dismiss Plaintiff's state law claims under the New York Labor Law however remand is the proper remedy and not dismissal. Likewise, Defendants will argue they were unaware of the NYLL claims at the time of removal but they were also unaware the right to sue was issued by the EEOC and therefore made a motion to dismiss Plaintiff's federal claims. See Dkt No. 31 at 4; Dkt No. 10. Therefore, Defendants had no basis for removing this action and the court lacked subject matter jurisdiction at the time of removal.

Defendants' motions have been a convoluted unnecessary use of judicial resources and attempt to circumvent the rules to their benefit. Accordingly, Plaintiff respectfully requests this Court remand this action back to the original forum where this case can proceed in an efficient manner.

## ARGUMENT

### I. Standard for Removal and Remand

"A motion to remand for lack of subject matter jurisdiction may be brought at any time while the action is pending in federal court, pursuant to 28 U.S.C. § 1447(c). The party who removed the action from state court to federal court bears the burden of proving federal jurisdiction." *Alvarado v. Sweetgreen, Inc.*, No. 23-cv-8948 (LJL), 2024 U.S. Dist. LEXIS 8514, at *15-16 (S.D.N.Y. Jan. 17, 2024). "[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states, we must resolve any doubts against removability." Id; quoting *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007). "A defendant may remove a state court action to federal court if the plaintiff could have originally filed suit in federal court, based on either federal-question or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332." *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 486 (2d Cir. 1998).

"On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal." *Vermont v. Exxon Mobil Corp.,* 2024 U.S. Dist. LEXIS 20497, *8 (quoting *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004). "Courts will grant a motion to remand if no substantial, disputed question of federal law constitute a necessary element of the plaintiff's claims against the defendant." *Rubin v. MasterCard Int'l, LLC*, 342 F. Supp. 2d 217, 218 (S.D.N.Y. 2004). "The Second Circuit has explained that: "A pleading enables a defendant to intelligently ascertain removability when it provides 'the necessary facts to support [the] removal petition.'" *Tanner v. Heffernan Ins. Brokers, Inc.*, No. 6:19-cv-00255(BKS/TWD), 2019 U.S. Dist. LEXIS 69057 (N.D.N.Y. Apr. 24, 2019).

Indeed, "the Second Circuit has held that "a summons with notice may serve as an initial pleading under section 1446(b)." *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 205 (2d Cir. 2001). However, it depends on whether a federal question is presented on the face of the plaintiff's properly pleaded complaint and/or met the 'well pleaded complaint rule." *Vermont v. Exxon Mobil Corp.*, 2024 U.S. Dist. LEXIS 20497, *6-7; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). "The well-pleaded-complaint rule mandates that in assessing subject-matter jurisdiction, a federal court must disregard allegations that a well-pleaded complaint would not include - e.g., allegations about anticipated defenses. *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 271 (2d Cir. 2005) (citing *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475, 139 L. Ed. 2d 912, 118 S. Ct. 921 (1998).

Moreover, "a suit seeking recovery under state law is not transformed into a suit "arising under" federal law merely because, to resolve it, the court may need to interpret federal law." *Sullivan v. Am. Airlines, Inc.*, at 271; *See Gully v. First Nat'l Bank*, 299 U.S. 109, 115, 81 L. Ed. 70, 57 S. Ct. 96 (1936); See also *Crawford v. Mokhtari*, 842 F. Supp. 840, 1994 U.S. Dist. LEXIS

4063 (D. Md. 1994), aff'd, 30 F.3d 129, 1994 U.S. App. LEXIS 26693 (4th Cir. 1994) (remanding case "because federal component here is mere ingredient in case otherwise dominated by state-law issues.")

"A defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Lafayette-Boynton Apartment Corp. v. Lopez*, No. 21-CV-7997 (JMF), 2022 U.S. Dist. LEXIS 114364, at *6 (S.D.N.Y. June 28, 2022); *see also Caterpillar Inc.,* at 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). A defendant cannot "inject a federal question into an action that asserts what is plainly a state-law claim, [to] transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Lafayette-Boynton Apartment Corp.* at 6.

## II. <u>The Court Lacked Subject Matter Jurisdiction at Time of Removal</u>

Here, Defendants' Notice of Removal is predicated upon federal question jurisdiction. However, the Court should remand this action because the Court did not have subject matter jurisdiction at the time of removal. Defendants initial reason for removal was for federal question jurisdiction but then immediately moved to dismiss the action for lack of jurisdiction. See Exhibit C.

This "frivolous, self-defeating invocation of federal procedure cannot be countenanced." *Baas v. Elliot*, 71 F.R.D. 693, 694 (holding "by its own argument, the college concedes that the sole purpose of removal to federal court was to have the federal court dismiss the case for want of jurisdiction.") "Some have described this phenomenon as "fraudulent removal," because filing a Rule 12(b)(1) motion after removal reveals that the defendants "kn[e]w or should [have] know[n] that a federal court would lack subject matter jurisdiction" when they originally removed the case."

Zachary D. Clopton & Alexandra D. Lahav, Fraudulent Removal, 135 Harvard L. Rev. F. 87, 92 (2021).

"District courts routinely remand actions back to state court after a removing defendant moves to dismiss a plaintiff's complaint for lack of Article III standing under Rule 12(b)(1)." *Miller v. Syracuse Univ.*, No. 5:21-CV-1073 (LEK/TWD), 2022 U.S. Dist. LEXIS 187037, at *7 n.2 (N.D.N.Y. Oct. 13, 2022). "Defendant's argument about Plaintiff failing to allege a cognizable harm ultimately undermines the position that there is an injury-in-fact that justifies the removal in the first place." *Zhirovetskiy v. Zayo Grp.*, No. 17-cv-05876, 2018 U.S. Dist. LEXIS 240602, at *4 (N.D. Ill. Mar. 7, 2018).

Likewise, "case[s] improvidently removed from state court to federal court should be remanded sua sponte to state court from which it was removed, if Federal District Court finds that its jurisdiction is not proper." *Pettit v. Ark. La. Gas Co.*, 377 F. Supp. 108, 109 (E.D. Okla. 1974). Indeed, another federal district remanded the matter sua sponte after employer had filed notice of removal because it was evident from what was not stated in employee's complaint that employee had not exhausted administrative remedies under Americans with Disabilities Act. *Finnegan v. Marianjoy Rehab. Hosp. & Clinics, Inc.*, 316 F. Supp. 2d 662, 2004 U.S. Dist. LEXIS 7942 (N.D. Ill. 2004) (holding Defendant "looked to a "wholly insubstantial and frivolous" claim as the attempted ticket of entry to the federal court system--but the consequence is the same: the absence of federal jurisdiction over such a claim."

After Plaintiff filed his Complaint in this Court as Defendants had not demanded the Complaint before filing their Motion to Dismiss. See Dkt No. 20. Defendants then made another motion to dismiss based on lack of subject matter jurisdiction albeit only a partial motion to dismiss. See Dkt No. 23. However, this is improper and Defendants are essentially making a

second removal excluding Plaintiff's New York Labor Law claims. "Federal courts have adhered to a general rule that, absent an intervening change in the underlying factual circumstances, a second removal by the same party on the same ground is impermissible and may subject the removing party to sanctions." *Ortiz v. City of N.Y.*, 2013 U.S. Dist. LEXIS 78641, at *7-8 (S.D.N.Y. June 4, 2013). Accordingly, this Court should remand the action back to its original forum.

**III. State law claims dominate the Complaint warranting remand**

The Supreme Court of New York, Bronx County is the proper forum for this action. **"**The Supreme Court has held that judicial economy, convenience, fairness and comity favors "a decision to relinquish jurisdiction when state issues predominate, whether in terms of proof, of the scope of the issues raised, or the comprehensiveness of the remedy sought." *Diaz v. Crowley Liner Servs.*, 281 F. Supp. 2d 340, 352 (D.P.R. 2003). Additionally, "a claim supported by alternative theories in the complaint may not form a basis for [federal] jurisdiction unless [federal] law is essential to each of those theories." *Hiciano v. Tower W., Inc.,* No. 15-CV-2117 (JMF), 2015 U.S. Dist. LEXIS 74694, at *9 (S.D.N.Y. June 9, 2015); *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988); *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005); See also *Lafayette-Boynton Apartment Corp. v. Lopez*, No. 21-CV-7997 (JMF), 2022 U.S. Dist. LEXIS 114364, at *9 (S.D.N.Y. June 28, 2022).

Here, Plaintiff has repeatedly objected to Defendants' removal. *Fax Telecommunicaciones, Inc. v. AT&T*, 138 F.3d 479, 487 (2d Cir. 1998) (holding "had [Fax] objected to removal in the district court, we would vacate the judgment and remand with instructions to return the case to state court.") See Dkt No. 19. Only four (4) of Plaintiff's eighteen (18) causes of action are federal causes of actions in Plaintiff's Amended Complaint. See Dkt No. 27. Indeed, Defendants may

argue that Plaintiff's Title VII and 1981 claims fall under the same analysis as Plaintiff's New York State Human Rights Law claims but that is inaccurate. The New York State legislature passed amendments in June 2019 "to direct courts to construe the NYSHRL, like the NYCHRL, 'liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws including those laws with provisions worded comparably to the provisions of [the NYSHRL] have been so construed.'") *Syeed v. Bloomberg L.P.,* 568 F. Supp. 3d 314, 345 (S.D.N.Y. 2021). Here, Plaintiff's causes of actions accrued before and after but predominately mid to late 2019 thereby warranting the amended NYSHRL that is not the same as 1981 or Title VII.

Taken as a whole, the procedural posture of this case and Defendants' subsequent motion to partially dismiss Plaintiff's New York Labor Law causes of actions to be litigated in state court, the Court should remand this action back to its original forum.

Accordingly, this Court should remand this action given that as Defendants argued there was no basis for subject matter jurisdiction at the time of removal.

## CONCLUSION

For all the reasons stated above, this Court should grant Plaintiff's Motion to Remand this matter back to its original forum, the Supreme Court of the State of New York, County of Bronx.

Dated: New York, New York
February 12, 2024

Respectfully submitted,
**DEREK SMITH LAW GROUP PLLC**

By: ______________________
Melissa Mendoza, Esq.
One Penn Plaza, Suite 4905
New York, New York 10119
(212) 587-0760
*Attorneys for Plaintiff*