UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ALBERTO RAMOS,                                             Case No.: 23-cv-09441

                Plaintiff,

   -against-

PALM WEST CORPORATION,
PALM WEST CORPORATION
D/B/A "THE PALM",
LANDRY'S SEAFOOD HOUSE - NORTH
CAROLINA, INC.,
RICHARD HAMMILL, Individually
and CRAIG LEVY, Individually

                Defendants.
------------------------------------------------------------------------X

BRIEF OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO PARTIALLY DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) and 12(b)(1)

DEREK SMITH LAW GROUP, PLLC
**Attorneys for Plaintiff**
One Penn Plaza, Suite 4905
New York, New York 10119
(212) 587-0760

**ATTORNEY AFFIRMATION**

I, Melissa Mendoza, Esq. am an attorney at the Derek Smith Law Group, PLLC, counsel for Plaintiff, Alberto Ramos, in the above referenced case. I respectfully submit this Memorandum of Law and Affirmation in Opposition to Defendants' Partial Motion to dismiss Plaintiff's Amended Complaint[1] and affirm the following under penalty of perjury.

**STANDARD OF REVIEW**

The standard of review on a motion to dismiss is heavily weighted in favor of the Plaintiff. *Diaz v. NBC Universal, Inc.*, 536 F.Supp.2d 337, 341 (S.D.N.Y. 2008). Furthermore, "[a] court considering a 12(b)(6) motion must take factual allegations in the complaint to be true and draw all reasonable inferences in the plaintiff's favor. A complaint need not contain detailed factual allegations, but it must contain more than an unadorned, the-defendant-unlawfully-harmed-me

---

[1] Contrary to Defendants' unnecessary assertion Plaintiff did file his Amended Complaint on January 19, 2024 and all parties were served electronically. Indeed, the Clerk marked the pleading as deficient on January 22, 2024 and January 23, 2024 due to the **event type** that was selected. However, the same documents filed on January 19, 2024 were the same documents filed on January 22, 2024 and January 23, 2024.

2

accusation." Semper v. New York Methodist Hosp., 2011 WL 1240551, 3 (E.D.N.Y. 2011) (internal citations and quotation marks omitted).  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). All well-pled factual allegations contained in the complaint are assumed to be true and construed in the non-moving party's favor.  See Still v. DeBuono, 101 F.3d 888, 891 (2d Cir. 1996)." "Therefore, whether the pleading will later survive a motion for summary judgment, or whether the party will ultimately prevail on the claims, is not relevant on a pre-discovery motion to dismiss." Kaplan v. New York City Dept. of Health and Mental Hygiene, 142 A.D.3d 1050, 1051 (2d Dep't 2016)

## ARGUMENT[2]

## I. NYLL CLAIMS SHOULD BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

"After a defendant removes an action to federal court, if that same defendant subsequently "insist[s] that the [c]ourt *lacks* jurisdiction" because the plaintiff lacks Article III standing, "and [the] [p]laintiff concurs[,]" the court may sua sponte remand the action back to state court pursuant to 28 U.S.C. § 1447(c), "because no party [has] shoulder[ed] the burden of proving jurisdiction[.]" Black v. Main St. Acquisition Corp., No. 11-CV-0577, 2013 U.S. Dist. LEXIS 43219, 2013 WL 1295854, at *1 (N.D.N.Y. Mar. 27, 2013) (Kahn, J.) (remanding case after removing defendant filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction)." Miller v. Syracuse Univ., No. 5:21-CV-1073 (LEK/TWD), 2022 U.S. Dist. LEXIS

---

[2] Plaintiff respectfully requests leave of Court to file a Second Amended Complaint to change the caption as noted in Defendants' Motion to correct the party names and to replace "age" in paragraph 117 for "national origin" due to an oversight.

187037, at *7 (N.D.N.Y. Oct. 13, 2022). See also Deac v. Il Postino, Inc., No. 12-CV-5952 (NGG) (RLM), 2014 U.S. Dist. LEXIS 125257, at *5 (E.D.N.Y. Sep. 4, 2014)(remanding case and "declining to exercise supplemental jurisdiction over the non-wage claims in Plaintiff's Complaint under 28 U.S.C § 1367(c)(2)").

Here, to streamline the issues in this matter and conserve resources Plaintiff agrees with Defendants that the Court does not have subject matter jurisdiction over Plaintiff's New York Labor Law claims and respectfully requests the Court remand the New York Labor Law claims to the Kings County Supreme Court where the case was initially filed.[3]

## II. PLAINTIFF'S AGE DISCRIMINATION CLAIMS UNDER NYHRL & NYCHRL SURVIVE DISMISSAL[4]

Plaintiff has sufficiently pled age discrimination claims under the NYHRL and NYCHRL in his Amended Complaint. Contrary to Defendants' argument, Plaintiff has sufficiently pled he was treated less well because of his age. "Ageist" comments are discriminatory in nature. Plaintiff has presented evidence of negative comments made about his age. "The Supreme Court has instructed that courts should not determine as a matter of law that one cannot discriminate against his own protected class.." Muniz v. City of N.Y., 2023 U.S. Dist. LEXIS 172413, at *34 (S.D.N.Y. Sep. 26, 2023) citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78, 118 S. Ct. 998, 140 L. Ed. 2d 201 (1998).

"An inference of discrimination can arise from circumstances including, but not limited to, 'the employer's . . . invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events

---

[3] Should the Court determine the Court has jurisdiction, Plaintiff respectfully requests leave to argue those claims only.
[4] Plaintiff did not make an ADEA claim in his Complaint and as stated in the above footnote paragraph 117 of Plaintiff's Amended Complaint should have stated race and national origin not age.

4

leading to the plaintiff's discharge.'" *Littlejohn*, 795 F.3d at 312 (quoting *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009)). Courts making the plausibility determination should do so "mindful of the elusive nature of intentional discrimination" and the frequency by which plaintiffs must "rely [*7] on bits and pieces of information to support an inference of discrimination, i.e., a mosaic of intentional discrimination." *Vega*, 801 F.3d at 86-87 (italics and internal quotation marks omitted)." Goldblatt v. N.Y. Inst. of Tech., No. 18-cv-00265 (DRH) (ARL), 2020 U.S. Dist. LEXIS 154382, at *6-7 (E.D.N.Y. Aug. 25, 2020). "For a discrimination claim under the NYCHRL, the law does not require materially adverse employment actions, but rather unequal treatment based on a protected class regardless of whether the conduct is tangible such as firing." *Id.* "Courts have held that proof of discriminatory motive can be inferred from the mere fact of differences in treatment." *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 322-23, 786 N.Y.S.2d 382, 403 (2004).

Contrary to Defendants' false statement, Plaintiff did include in his Amended Complaint that he suffered from Defendants Hammel and Levy's ageist comments, other complaints of age discrimination, multiple adverse employment actions throughout his employment. i.e. "between 2015 and April 2017…" See ¶30-37 of Plaintiff's Amended Complaint. ¶57 Plaintiff's coworker also complained about Hammel and Levy's age discrimination. ¶ 86, Hammel, whom made the ageist comment of dinosaur returned as the General Manager and Plaintiff was thereafter terminated. ¶87-88 Plaintiff was the eldest employee at the time of termination and he was informed that they knew about him there. Defendants also discriminated and retaliated against Plaintiff by taking away shifts and fringe benefits because of Plaintiff's age while others that started after Plaintiff received shifts and had insurance. ¶ 44 The comments and conduct of Defendants' supervisors and decision makers culminated in Plaintiff's demotion and subsequent

5

termination which clearly occurred under circumstances that give rise to an inference of discrimination.

Additionally, Defendants' cannot point to other unlawful reasons (i.e. race discrimination or retaliation) for Defendants' multiple adverse employment actions to disprove any particular discriminatory cause. Bostock v. Clayton County, 140 S. Ct. 1731, 1739, 2020. Furthermore, Plaintiff's Amended Complaint has alleged sufficient facts to raise a reasonable expectation that discovery will uncover proof of his age discrimination claims against the Defendants.

Accordingly Defendants motion must be denied in its entirety.

### III. PLAINTIFF WITHDRAWS HIS AIDING AND ABETTING CLAIMS UNDER NYHRL & NYCHRL AGAINST CORPORATE DEFENDANTS ONLY (FOURTH AND SEVENTH CAUSE OF ACTIONS)

To streamline the issues in this matter and conserve resources, Plaintiff withdraws this cause of action against Corporate Defendants only and not against the individual Defendants. Defendants seemingly assert to dismiss Plaintiff's fourth and seventh cause of actions altogether but only make an argument regarding the Corporate Defendants.

For the avoidance of doubt, Plaintiff argues that the aiding and abetting claims under the NYHRL and NYCHRL survive Defendants' Partial Motion to Dismiss because "the NYSHRL does permit an … employee..to be held liable for aiding and abetting a liable employer. Nezaj v. PS450 Bar & Rest., 2024 U.S. Dist. LEXIS 33489, at *17 (S.D.N.Y. Feb. 27, 2024); *See, e.g., Baptiste v. City Univ. of N.Y.*, No. 22 Civ. 2785 (JMF), 2023 U.S. Dist. LEXIS 112745, 2023 WL 4266914 (S.D.N.Y. June 29, 2023);"[U]nder the NYSHRL, individual employees may be liable for aiding and abetting discriminatory conduct.")." Nezaj v. PS450 Bar & Rest., 2024 U.S. Dist. LEXIS 33489, at *17 (S.D.N.Y. Feb. 27, 2024). See also Andrade v. Cultural Care, Inc., No. 21-CV-5237 (WFK) (SJB), 2023 U.S. Dist. LEXIS 222002, at *9 (E.D.N.Y. Dec. 13, 2023). "The NYCHRL extends liability to employees…" Nezaj v. PS450 Bar & Rest., 2024 U.S. Dist. LEXIS 33489, at *17 (S.D.N.Y. Feb. 27, 2024).

**IV. PLAINTIFF HAS SUFFICIENTLY PLED FACTS CLAIM FOR INTERFERENCE WITH PROTECTED RIGHTS (COUNT 8)**

"Under the NYCHRL, no individual can "coerce, intimidate, threaten or interfere with . . . any person in the exercise or enjoyment of . . . any right granted or protected pursuant to [§ 8-107]." N.Y. City Admin. Code § 8-107(19). "A plaintiff is required to allege threats as an element of such a claim." Singhal v. Doughnut Plant, Inc., No. 20-cv-3295 (ALC), 2022 U.S. Dist. LEXIS 60674, at *11-12 (S.D.N.Y. Mar. 31, 2022); *Erasmus v. Deutsche Bank Americas Holding Corp.*, No. 15 CIV. 1398 (PAE), 2015 U.S. Dist. LEXIS 160351, 2015 WL 7736554, at *15 (S.D.N.Y. Nov. 30, 2015). Plaintiff has sufficiently alleged threats to survive a motion to dismiss. For example, ¶¶25-28 of Plaintiff's Amended Complaint, Plaintiff alleges that Defendant Richard Hammel [one-handedly] "aggressively reached and held the back of Plaintiff's neck with a jolting force. Plaintiff was shocked and froze in disbelief of HAMMEL's actions. Jeff D. and former

manager Manny witnessed this assault. Later that evening, Plaintiff called David G. former assistant manager for THE PALM to report the incident. When David called HAMMEL to confirm the story, HAMMEL called Plaintiff on HAMMEL's cell telling Plaintiff "as long as I am with The Palm, you have nothing to worry about with your shift or place in the company." Shortly after, Manny and David were transferred to a different location at The Palm." Thus, Plaintiff has a stated a claim for interference under the NYCHRL and Defendants motion must be dismissed in its entirety.

### V. PLAINTIFF'S SUPERVISORY LIABILITY CLAIMS ARE NOT DUPLICATIVE OF PLAINTIFF'S NYCHRL CLAIMS (NINTH AND TWELFTH CAUSE OF ACTIONS)[5]

Defendants' argument to dismiss Plaintiff's supervisory liability claims under NYCHRL is misplaced. First, Defendants fail to define or explain Plaintiff's "general CHRL claims."[6] Second, the case Defendants cite is distinguishable from this case and Plaintiff's Amended Complaint because in that case the supervisory liability claim was duplicative of claims under the Pregnancy Worker's Fairness Act. See Singhal v. Doughnut Plant Inc., No. 20-cv-3295, 2022 WL 976885, at *6 (S.D.N.Y. Mar. 31, 2022). Likewise, Xiang v. Eagle Enters., LLC, No. 19-cv-1752, 2020 WL 248941 (S.D.N.Y. Jan. 16, 2020), is cited in Singhal v. Doughnut Plant Inc., and in that case the Court denied Defendants motion to dismiss supervisory liability claims NYCHRL. It is well established in Zakrzewska v. New Sch., 14 N.Y.3d 469, 479, 928 N.E.2d 1035 (2010) an "employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions 1 and 2 of" § 8-107, id. § 8-107(13)(a), and "for an unlawful discriminatory practice based upon the

---

[5] Plaintiff respectfully requests leave of Court to amend Plaintiff's Amended Complaint to remove the ninth cause of action as it is duplicative of the twelfth cause of action due to an oversight of including two identical causes of actions.
[6] Notably, Defendants fail to address Plaintiff's hostile work environment claims.

conduct of an employee or agent which is in violation of subdivision 1 or 2 . . . where [t]he employee or agent exercised managerial or supervisory responsibility," *id.* § 8-107(13)(b)(1). The New York Court of Appeals has interpreted this provision, consistent with its text and legislative history, to impose strict liability on employers when either provision is met." *See Zakrzewska v. New Sch.*, 14 N.Y.3d 469, 480, 928 N.E.2d 1035, 902 N.Y.S.2d 838 (2010). Accordingly, the Court must deny Defendants motion in its entirety.

## VI. PLAINTIFF WITHDRAWS HIS CLAIM FOR PROMISSORY ESTOPPEL (SIXTEENTH CAUSE OF ACTION)

To streamline the issues in this matter and conserve resources, Plaintiff withdraws this cause of action.

## CONCLUSION

Defendants' Motion to Partially Dismiss the Amended Complaint should be denied in its entirety, together with such other and further relief as this Court may deem just and proper.

DATED: March 7, 2024
New York, NY                                  Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

　　/s/ Melissa Mendoza
Melissa Mendoza, Esq.
One Penn Plaza, Suite 4905
New York, New York 10119
(212) 587-0760
*Attorneys for Plaintiff*