UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALBERTO RAMOS,

        Plaintiff,

  v.

PALM WEST CORPORATION,
PALM WEST CORPORATION D/B/A "THE PALM",
LANDRY'S SEAFOOD HOUSE - NORTH CAROLINA, INC.,
RICHARD HAMMILL, Individually
and CRAIG LEVY, Individually

        Defendants.

**Civil Action No. 1:23-cv-09441-JMF**

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF CORPORATE DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF THE AMENDED COMPLAINT

---

           **FOX ROTHSCHILD LLP**
           101 Park Avenue, 17th Floor
           New York, New York 10178
           (212) 878-7900
           (212) 692-0940 (fax)

           *Attorneys for Defendants Palm West Corporation d/b/a the Palm West and Tryon & Stonewall Restaurant, Inc. f/k/a Landry's Seafood House – North Carolina, Inc.*

<u>On Brief:</u>

Glenn S. Grindlinger, Esq.
Devin S. Cohen, Esq.

156611888

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

    I.      Plaintiff's Opposition Is Not The Proper Vehicle For Plaintiff's Applications For Leave To Amend, For Partial Remand, Or To Argue. .................................... 1

    II.     Plaintiff's NYLL Claims Should Be Dismissed, Not Remanded Because They Did Not Originate In State Court: Counts 10, 11, 13, 14 and 15 ................... 2

    III.    Plaintiff's Age Discrimination Claims Should Be Dismissed: Counts 1, 2, and 5 ........................................................................................................................... 5

    IV.    Plaintiff's Aiding and Abetting Claims Should Be Dismissed: Counts 4 and 7 ..... 8

    V.     Plaintiff's Interference Claim Should Be Dismissed Because Plaintiff Fails To Plead Allegations Of Any Conduct That Is Not Time Barred: Count 8 ........... 8

    VI.    Plaintiff's Supervisory Liability Claims Should Be Dismissed: Counts 9 and 12 ................................................................................................................................. 9

    VII.   Plaintiff Claim For Promissory Estoppel Should Be Dismissed: Count 16 .......... 10

CONCLUSION ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Black v. Main St. Acquisition Corp.*,
    11-cv-0577, 2013 WL 1295854 (N.D.N.Y Mar. 27, 2013) ..................................................3, 4

*Cartwright v. D'Alleva*,
    No. 17-cv-05953, 2018 WL 9343524 (S.D.N.Y. Aug. 27, 2018), *aff'd*, 782 F.
    App'x 77 (2d Cir. 2019) ..................................................................................................... 11

*City of Almaty, Kazakhstan v. Ablyazov*,
    15-cv-5345, 2021 WL 1180058 (S.D.N.Y. Mar. 29, 2021) ................................................2, 3

*Cohen v. Walcott*,
    13-cv-9181, 2017 WL 2729091 (S.D.N.Y. June 23, 2017) ....................................................3

*Davis v. Town of Hempstead*,
    597 F. App'x 31 (2d Cir. 2015) ..............................................................................................8

*Deac v. Il Postino, Inc.*,
    12-cv-5952, 2014 WL 4437314 (E.D.N.Y. Sept. 8, 2014) .....................................................5

*Gregory v. ProNAi Therapeutics Inc.*,
    757 F. App'x 35 (2d Cir. 2018) ..............................................................................................2

*In re Hebron Tech. Co. Sec. Litig.*,
    20-cv-4420, 2021 WL 4341500 (S.D.N.Y. Sept. 22, 2021) ................................................. 11

*Kao v. British Airways, PLC*,
    No. 16-cv-0232, 2018 WL 501609 (S.D.N.Y. Jan. 19, 2018) ..........................................9, 10

*LeSane v. Hall's Sec. Analyst, Inc.*,
    239 F.3d 206 (2d Cir. 2001) ...................................................................................................8

*Miller v. Syracuse Univ.*,
    5:21-cv-1073, 2022 WL 7505177 (N.D.N.Y. Oct. 13, 2022) .................................................4

*Miller v. Syracuse Univ.*,
    662 F.Supp.3d 338 (N.D.N.Y. Mar. 20, 2023) .......................................................................4

*Singhal v. Doughnut Plant Inc.*,
    20-cv-3295 (ALC) (S.D.N.Y. Mar. 31, 2022) ........................................................................9

*Wisconsin Dep't of Corr. v. Schacht*,
    524 U.S. 381 (1998) ...............................................................................................................4

*Xiang v. Eagle Enterprises, LLC*,
   No. 19-cv-1752, 2020 WL 278941 (S.D.N.Y. Jan. 16, 2020) .................................................9

**Statutes**

28 U.S.C. § 1447(c) ........................................................................................................................4

42 U.S.C. § 2000e et. Seq., New York Executive Law, § 290, et seq. ...........................................3

CHRL § 8-107..................................................................................................................................9

**Other Authorities**

Fed. R. Civ. P. 4(m) ........................................................................................................................8

Fed. R. Civ. P. 12(b)(1)...................................................................................................................4

Fed. R. Civ. P. 41(b) .......................................................................................................................8

Fed. R. Civ. P. 56............................................................................................................................4

**PRELIMINARY STATEMENT**

Defendants Palm West Corporation d/b/a Palm West and Tryon & Stonewall Restaurant, Inc. f/k/a Landry's Seafood House – North Carolina, Inc. (collectively, "Corporate Defendants"), by their attorneys Fox Rothschild LLP, submit this reply memorandum of law in further support of their motion for partial dismissal of the Amended Complaint.

Corporate Defendants' moving memorandum of law ("Defendants' Memo") demonstrates that Plaintiff's claims under the New York Labor Law ("NYLL") (Counts 10-11 and 13-15) should be dismissed due to lack of subject matter jurisdiction. Plaintiff's opposing memorandum ("Plaintiff's Memo") did not oppose this point. Instead, Plaintiff concedes that this Court lacks jurisdiction and he inappropriately asks this Court to remand these claims to state court even though they did not originate in such forum.

Defendants' Memo further demonstrates that the Amended Complaint fails to state a claim of age discrimination (Counts 1-2 and 5), aiding and abetting under the New York State Human Rights Law ("SHRL") and the New York City Human Rights Law ("CHRL") (Counts 4 and 7), interference with protected rights under CHRL (Count 8), supervisory liability under the CHRL (Counts 9 and 12), and promissory estoppel (Count 16). Plaintiff's Memo – which is confusing, unintelligible, and factually inaccurate – fails to address most of Corporate Defendants' arguments and it does not sufficiently rebut those that it does address.

Accordingly, Corporate Defendants' motion should be granted.

**ARGUMENT**

I.  **Plaintiff's Opposition Is Not The Proper Vehicle For Plaintiff's Applications For Leave To Amend, For Partial Remand, Or To Argue.**

In Plaintiff's Memo, Plaintiff improperly: (1) "requests leave of Court to file a Second Amended Complaint to change the caption as noted in Defendants' Motion to correct the party

1

156611888

names and to replace 'age' in paragraph 117 for 'national original' due to an oversight" (Plaintiff's Memo, p. 3, n. 2); (2) asks the Court to remand the NYLL claims; and (3) "requests leave of Court to amend Plaintiff's Amended Complaint to remove the ninth cause of action…" (*Id.* p. 8, n. 5). Plaintiff has not cross-moved for any of this requested relief.

To the extent that Plaintiff seeks the requested relief, he must comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, and this Court's Individual Rules and Practices. Here, he has failed to do so and his requests for relief are patently improper. *See e.g., Gregory v. ProNAi Therapeutics Inc.*, 757 F. App'x 35, 39 (2d Cir. 2018) (affirming denial of leave to amend where "plaintiffs sought leave to amend in a footnote at the end of their opposition to defendants' motion to dismiss" and "included no proposed amendments.")

Accordingly, Corporate Defendants respectfully request that the Court deny Plaintiff's improper requests for relief.

## II. Plaintiff's NYLL Claims Should Be Dismissed, Not Remanded Because They Did Not Originate In State Court: Counts 10, 11, 13, 14 and 15

Plaintiff concedes that this Court does not have subject matter jurisdiction over the NYLL Claims. *See* Plaintiff's Memo, p. 4. However, he improperly asks this Court to remand these claims to "Kings County Supreme Court where the case was initially filed," instead of dismissing them. *Id.*[1] Plaintiff's request for partial remand should be denied because the NYLL claims did not originate in state court. *See City of Almaty, Kazakhstan v. Ablyazov*, 15-cv-5345, 2021 WL 1180058, at *7 (S.D.N.Y. Mar. 29, 2021) (declining request for partial remand where subject claims "did not originate in state court").

---

[1] Corporate Defendants removed this action from New York Supreme Court, Bronx County – not Kings County.

2

156611888

As stated in the underlying motion, Plaintiff initiated this case on May 27, 2023, through the filing of the Summons with Notice ("SWN"). *See* Defendants' Memo, p. 10. In the SWN, Plaintiff alleged:

> The nature of this action arises from violations of inter alia, Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et. Seq. ("Title VII"), New York Executive Law, § 290, et seq. ["SHRL"], the Administrative Code of the City of New York 8-107 et seq. ["CHRL"]; the common laws of the State of New York and any and all other causes of action which are alleged and/or can be inferred from the facts set forth to redress the injuries Plaintiff has suffered as a result of, inter alia, age discrimination, national origin discrimination, race discrimination, hostile work environment, retaliation, and unlawful termination.

Dkt. 4-1. The SWN was devoid of any claims or allegations for purported violations of the NYLL. As of October 27, 2023, when Corporate Defendants removed this action, Plaintiff had not raised any claims under the NYLL. In fact, Plaintiff did not raise any claims under the NYLL until December 9, 2023, when he filed the Complaint in this Court. *See* Dkt. No. 20. Thus, it is indisputable that the NYLL Claims did not originate in state court. Given Plaintiff's concession that this Court lacks subject matter jurisdiction over these claims (Plaintiff's Memo p. 4), dismissal is the appropriate remedy, not remand. *See City of Almaty, Kazakhstan*, 2021 WL 1180058 (S.D.N.Y. 2021) (declining to remand claims that did not originate in state court); *see also Cohen v. Walcott*, 13-cv-9181, 2017 WL 2729091, at * 5 (S.D.N.Y. June 23, 2017) (dismissing claim and declining request to remand because "this case was never removed from state court, and a court cannot remand a case that was never removed.").

Moreover, none of the cases that Plaintiff cites to in support of his request for partial remand are helpful to his application. First, Plaintiff's reliance on *Black v. Main St. Acquisition Corp.*, 11-cv-0577, 2013 WL 1295854 (N.D.N.Y Mar. 27, 2013) fails because that action involved a full remand, not a partial remand – as Plaintiff seeks here. In addition, Plaintiff's parenthetical

following his citation to *Black*, is factually incorrect. Plaintiff's states, "remanding case after removing defendant filed a **Rule 12(b)(1)** motion to dismiss for lack of subject matter jurisdiction." Plaintiff's Memo, p. 3 (emphasis added.) In *Black*, the defendant filed a motion for summary judgment pursuant to Rule 56, not Rule 12(b)(1) as Plaintiff contends. *See Black*, 2013 WL 1295854 (N.D.N.Y Mar. 27, 2013).

Second, *Miller v. Syracuse Univ.*, 5:21-cv-1073, 2022 WL 7505177 (N.D.N.Y. Oct. 13, 2022) similarly fails to support Plaintiff's application for partial remand. The discussion in *Miller* primarily concerned Article III standing, not whether partial remand is appropriate when the court lacks subject matter jurisdiction over an entire action. In fact, the *Miller* Court expressly stated, "[t]he Second Circuit has yet to directly address whether dismissal or partial remand is warranted if a court finds that a plaintiff has standing to pursue some of her claims in federal court, but not others." *Miller*, 2022 WL 7505177, at *2 (N.D.N.Y. Oct. 13, 2022), p. *2 (citation omitted).[2] Moreover, while the *Miller* Court requested additional briefing from the parties regarding partial remand, it never reached a conclusion on the issue because it found that it had "subject matter jurisdiction over the entire action…[so it] need not address whether … partial remand is warranted[.]" *Miller v. Syracuse Univ.*, 662 F.Supp.3d 338, 359 (N.D.N.Y. Mar. 20, 2023) (internal quotation marks omitted). Further, there is no indication that the claims potentially subject to partial remand in *Miller* originated post-removal, like the pertinent claims here. Neither *Miller* decision supports Plaintiff's application for partial remand.

---

[2] While the Second Circuit has not directly ruled on this issue, in *dicta*, the Supreme Court strongly implied that only entire cases should be remanded and not individual claims. *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) ("An ordinary reading of the language indicates that the statute refers to an instance in which a federal court 'lacks subject matter jurisdiction' over a 'case,' and not simply over one claim within a case.") (quoting 28 U.S.C. § 1447(c)).

Third, Plaintiff's reliance on *Deac v. Il Postino, Inc.* 12-cv-5952, 2014 WL 4437314 (E.D.N.Y. Sept. 8, 2014)[3] fails because the remanded claims in that action originated in state court, prior to the defendant's removal of the entire action to federal court. Here, Plaintiff's NYLL Claims – the claims for which he seeks remand – originated in federal court, not state court. Plaintiff does not cite to any cases to support partial remand under a scenario similar to the one at bar.

Because this Court lacks subject matter jurisdiction over the NYLL Claims – which Plaintiff concedes – these claims should be dismissed.

### III.   Plaintiff's Age Discrimination Claims Should Be Dismissed: Counts 1, 2, and 5

Plaintiff fails to offer any meaningful opposition to Corporate Defendants' showing that his age discrimination claims are patently insufficient. It remains clear that neither his claims under the SHRL or the CHRL are viable, and both should be dismissed.[4]

As stated in Defendants' Memo, Plaintiff's age-based allegations in the Amended Complaint are limited to the following: (1) at an unspecified time during his employment, Hammel and Levy called him an "old man," a "dinosaur," and they "asked him when he was going to retire," Am. Compl., ¶ 35; and (2) Plaintiff was "the oldest employee" at the Company at the time of his termination. *Id.* ¶¶ 86-88. Plaintiff's Memo fails to refute Corporate Defendants' contention that these standalone allegations are insufficient to maintain a claim under the SHRL or the CHRL. Instead, Plaintiff makes random statements that are wholly unsupported by the allegations set forth in the Amended Complaint. To this point, Plaintiff's Memo is unintelligible, and it should be disregarded in its entirety.

---

[3] Plaintiff's citation is dated September 4, 2014. The correct date appears to be September 8, 2014.
[4] Plaintiff concedes that he has not raised any federal claims sounding in age discrimination. *See* Plaintiff's Memo, p. 4, n. 4.

For example, Plaintiff's Memo states, "[c]ontrary to Defendants' false statement, Plaintiff did include in his Amended Complaint that he suffered from Defendants Hammel and Levy's ageist comments, other complaints of age discrimination, multiple adverse employment actions throughout his employment…i.e between 2015 and April 2017…See ¶ 30-37." Plaintiff's Memo, p. 5 (internal quotations omitted). Paragraphs 30 through 33 and paragraphs 36 and 37 of the Amended Complaint have nothing to do with age discrimination or any adverse employment action connected to Plaintiff's age-based claims.[5] Verbatim, these paragraphs state:

> 30. Between 2015 and April 2017, HAMMEL repeatedly made discriminatory comments such as "Puerto Ricans are lazy."
>
> 31. Around April 2017, HAMMEL left for unknown reasons and LEVY was promoted and replaced HAMMEL as General Manager. Notably, HAMMEL trained LEVY prior to HAMMEL's departure.
>
> 32. At all times material, Defendants' company policy stated schedules and stations were to be assigned based on seniority and rotated.
>
> 33. However, during Plaintiff's employment, LEVY disregarded Defendants' policies, and informed Plaintiff that as long as LEVY was there, there was no rotation and he arbitrarily assigned schedules and stations.
>
> 36. During Plaintiff's employment, HAMMEL instructed THE PALM'S staff not to speak to each other in Spanish, even though many of the bussers' first language was Spanish. He also regularly insulted staffers with Spanish accents, claiming he could not understand them.
>
> 37. HAMMEL has also regularly made comments about the waiters' work, accusing them of preparing coffee in an undesirable "Puerto Rican style."

---

[5] Corporate Defendants acknowledge that Paragraphs 34 and 35 of the Amended Complaint refer to alleged "age discrimination." Paragraph 34 is a conclusory assertion that "Defendants discriminated against Plaintiff on the basis of his race, national origin, and age." (Am. Compl,. ¶ 34.) Meanwhile, Paragraph 35 states, "[d]uring Plaintiff's employment, both HAMMEL and LEVY called him 'old man' and a 'dinosaur,' and asked when he was going to retire." As stated *supra* (p. 5), "Plaintiff's Memo fails to refute Corporate Defendants' contention that these standalone allegations are insufficient to maintain a claim under the SHRL or the CHRL."

Am. Compl., ¶¶ 30-33, 36-37.

Plaintiff Memo further states, "¶ 57 Plaintiff's coworker also complained about Hammel and Levy's age discrimination." Plaintiff's Memo, p 5. Paragraph 57 of the Amended Complaint only remotely refers to a coworker's complaint, giving no specifics, and alleges that while he met with someone about that issue, his complaints were disregarded Specifically, it states, "[a]round [February 2018], Plaintiff met Joyce from THE PALM's Human Resources Department regarding Plaintiff's coworkers' age discrimination complaint…However, Joyce disregarded Plaintiff's complaints and failed to take any remedial measures." Amended Compl., ¶ 57. Plaintiff's reference to Paragraph 57 is confusing and/or mistaken. The Amended Complaint is wholly devoid of any complaints made by any of Plaintiff sounding in age discrimination.

Similarly, Plaintiff also incorrectly cites to Paragraph 44 of the Amended Complaint for the proposition that "Defendants [] discriminated and retaliated against [him] by taking away shifts and fringe benefits **because of [his] age** while others that started after [him] received shifts and had insurance." Plaintiff's Memo, p. 5 (emphasis added.) This allegation is completely factually inaccurate. Paragraph 44 of the Amended Complaint and its preceding and subsequent paragraphs explicitly refer to race/national origin-based discrimination. *See* Am. Compl., ¶¶ 40-45. After a review of these paragraphs, it is patently obvious that these allegations have absolutely nothing to do with Plaintiff's age or any alleged age-based discrimination. Plaintiff's contention to the contrary is disconcerting.

As stated in Defendants' Memo, because Plaintiff fails to allege that Corporate Defendants treated him "less well" than anyone else *because of his age* and he fails to refute this in Plaintiff's Memo, his age discrimination claims should be dismissed.

7

**IV.       Plaintiff's Aiding and Abetting Claims Should Be Dismissed: Counts 4 and 7**

Plaintiff concedes that he has withdrawn his aiding and abetting claims against Corporate Defendants, but he contends that the claims remain as against Hammel and Levy. Plaintiff Memo, p. 6. As stated in numerous filings (*e.g.*, Dkt. No. 11, p. 2, n. 3, ECF No. 23, p. 8, n. 1, ECF No. 30, p. 8, n. 4.), because Plaintiff has not effectuated service on Hammel or Levy, they are not parties to this action. Thus, given Plaintiff's concession that these causes of action are withdrawn as to the Corporate Defendants – the only defendants in the matter – they have been withdrawn as to all defendants and outright dismissal is warranted. *See* Rule 4(m) of the Federal Rules of Civil Procedure ("[i]f a defendant is not served within 90 days after the complaint is filed, the court…must dismiss the action without prejudice against that defendant or order that service be made within a specified time"); *see also, Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) ("it is well established that Rule 41(b) 'gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute'") (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

**V.       Plaintiff's Interference Claim Should Be Dismissed Because Plaintiff Fails To Plead Allegations Of Any Conduct That Is Not Time Barred: Count 8**

As stated in Defendants' Memo, Plaintiff's assertion that Corporate Defendants interfered with his protected rights in violation of the CHRL fails because the Amended Complaint does not plead any factual allegations that support this claim. *See* Defendants' Memo, p. 25. In the Opposition, Plaintiff mistakenly contends that he has alleged sufficient facts, based on the sole allegation that in March 2016 Hammel "aggressively reached and held the back of [his] neck with a jolting force…" Plaintiff's Memo, p. 7. Plaintiff fails to recognize that in Defendants' Memo, Corporate Defendants briefed this specific allegation and noted that Plaintiff's time to file a claim on this alleged act expired in March 2019. Plaintiff's Memo did not address this portion of the

motion, thus, it is deemed a waiver of that issue. *See Kao v. British Airways, PLC*, No. 16-cv-0232, 2018 WL 501609, at *5 (S.D.N.Y. Jan. 19, 2018) ("Plaintiff's failure to oppose Defendants' specific arguments in a motion [] is deemed waiver of that issue."). Notwithstanding the foregoing, because Plaintiff fails to allege any threats that are not time-barred, this claim should be dismissed.

## VI.     Plaintiff's Supervisory Liability Claims Should Be Dismissed: Counts 9 and 12[6]

In Defendants' Memo, Corporate Defendants noted that Plaintiff's supervisory liability claims under the CHRL fail because they are duplicative of his non-derivative, general CHRL claims (namely, Plaintiff's race, national origin, and race discrimination claims under the CHRL). Defendants' Memo, p 9. Plaintiff's Memo takes issue with a minor factual difference irrelevant to the holding in *Singhal* and its application to this case. Plaintiff makes the nonsensical argument that "the case Defendants cite [*Singhal v. Doughnut Plant Inc.*] is distinguishable from this case … because in that case the supervisory liability claim was duplicative of claims under the [New York City] Pregnancy Workers' Fairness Act." Plaintiff's Memo, p. 8. Whether alleged discrimination under the CHRL is based on race, national origin, or age (as alleged here), or pregnancy (as alleged in *Singhal*) is insignificant. The NYC Pregnant Workers' Act is a component of the CHRL and *Singhal* stands for the proposition that dismissal of a supervisory liability claim is appropriate when a plaintiff brings "non-derivative general []CHRL claims." Like *Singhal*, Plaintiff's supervisory liability claim under § 8-107 of the CHRL should be dismissed.

Moreover, Plaintiff's reliance on *Xiang v. Eagle Enterprises, LLC*, No. 19-cv-1752, 2020 WL 278941 (S.D.N.Y. Jan. 16, 2020) for the proposition that the court "denied Defendants['] motion to dismiss [CHRL] supervisory liability claims" is unavailing because there is no indication

---

[6] Plaintiff acknowledges that Counts 9 and 12 are duplicative of one another. *See* Plaintiff's Memo, p., 8, n. 5. There, he requests leave of court to remove Count 9. *Id.*

9

that the moving defendants sought dismissal based on the grounds that Corporate Defendants seek relief here – the duplicativeness of that claim and Plaintiff's remaining CHRL claims.

Accordingly, Plaintiff's supervisory liability claims should be dismissed.

### VII. Plaintiff Claim For Promissory Estoppel Should Be Dismissed: Count 16

Plaintiff does not oppose the portion of Defendants' Memo seeking dismissal of Plaintiff's claim for promissory estoppel. Instead, Plaintiff states, "[t]o streamline the issues in this matter and conserve resources, Plaintiff withdraws this cause of action." Plaintiff's Memo, p. 9. Corporate Defendants maintain their arguments asserted in Defendants' Memo and request this cause of action be dismissed with prejudice. *See Kao*, 2018 WL 517609 (S.D.N.Y. 2018).

### CONCLUSION

For all of the foregoing reasons, and those stated in Defendants' Memo, the Court should grant Corporate Defendants' motion for partial dismissal of the Amended Complaint with prejudice and without leave to replead, together with such other and further relief as the Court deems just and proper.[7]

[space intentionally blank – signature page follows]

---

[7] Plaintiff's age discrimination, interference with protected rights, and promissory estoppel claims should also be dismissed as against the unserved defendants, Hammel and Levy, for the same reasons applicable to Corporate Defendants. *See Cartwright v. D'Alleva*, No. 17-cv-05953, 2018 WL 9343524, at *9 (S.D.N.Y. Aug. 27, 2018), *aff'd*, 782 F. App'x 77 (2d Cir. 2019); *see also In re Hebron Tech. Co. Sec. Litig.*, 20-cv-4420, 2021 WL 4341500, at *24 n.31 (S.D.N.Y. Sept. 22, 2021) ("dismissal of the claims against [the unserved defendants] is warranted because the Court's holdings above necessarily establish the inadequacy of the [Complaint] as to them.")

Dated: March 21, 2024  
New York, New York

Respectfully submitted,

**FOX ROTHSCHILD, LLP**

/s/ Glenn S. Grindlinger  
Glenn S. Grindlinger, Esq.  
Devin S. Cohen, Esq.  
101 Park Avenue, 17th Floor  
New York, New York 10178  
(212) 878-7900

*Attorneys for Defendants*  
*Palm West Corporation d/b/a the Palm West and Tryon & Stonewall Restaurant, Inc. f/k/a Landry's Seafood House – North Carolina, Inc.*

11

156611888