```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
ALBERTO RAMOS,                                                          :
                                                                        :
                                  Plaintiff,                            :
                                                                        :               23-CV-9441 (JMF)
                -v-                                                     :
                                                                        :           MEMORANDUM OPINION
PALM WEST CORPORATION et al.,                                           :                AND ORDER
                                                                        :
                                  Defendants.                           :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Alberto Ramos, who worked as a server at Palm West, a restaurant in Midtown Manhattan, from December 2010 to March 2016, filed this lawsuit by way of a summons with notice in New York State court against Defendants Palm West Corporation (which owns and operates Palm West) and Tryon & Stonewall Restaurant Inc. (which assumed Palm West in 2020),[1] as well as Richard Hammel and Craig Levy (Plaintiff's supervisors during the relevant period). *See* ECF No. 4-1. The summons with notice referenced employment discrimination claims under federal, state, and city law. Palm West and Tyron & Stonewall (together, the "Corporate Defendants") timely removed the case to this Court, *see* ECF No. 4, after which Plaintiff filed the operative Amended Complaint. Based on factual allegations that are discussed as necessary below, Plaintiff now brings claims of retaliation, hostile work environment, and discrimination on the basis of his race, national origin, and age under Title VII of the Civil

---

[1] A brief note regarding two of the Defendants' names. First, Tyron & Stonewall Restaurant Inc. was apparently formerly known as "Landry's Seafood House – North Carolina, Inc.," *see* ECF No. 30 ("Defs.' Mem."), at 1, which is the name that Plaintiff uses in the operative Amended Complaint, *see* ECF No. 27 ("Compl.") ¶ 11 & n.5. Second, Plaintiff spelled Hammel's name as "Hammill" in the Amended Complaint but does not appear to dispute that "Hammel" is the correct spelling. *See* Defs.' Mem. 1 n.3.

Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (against Palm West only), 42 U.S.C. § 1981, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*; claims for aiding and abetting unlawful discriminatory acts in violation of the NYSHRL and the NYCHRL; a claim for interference with protected rights under the NYCHRL; supervisory liability claims under the NYCHRL; claims under the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*; and a claim of promissory estoppel. *See* Compl. ¶¶ 114-201. The Corporate Defendants — the only Defendants that have been served — now move, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss all claims other than Plaintiff's claims of retaliation, hostile work environment, and discrimination on the basis of race and national origin. *See* ECF No. 29. For the reasons that follow, the Corporate Defendants' motion is granted in all but one respect.

## DISCUSSION

As the outset, many of Plaintiff's claims can be dismissed with little discussion:

- First, in response to the Corporate Defendant's motion, Plaintiff has withdrawn his promissory estoppel claim and claims for aiding and abetting in violation of the NYSHRL and the NYCHRL. *See* ECF No. 43 ("Pls.' Opp'n"), at 6, 9.

- Second, Plaintiff acknowledges that his ninth cause of action — for supervisory liability under the NYCHRL — is duplicative of his twelfth cause of action. *See id.* at 8 n.5. Accordingly, it is dismissed.

- Third, as Plaintiff appears to concede, *see id.* at 4 n.4, "[a]ge is not a protected class under Title VII," *Grays v. SDH Educ. West, LLC*, No. 16-CV-666 (DAB), 2017 WL 2240227, at *5 (S.D.N.Y. Mar. 23, 2017). Accordingly, Plaintiff's Title VII claim must be and is dismissed with prejudice insofar as it concerns age discrimination.[2]

---

[2] The Court need not and does not consider the Corporate Defendants' arguments regarding whether Plaintiff states a claim under the Age Discrimination in Employment Act ("ADEA"), *see* Defs.' Mem. 11-16, because Plaintiff confirms that he "did not make an ADEA claim in his Complaint," Pl.'s Opp'n 4 n.4.

- Fourth, Plaintiff also concedes that "the Court does not have [pendent] subject matter jurisdiction over [his] New York Labor Law claims," which concern Defendants' alleged failure to pay spread of hours compensation, failure to pay overtime wages, and failure to keep accurate records, because they do not arise from the same "common nucleus of operative fact," *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006), as his Title VII claim, which is based on allegations of race discrimination, *see* Pl.'s Opp'n 3-4; *compare* Compl. ¶¶ 152-59, 163-79 (NYLL claims), *with id.* ¶¶ 114-18 (Title VII claim). Plaintiff argues that the Court should remand his NYLL claims to state court rather than dismiss them. *See* Pl.'s Opp'n 3-4. But assuming without deciding that 28 U.S.C. § 1447 "authorizes partial remand of claims removed from state court as a general matter, it is not clear that this authority would extend to claims that did not begin there," which is the case with Plaintiff's NYLL claims. *City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-5345 (AJN), 2021 WL 1180058, at *7 (S.D.N.Y. Mar. 29, 2021) (Nathan, J.) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)). Plaintiff's NYLL claims are therefore dismissed as to *all* Defendants without prejudice to refiling them in state court.

- Finally, Plaintiff's claim for interference with protected rights in violation of the NYCHRL is dismissed as untimely. As the Corporate Defendants noted in their initial memorandum of law, *see* Defs.' Mem. 18-19, "[a] threat is a required element" of a claim for interference with protected rights, *Cadet v. All. Nursing Staffing of N.Y., Inc.*, 632 F. Supp. 3d 202, 236 (S.D.N.Y. 2022), and the only threat alleged here occurred "[a]round March 2016," Compl. ¶ 25, which is outside of the NYCHRL's three-year statute of limitations, *see* N.Y.C. Admin. Code § 8-502(d); Compl. ¶ 5 (identifying September 3, 2020 as the date on or around which Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission). In his opposition, Plaintiff cites the March 2016 incident, but he fails to address the Corporate Defendants' timeliness argument. *See* Pl.'s Opp'n 7-8. He has therefore forfeited any argument to the contrary. *See, e.g.*, *Grytsyk v. Morales*, 527 F. Supp. 3d. 639, 650-51 (S.D.N.Y. 2021). In any event, the claim is plainly untimely.

That leaves (1) Plaintiff's claims for age discrimination in violation of the NYCHRL and the NYSHRL and (2) Plaintiff's claim for supervisory liability under the NYCHRL, which the Court will address in turn. First, Plaintiff fails to state a plausible claim of age discrimination under either state or local law. Because "age discrimination claims under the NYSHRL have long been considered to be identical to those under the ADEA," courts require "but-for" causation to support such claims. *Marcus v. Leviton Mfg. Co., Inc.*, 661 F. App'x 29, 33 (2d Cir. 2016) (citing *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 105 n.6 (2d Cir. 2010)). In other words, a plaintiff must plead "that age was the reason that the employer decided to act" in order to state a claim for age discrimination under the NYSHRL. *Santiago v. ACACIA Network, Inc.*,

3

634 F. Supp. 3d 143, 157 (S.D.N.Y. 2022) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009)).  The NYCHRL's standards governing discrimination claims are "more generous to plaintiffs," *Gonzalez v. City of N.Y.*, 377 F. Supp. 3d 273, 300 (S.D.N.Y. 2019), and a plaintiff need not allege "a connection between the discriminatory conduct and a materially adverse employment action," *Garrigan v. Ruby Tuesday, Inc.*, No. 14-CV-155 (LGS), 2014 WL 2134613, at *3 (S.D.N.Y. May 22, 2014) (quoting *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 114 (2d Cir. 2013)).  But a plaintiff must still allege that he was "treated less well than other employees *because of* h[is]" age in order to state a claim of age discrimination under the NYCHRL.  *Mihalik*, 715 F.3d at 110 (quoting *Williams v. N.Y.C. Housing Auth.*, 872 N.Y.S.2d 27, 39 (1st Dep't 2009)) (emphasis added).

Plaintiff's allegations fail to satisfy even more lenient requirements of the NYCHRL.  Plaintiff's only allegation even remotely pertaining to age discrimination is that Hammel and Levy (the "Individual Defendants") called him names such as "old man" and "dinosaur" and "asked when he was going to retire."  Compl. ¶ 35.[3]  But Plaintiff fails to allege when or in what context these comments were made.  Nor does he make any allegations that connect them to his allegations of inferior treatment and materially adverse employment actions.  *See id.* ¶¶ 25, 40-54, 87; *see Williams v. Victoria's Secret*, No. 15-CV-4715 (PGG) (JLC), 2017 WL 384787, at *9 (S.D.N.Y. Jan. 27, 2017) (noting that "negative remarks about an individual's attributes do not demonstrate the requisite discriminatory intent where there is no 'causal nexus' between the comments and the decision to terminate the plaintiff" and dismissing federal, state, and local age discrimination claims premised on stray remarks not linked to an employment decision), *report*

---

[3]  Plaintiff also alleges that, in or about February 2018, he met with someone in The Palm's Human Resources Department regarding his "coworkers' age discrimination complaint [sic]," Compl. ¶ 57, and that "Plaintiff was still the oldest employee at the time" of his termination, *id.* ¶ 88.  But neither of these allegations suggests discrimination on the basis of age against Plaintiff.

4

*and recommendation adopted*, 2017 WL 1162908 (S.D.N.Y. Mar. 28, 2017); *see also, e.g.*, *Cruz v. Bernstein Litowitz Berger & Grossman LLP*, No. 20-CV-8596 (VF), 2023 WL 2691456, at *11 (S.D.N.Y. Mar. 29, 2023) (a supervisor's remarks about "getting old" and "getting grey hair" were "stray remarks" that did "not raise an inference of discriminatory motivation"). If anything, the Amended Complaint expressly *disavows* any such connection by alleging that all of the purported inferior treatment was attributable to Plaintiff's race (or to his complaints about race discrimination), not his age. *See, e.g.*, Compl. ¶ 41 ("Non-[H]ispanic waiters' shifts were rarely cancelled."); *id.* ¶ 42 ("[W]hen the amount of work increased, Hammel and Levy hired additional Caucasian waiters to cover the work, instead of increasing Hispanic employees' hours . . . ."); *id.* ¶ 43 ("Other Hispanic waiters similarly lost their health benefits — while, upon information and belief, white wait staff did not."); *id.* ¶ 44 (providing non-Hispanic comparators); *id.* ¶ 45 ("Non-[H]ispanic employees earned in one day what Plaintiff made in one week."); *id.* ¶ 48 ("Plaintiff complained to Defendants about Defendants' discriminatory treatment towards Hispanics and non-[H]ispanic employees. . . . Defendants only retaliated against Plaintiff thereafter until Plaintiff was terminated and/or constructively discharged."). Accordingly, Plaintiffs' claims for age discrimination brought under the NYCHRL and NYSHRL must be and are dismissed for failure to state a claim.

Finally, the Corporate Defendants move to dismiss Plaintiff's claim for supervisory liability under the NYCHRL on the ground that it is "duplicative of Plaintiff's non-derivative, general [NY]CHRL claims." Defs.' Mem. 19. Under the NYCHRL, "[a]n employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of [the NYCHRL] . . . where . . . [t]he employee or agent exercised managerial or supervisory responsibility." N.Y.C. Admin. Code § 8-107(13). Claims for such derivative liability under the NYCHRL may be dismissed as duplicative, however,

where the plaintiff also brings "non-derivative, general NYCHRL claims." *Singhal v. Doughnut Plant, Inc.*, No. 20-CV-3295 (ALC), 2022 WL 976885, at *6 (S.D.N.Y. Mar. 31, 2022); *cf. Burch v. City of New York*, No. 11-CV-2841 (CBA) (VMS), 2016 WL 11430773, at *16 (E.D.N.Y. Apr. 22, 2016) ("To the extent [a plaintiff's] supervisory liability claim [under 42 U.S.C. § 1983] is premised on [a defendant's] participation in the alleged constitutional violations, . . . it is duplicative of [the underlying claim]."). Accordingly, Plaintiff's claim for supervisory liability under the NYCHRL must be and is dismissed insofar as it concerns the Corporate Defendants' alleged discriminatory acts on the basis of Plaintiffs' race and national origin, as to which Plaintiff's general NYCHRL claim still stands. But the claim is not duplicative to the extent it concerns age discrimination because Plaintiff's direct liability claim for age discrimination under the NYCHRL has been dismissed. As that is the sole basis on which the Corporate Defendants moved to dismiss the claim, the motion is therefore denied to the extent the claims concerns age discrimination.[4]

## CONCLUSION

For the foregoing reasons, the Corporate Defendants' motion to dismiss is GRANTED as to all claims they seek to dismiss except for Plaintiff's NYCHRL claim for supervisory liability insofar as it concerns age discrimination. Accordingly, what remains are that claim, the claims that the Corporate Defendants did not move to dismiss — namely, Plaintiff's claims for retaliation, hostile work environment, and discrimination on the basis of race and national origin under Title VII, the NYSHRL, the NYCHRL, and Section 1981 — as well as the claims (other than the claims under the NYLL) against the Individual Defendants.

---

[4] The Corporate Defendants' supervisory liability depends on the liability of the Individual Defendants. If the age discrimination claims against the Individual Defendants are dismissed, the Corporate Defendants may, at that point, renew their motion to dismiss the claim (presumably by way of a motion for judgment on the pleadings).

The Court declines to grant Plaintiff leave to amend his Amended Complaint. He requests leave to correct the caption, *see supra* note 1, and to change Paragraph 117, which ("due to an oversight") alleges discrimination in violation of Title VII on the basis of his "race and *age*" rather than "race and *national origin*," *see* Pl.'s Opp'n 4 n.2, but formal amendment to correct these errors is unnecessary; because they are plainly typographical in nature, the Court deems the Amended Complaint amended in these respects.[5] Meanwhile, leave to amend is not warranted for any of the claims dismissed above because the defects in those claims are substantive, and Plaintiff does not even attempt to suggest that he possesses any additional facts that could cure the defects. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (providing that leave to amend can be denied on the basis of futility); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Finally, Plaintiff already amended his complaint once, with the Court's leave, in response to the Corporate Defendants' first motion to dismiss. And, before he did so, the Court warned Plaintiff that he would "not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss." ECF No. 24.

Unless and until the Court orders otherwise, the Corporate Defendants shall file their Answers to Plaintiff's remaining claims within **two weeks** of the date of this Memorandum Opinion and Order. *See* Fed. R. Civ. P. 12(a)(4)(A). In addition, the initial pretrial conference is hereby reinstated and RESCHEDULED for **July 23, 2024**, at **9:00 a.m.** The conference will be

---

[5] Plaintiff also seeks leave to amend to remove his ninth cause of action for supervisory liability under the NYCHRL as duplicative. *See* Pl.'s Opp'n 8 n.5. But the Court dismissed that claim instead.

7

held remotely in accordance with the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman. The parties are reminded that, no later than the Thursday before the initial pretrial conference, they are required to submit a joint status letter and proposed Case Management Plan. *See* ECF No. 7.

As a final housekeeping matter, the docket does not reflect that the Individual Defendants have been served with the summons and Amended Complaint. Accordingly, it is hereby ORDERED that Plaintiff file a letter, no later than **July 3, 2024**, explaining why he failed to serve the summons and Complaint on the Individual Defendants within the ninety days prescribed by Rule 4(m) of the Federal Rules of Civil Procedure, or, if Plaintiff believes that the Individual Defendants have been served, when and in what manner such service was made. Assuming that Plaintiff intends to proceed with his claims against the Individual Defendants, he should also show cause in the letter why the claims dismissed above as to the Corporate Defendants (other than Plaintiff's Title VII claim, which is brought only against Palm West) should not also be dismissed against the Individual Defendants for the same reasons. If the Court does not receive any communication from Plaintiff by the deadline, or if Plaintiff fails to show good cause, the Court will dismiss all claims against the Individual Defendants without further notice. Plaintiff shall serve any letter along with a copy of this Memorandum Opinion and Order on the Individual Defendants and file proof of such service by **July 8, 2024**.

The Clerk of Court is directed to terminate ECF No. 29, to change the name of Defendant Landry Seafood House – North Carolina, Inc. on the docket to Tryon & Stonewall Restaurant Inc., and to change the name of Richard Hammill on the docket to Richard Hammel.

SO ORDERED.

Dated: June 27, 2024
      New York, New York

                                                                JESSE M. FURMAN
                                                               United States District Judge