# DEREK SMITH LAW GROUP, PLLC
### Employment Lawyers Representing Employees Exclusively

**New York | Los Angeles | Philadelphia | Miami | New Jersey**

July 3, 2024

<u>Via ECF</u>
The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007
(212) 805-0282

Re: **<u>ALBERTO RAMOS v. PALM WEST CORPORATION et al.</u>**
*Case No. 23-09441*

Dear Honorable Judge Furman,

I represent Plaintiff, Alberto Ramos in the above-referenced matter. I respectfully submit this letter in accordance with your Honor's Order to explain Plaintiff's reason for not serving the Individual Defendants to date and request a limited extension to serve them.

"Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If a plaintiff shows "good cause for the failure" to satisfy [*4] the service requirements of Rule 4, then "the court must extend the time for service for an appropriate period." Ibid. On the other hand, if the plaintiff does not show good cause for failure to effectuate timely service, "a district court may grant an extension . . . but it is not required to do so." Mokhtar Ahmed v. Miller, No. 21-CV-6086 (RPK) (SJB), 2024 U.S. Dist. LEXIS 90224, at *3-4 (E.D.N.Y. May 20, 2024) quoting Zapata v. City of New York, 502 F.3d 192, 197 (2d Cir. 2007).

"A district court has wide latitude in deciding when to grant extensions absent good cause." May v. Levy, No. 21 CV 3586 (KAM)(LB), 2022 U.S. Dist. LEXIS 86516, at *14-15 (E.D.N.Y. May 12, 2022). Moreover, "dismissing plaintiff's action for improper service would undermine "the Second Circuit's 'clearly expressed preference that litigation be resolved on the merits.""May v. Levy, No. 21 CV 3586 (KAM)(LB), 2022 U.S. Dist. LEXIS 86516, at *15 (E.D.N.Y. May 12, 2022).

Here, we believe we have good cause for not having served the Individual Defendants yet and respectfully request additional time to serve the Individual Defendants. Unfortunately, due to the procedural posture of this case and Plaintiff's motion to extend time to serve the individual defendants still pending in Bronx County Supreme Court it was unclear whether FRCP 4(m) was triggered for Plaintiff to serve the Individual Defendants. "As set forth in 28 U.S.C. § 1448, "[i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process . . . or in which process served proves to be defective, such process or service may be completed or new process issued in the same

manner as in cases originally filed in such district court." 28 U.S.C. § 1448. In light of this Court's recommendation, plaintiffs may make an application for an extension of time to serve defendants, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure." O'Hara v. Cohen-Sanchez, No. 22-CV-6209-RPK-JRC, 2023 U.S. Dist. LEXIS 151773, at *10-11 (E.D.N.Y. Aug. 28, 2023). See Daniels v. Am. Airlines, No. 19-CV-3110, 2020 U.S. Dist. LEXIS 255467, 2020 WL 9816000, at *13 (E.D.N.Y. Sept. 4, 2020). "Where…there are multiple defendants, the removal period is triggered only when service on the last defendant is completed. See 28 U.S.C. § 1446(b)" O'Hara v. Cohen-Sanchez, No. 22-CV-6209-RPK-JRC, 2023 U.S. Dist. LEXIS 151773, at *10-11 (E.D.N.Y. Aug. 28, 2023).

By way of background, we attempted to serve the summons with notice on the individual Defendants at their place of business in September 2023 but were informed that the Individual Defendants were no longer working there. We then filed an ex-parte motion seeking an extension of time to serve the individual defendants but the Corporate Defendants removed this case to this Court and subsequently filed a Motion to Dismiss for failure to file a Complaint. However, at that time the Defendants did not demand the Complaint nor did we effectuate service on the Individual Defendants. Therefore, it was unclear whether Defendants' removal period was triggered and/or the time limits to serve under FRCP 4(m). Indeed, simultaneously Bronx County issued an interim order on Plaintiff's Motion for an extension of time to serve the Individual Defendants on December 29, 2023 and then on March 7, 2024 assigned a judge to the case to decide Plaintiff's ex parte motion. This was at the same time that Plaintiff made a Motion for Remand and Defendants filed their Partial Motions to Dismiss.

Furthermore, given that we were seeking a remand in light of Defendants' Partial Motion to Dismiss it was unclear whether we were to wait until after your Honor's Order decided on June 27, 2024 or the motion pending in Bronx County or attempt service. Indeed, we did not want to overstep the Court's authority by locating and serving the Individual Defendants if the case was going to be remanded where the motion seeking an extension is pending and/or your Honor had not decided whether Plaintiff would be granted an extension to serve the Individual Defendants.

Furthermore, we respectfully request the Court grant the Plaintiff an extension of time to serve the Individual Defendants as the statute of limitations have run, the Defendants would not be prejudiced if Plaintiff was afforded a limited extension and a dismissal against the individual defendants would not be on the merits but for a reason that was beyond Plaintiff's control. "The rationale for this principle is that dismissal under these circumstances would extinguish potentially meritorious claims without there being an opportunity to have them adjudicated on the merits.'" PH Int'l Trading Corp. v. Nordstrom, Inc., No. 07-CV-10680 (KMK), 2009 U.S. Dist. LEXIS 27110, at *14 (S.D.N.Y. Mar. 31, 2009).

Indeed, the Corporate Defendants would not be prejudiced as the parties have not attended an initial conference yet and the individuals have some notice as they were previously informed of a lawsuit against them in 2018. (See Plaintiff's Amended Complaint p.56. Dkt. No 27.) "Indeed, in cases like this, where all [the] defendants are employed by a common employer…it is unclear what prejudice [the] unserved defendants may suffer." (citations omitted) (collecting cases)); Tabb v. Rosemary, No. 12-CV-1520, 2014 U.S. Dist. LEXIS 8073, 2014 WL 240266, at *7 (S.D.N.Y. Jan. 22, 2014) (finding "little if any prejudice to the . . . as-yet unserved defendants occasioned by

the delay in serving them," because the defendants were "all DOC employees and [would] presumably be represented by common counsel" and an "equal[ly] interest[ed]" individual co-defendant had been "vigorously litigat[ing]" the action)." Daniels v. Am. Airlines, No. 19-CV-03110 (MKB), 2020 U.S. Dist. LEXIS 255467, at *36-37 (E.D.N.Y. Sep. 4, 2020)

      Accordingly, we respectfully request the Court find good cause and/or under the Court's discretion, afford Plaintiff an opportunity to serve the Individual Defendants within a limited time.

      I thank Your Honor for your consideration in this matter.

Respectfully submitted,

_____
Melissa Mendoza, Esq.
One Penn Plaza, Suite 4905
New York, New York 10119
(212) 587-0760

cc: Via ECF
Devin S. Cohen (Counsel for Defendants)