

101 Park Avenue, 17th Floor
New York, NY  10178
212.878.7900   212.692.0940
WWW.FOXROTHSCHILD.COM

GLENN S. GRINDLINGER
Direct Dial: 212-905-2305
Email Address: GGrindlinger@FoxRothschild.com

DEVIN S. COHEN
Direct Dial: 212-878-7981
Email Address: DSCohen@FoxRothschild.com

July 8, 2024

**VIA ECF**
Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

      Re:   *Ramos v. Palm West Corp. et al*
             **Civil Action No.: 23-cv-09441-JMF**
             <u>**Joint Letter in Advance of Initial Pretrial Conference**</u>

Dear Judge Furman:

      We represent Defendants Palm West Corporation d/b/a Palm West ("Palm West")[1] and Tryon & Stonewall Restaurant, Inc. f/k/a Landry's Seafood House – North Carolina, Inc.[2] (collectively, "Corporate Defendants") in the above-captioned matter. We write in compliance with Rule 2(A) of Your Honor's Individual Rules and in opposition to Plaintiff Alberto Ramos' ("Plaintiff's) submission dated July 3, 2024 regarding Plaintiff's failure to timely serve Richard Hammel and Craig Levy (the "Individual Defendants") in this action and request for extension of time to serve the Individual Defendants ("Plaintiff's Letter") (Dkt. 46).

[space intentionally blank]

---

[1] Incorrectly pled as Palm West Corporation d/b/a "The Palm."
[2] Incorrectly pled as Landry's Seafood House – North Carolina, Inc.

A Pennsylvania Limited Liability Partnership

California   Colorado   Delaware   District of Columbia   Florida   Georgia   Illinois   Massachusetts   Minnesota   Missouri
Nevada   New Jersey   New York   North Carolina   Oklahoma   Pennsylvania   South Carolina   Texas   Washington



Honorable Jesse M. Furman
July 8, 2024
Page 2

I. **Relevant Procedural History**

  A. **Plaintiff Initiates this Action and Files Three (3) Operative Pleadings**

On May 27, 2023, Plaintiff commenced this action in the Supreme Court of the State of New York, County of Bronx ("State Court"), through the filing of a Summons with Notice ("SWN"). On September 27, 2023, through the Secretary of State of the State of New York, Plaintiff purportedly served Corporate Defendants with the SWN. Plaintiff did not serve the Individual Defendants with the SWN. On October 27, 2023, Corporate Defendants timely removed this action to this Court. On December 9, 2023, Plaintiff filed the Complaint (Dkt. 20) against Corporate Defendants and the Individual Defendants. Plaintiff did not serve the Individual Defendants with the Complaint. On January 23, 2024, Plaintiff filed the Amended Complaint (Dkt. 27) against Corporate Defendants and the Individual Defendants. Plaintiff did not serve the Individual Defendants with the Amended Complaint.

  B. **Corporate Defendants Continuously Note Plaintiff's Failure to Serve the Individual Defendants**

From October 27, 2023 to date, Corporate Defendants noted Plaintiff's failure to serve the Individual Defendants in this action through no fewer than five (5) filings. *See e.g.*: (1) Notice of Removal, filed October 30, 2024 (Dkt. 4); (2) Corporate Defendant's Motion to Dismiss, filed November 3, 2023 (the "Motion to Dismiss") (Dkt. 10); (3) Corporate Defendant's First Motion for Partial Dismissal, filed December 29, 2023 (Dkt. 22); (4) Corporate Defendant's Second Motion for Partial Dismissal, filed February 8, 2024 (the "Second Motion for Partial Dismissal"); (5) Corporate Defendants' and Plaintiff's Joint Letter in Advance of Initial Pretrial Conference, filed February 8, 2024 (Dkt. 31). Despite being placed on notice of the failure to serve the Individual Defendants, as of the date of this submission, Plaintiff has not yet served the Individual Defendants in this action.

II. **Plaintiff Cannot Demonstrate Good Cause for Failing to Serve the Individual Defendants**

In Plaintiff's Letter, Plaintiff states "we believe we have good cause for not having served the Individual Defendants…due to the procedural posture of this case[.]" (Dkt. 46.) It appears that Plaintiff states it was "unclear" as to when Plaintiff's FRCP 4(m) service obligations were triggered due to Corporate Defendants' removal (filed on October 27, 2023) and corresponding Motion to Dismiss (filed on November 3, 2023). Plaintiff also cites to developments in State Court



Honorable Jesse M. Furman
July 8, 2024
Page 3

to excuse this procedural failure.[3] Plaintiff's reliance on a "lack of clarity" fails given the filing of the Amended Complaint on January 23, 2024 (Dkt. 27). At a minimum, Plaintiff had 90 days from that filing – May 28, 2024 – to serve the Individual Defendants with the pleading, but Plaintiff failed to do so. Plaintiff cannot rely on any pre-Amended Complaint developments to excuse their procedural deficiencies.

Moreover, Plaintiff makes the nonsensical assertion that Plaintiff opted to wait for a decision on the Second Motion for Partial Dismissal because Plaintiff "did not want to overstep the Court's authority by locating and serving the Individual Defendants if the case was going to be remanded to [State Court]…" (Dkt. 46.) There was no circumstance in which the Court's ruling on the Second Motion for Partial Dismissal would result in a **full remand** to State Court. Plaintiff's opposition (Dkt. 45) to that motion sought **partial remand** to State Court.[4] Even if this Court granted Plaintiff's application, which it did not, there would have been claims remaining in this Court, thus, Plaintiff still needed to serve the Individual Defendants **in this Court**. Plaintiff has no colorable excuse for failing to timely serve the Individual Defendants, thus, dismissal with prejudice is appropriate. *See e.g., Fantozzi v. City of N.Y.*, 2024 WL 1597745, at *1-2 (2d Cir. Apr. 12 2024 (affirming District Court's decision to dismiss action with prejudice as against individually named defendants where plaintiff was on notice of service defect and plaintiff failed to justify his lack of service or offer an "acceptable explanation to even attempt to serve…or request an extension to do so.")

### III.     All Defendants Would Be Prejudiced Through Belated Service

Critically, Plaintiff concedes that the statute of limitations has run on Plaintiff's time to serve the Individual Defendants. However, Plaintiff states, "Corporate Defendants would not be prejudiced as the parties have not attended an initial conference yet and the individuals have some notice as they were previously informed of a lawsuit against them in 2018." (Dkt. 45.) Plaintiff's statement misses the mark. First, while Plaintiff references a lack of prejudice as to **Corporate Defendants**, Plaintiff fails to demonstrate a lack of prejudice concerning the **Individual Defendants**, who are also a subject of this inquiry. Second, although Plaintiff and Corporate defendants have not yet appeared for an initial conference, there have been numerous developments in this matter (*e.g.*, a removal, three motions to dismiss, and motion to remand). Plaintiff's failure to effectuate service deprived the Individual Defendants of an opportunity to participate and/or have any input on those developments. Further, it is unclear as to how Plaintiff concluded that the Individual Defendants were on notice **of this lawsuit**, because "they were

---

[3] Plaintiff's reliance on any State Court developments should not be given any weight. The filing of the Notice of Removal divested the State Court of jurisdiction over this action. Notwithstanding the foregoing, there is no "pending motion" in State Court. On January 2, 2024, the State Court granted Plaintiff's motion for an extension of time to effectuate service of the SWN through March 3, 2024. Plaintiff did not comply with that order.

[4] Plaintiff asked the Court for remand on his claims under the New York Labor Law only



Honorable Jesse M. Furman
July 8, 2024
Page 4

previously informed of a lawsuit against them in 2018."[5] (Dkt. 46.) Plaintiff does not allege nor do Corporate Defendants admit that the Individual Defendants were informed of any prior lawsuit. Regardless, notice of a prior lawsuit has no bearing on notice of the claims asserted in this action. Both Corporate Defendants and the Individual Defendants would be prejudiced if Plaintiff were permitted to serve the Individual Defendants at this late juncture.

**IV.**     **Conclusion**

Corporate Defendants respectfully request that this Court (1) dismiss this action as against the Individual Defendants with prejudice, and (2) deny Plaintiff's request for an extension of time to serve the Individual Defendants.

We thank the Court for its time.

                                          Respectfully submitted,

                                          **FOX ROTHSCHILD LLP**

                                          /s/ *Glenn S. Grindlinger*
                                          Glenn S. Grindlinger
                                          Devin S. Cohen

cc:     All counsel of record via ECF

---

[5] Plaintiff cites to the Amended Complaint at page 56. There is no page 56 of the Amended Complaint. Upon information and belief, Plaintiff intended to cite to paragraph 56 of same. There, Plaintiff alleges, "[a]round February 2018, THE PALM received Plaintiff's counsel's letter of representation, indicating Plaintiff contemplated filing a lawsuit against Defendants." Plaintiff does not allege the actual filing of a lawsuit or that Individual Defendants were aware of same. In any event, several allegations in the Amended Complaint reflect dates post- February 2018. Clearly, Plaintiff's February 2018 letter could not have placed Individual Defendants on notice of claims concerning future conduct.